# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Cr. No. 08-360 (RCL)** |
| **PAUL ALVIN SLOUGH, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## NICHOLAS SLATTEN'S MOTION FOR
## EXPEDITED RULING ON HIS STATUS

Nicholas Slatten, through undersigned counsel, hereby moves for an expedited ruling on his status as a party. In support of the foregoing motion, Mr. Slatten states as follows:

1.      Mr. Slatten moves for an expedited ruling on the dispute concerning his status as a party to ensure that this issue can be fully litigated in the most efficient manner. The Court of Appeals' mandate reversed the dismissal of all of the defendants *except* Mr. Slatten. *See United States v. Slough*, 641 F.3d 544, 547 (D.C. Cir. 2011) ("We reverse and remand as to four of the defendants; the government itself moved to dismiss the indictment against Nicholas Slatten . . . ."). The government has offered an alternative—albeit strained—interpretation that Mr. Slatten's dismissal was also reversed.

2.      Once this Court rules on the conflicting positions offered by the parties, either may seek immediate review by the Court of Appeals. *Int'l Ladies' Garment Workers' Union v. Donovan*, 733 F.2d 920, 922 (D.C. Cir. 1984) (internal citations omitted) ("At the outset, we note that this panel clearly has the authority to grant the relief sought by the appellants. The power of an original panel to grant relief enforcing the terms of its earlier mandate is clearly established in this Circuit, . . . with respect to cases that have been remanded to a District Court for further

proceedings."). An expeditious ruling on this issue will ensure any review by the Court of Appeals, if sought, does not delay this Court's proceedings against the other defendants.

3.      This dispute concerning Mr. Slatten's status has been fully briefed. Indeed, it was briefed in advance of the January 31, 2013, status hearing. During that status hearing, the Court indicated that it was "not of the view that the Court needs to resolve th[e] question [of Mr. Slatten's status] until there is a superseding indictment" and that it may not "need to resolve that if [Slatten] is not—if there's no superseding indictment." Status Hr'g Tr. 10:2-9, Jan. 31, 2013.

4.      The Court's view was informed by the government's suggestion that not every defendant may be included in a new or superseding indictment and its representation that it expected to have a superseding indictment within a matter of weeks. *Id.* at 4:24-5:2 (requesting "a status hearing within six to eight weeks down the road by which we hope to have a superseding indictment in place"). Given the apparent immediacy of a superseding indictment and the possibility that the government might drop certain defendants, neither Mr. Slatten nor the government had any objection to the Court deferring its decision.

5.      It has now been seven months since the last status conference, and no new indictment has been returned against Mr. Slatten. What is more, on August 29, 2013, the government moved to continue the next status conference until November 11, 2013.[1]

6.      Given the delay in the government's decision on a superseding indictment, Mr. Slatten has requested that the government inform him of its intention to seek his indictment. In the intervening seven months since the last hearing—and the six months before that—the government has continued its investigation of the facts and its presentation to the grand jury.

---

[1] The government explained that a continuance was necessary in part because of issues raised by the defendants during a May 28, 2013 meeting. To be clear, Mr. Slatten did not request or participate in any meeting with the government.

Accordingly, the government must know or at a minimum have an informed view of whether it intends to seek Mr. Slatten's indictment. It refuses, however, to acknowledge one way or the other whether it intends to seek Mr. Slatten's indictment.

7.     On August 2, 2013, due to the amount of time that had passed since the January status hearing, Mr. Slatten's counsel asked the government to join him in requesting that the Court rule on the government's claim that Mr. Slatten remains a defendant in this case. *Email from T. Connolly to J. Crabb*, Aug. 2, 2013 (Ex. 1). The government refused to join such a request and wrote that "[u]ntil the grand jury acts there will be no decision regarding potential charges against Mr. Slatten." *Id.*

8.     Mr. Slatten's counsel then requested that the government at least extend him the "courtesy of telling [him] whether the government intends to seek Mr. Slatten's indictment." *Id.* The government responded that when a decision is made, Mr. Slatten will be informed of that decision. *Id.*

9.     Finally, when Mr. Slatten's counsel asked whether the government would provide him "sufficient notice in advance of seeking an indictment from the grand jury that we will be able to litigate Mr. Slatten's status in front of Judge Lamberth before the return of the indictment," the government would not "say how long before an indictment is returned such notice will be given." *Id.*

10.     Mr. Slatten has attempted in good faith to find an efficient and timely way to have the dispute over his status resolved. He is cognizant of the Court's time and limited resources and sought a solution with the government that would make a decision on this issue necessary only if Mr. Slatten was to be indicted. Unfortunately, the government has refused to provide the Court or Mr. Slatten notice of its decision.

11.     Given the amount of time that has passed, Mr. Slatten respectfully requests that the Court decide this issue. Mr. Slatten has been in legal limbo given the government's strained interpretation of the D.C. Circuit's decision and seeks to have the cloud of this clearly defective indictment, as even the government conceded, removed.

12.     The government has voiced no objection to Mr. Slatten requesting that the Court take this issue up. Its only objection was to giving the Court and Mr. Slatten a clear understanding of the government's intentions with respect to Mr. Slatten. Nevertheless, there remains a ripe dispute for the Court's resolution. Mr. Slatten claims the present indictment against him was dismissed, and the government claims that dismissal was reversed.

For the foregoing reasons, Mr. Slatten respectfully requests that the Court expeditiously resolve this issue.

August 30, 2012                                          Respectfully submitted,

                                                         _____/s Steven Fredley_____
                                                         Thomas G. Connolly
                                                         Steven A. Fredley
                                                         WILTSHIRE & GRANNIS LLP
                                                         1200 Eighteenth St., N.W.
                                                         Washington, D.C. 20036
                                                         Telephone: (202) 730-1300
                                                         Facsimile:  (202) 730-1301
                                                         Email: tconnolly@wiltshiregrannis.com
                                                         Email: sfredley@wiltshiregrannis.com

                                                         *Counsel for Nicholas Slatten*