**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Cr. No. 08-360 (RCL)** |
| | : | |
| **v.** | : | |
| | : | |
| **PAUL ALVIN SLOUGH,** | : | |
| **NICOLAS ABRAM SLATTEN,** | : | |
| **EVAN SHAWN LIBERTY,** | : | |
| **DUSTIN LAURENT HEARD, and** | : | |
| **DONALD WAYNE BALL,** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT
SLATTEN'S MOTION FOR EXPEDITED RULING**

The government submits this response to defendant Nicolas Slatten's request for an expedited ruling.  [Dkt. #296].

As stated in court in January, the government defers to the Court regarding the timing of its decision on this matter.   We also note that Slatten's contention, that he could seek an interlocutory appeal of the Court's decision, thus rendering an expedited decision necessary so "this issue can be fully litigated in the most efficient manner" [Dkt. 296, at 1, ¶¶ 1-2], is unfounded.[1]

---

[1]       Additionally, we note the following.  First, Slatten's reference to the fact that he did not participate in the meeting with the government held on May 28, 2013, [Dkt. 296, at 2, n.1] is misleading, inasmuch as, that very day, he submitted a five-page letter to the United States Attorney arguing against his prosecution.  Second, contrary to Slatten's claim, the government did not defer to the Court regarding the timing of its ruling due to "the apparent immediacy of a superseding indictment . . . ." [Dkt. 296, at 4].  In fact, we deferred because we shared the Court's view that the issue was not yet ripe and that ultimately a decision might not be necessary.  Third, Slatten's complaint that he is in "legal limbo" [*id.*], rings hollow.  It is customary to determine the merits of charges after they are lodged; therefore, there is nothing unique or prejudicial about Slatten's current position.  *See United States v. Davis*, 873 F.2d 900, 909 (6th Cir. 1989) ("defendants in criminal proceedings often find themselves in comparable situations, and we are not convinced that [the defendant] possesses any right arising from the Constitution or from a statute that will be irretrievably lost if we wait to decide the statute of limitations question until the conviction – if there is a conviction – is appealed.")

As Slatten himself recognizes, his "motion request[s] the Court find that the Statute of Limitations has run against [him]."  Slatten's counsel's email of August 6, 2013 [Dkt. #296, Ex. 1].  Simply put, if charged in a superseding indictment, Slatten may argue that the charges are barred by the statute of limitations.  If his argument is rejected by the Court, Slatten may not take an interlocutory appeal.  *United States v. Garib-Bazain*, 222 F.3d 17, 18–19 (1st Cir. 2000) ("This is well settled practice in the federal courts and is based upon obvious practical considerations. . . .  [T]he statute of limitations is an ordinary defense and it can fully and fairly be vindicated by appeal after a final judgment."); *United States v. Pi*, 174 F.3d 745, 750 (6th Cir. 1999) ("It is well settled law that an order denying a motion to dismiss an indictment on statute of limitations grounds is not immediately appealable under the collateral order doctrine."); *United States v. Weiss*, 7 F.3d 1088, 1091 (2nd Cir. 1993) ("In sum, we lack jurisdiction over Weiss's interlocutory appeal [of statute of limitations ruling]".); *cf. United States v. MacDonald*, 435 U.S. 850, 858 (1978) (holding that denials of motions to dismiss on speedy-trial grounds are not immediately appealable).[2]

A defendant may not take an interlocutory appeal of an adverse statute of limitations

---

[2]     The case cited by Slatten, *Int'l Ladies' Garment Workers' Union v. Donovan*, 733 F.2d 920, 921-22 (D.C. Cir. 1984), is inapposite.  That administrative law case involved an application to enforce a mandate when a government department persisted in attempting to rescind a rule despite the court of appeals having remanded the case and ordered that the rule "'shall be reinstated and remain in effect unless properly modified pursuant to "reasoned decisionmaking" consistent with the opinion of this court.'"  *Id.* at 921.  As characterized by the court of appeals, its review in that case vindicated "the interest of the judicial branch in seeing that an unambiguous mandate is not blatantly disregarded by parties to a court proceeding."  *Id.* at 922.  Moreover, the district court had declined to enforce the mandate "predicated on an erroneous view of its judicial authority."  *Id.*  Here, in contrast, while Slatten claims that an adverse ruling from this Court would give him an immediate appellate right to seek to enforce the mandate of the court of appeals, actually he would be seeking to enforce his claimed right to be free from re-indictment.  Given that the court of appeals clearly contemplated that Slatten could be re-indicted following the issuance of its mandate, *see United States v. Slough*, 641 F.3d 544, 547 (D.C. Cir. 2011), it is clear that Slatten would not be seeking to enforce the mandate but, rather, to take an interlocutory appeal of a statute of limitations ruling.

ruling because there is no generalized right to be free from prosecution.  And the statute of limitations does not confer such a right to be free from the burdens of prosecution and trial as to support pretrial appeal.  *Davis*, 873 F.2d at 908–910; *United States v. Levine*, 658 F.2d 113, 123-29 (3rd Cir. 1981) (the rights established by statutes of limitations cannot be seen as rights to be free from the burden of trial; they are, instead, a safeguard against unfair conviction that do not deserve the collateral order appeal protection conferred on some constitutional grounds for dismissal).

*DeGeorge v. United States District Court,* 219 F.3d 930 (9th Cir. 2000), is particularly instructive.  In *DeGeorge*, the defendant moved to dismiss an indictment, which had been returned after an *ex parte* motion to extend the statute of limitations had been granted.  *Id.* at 934.  When his motion was denied, the defendant sought a writ of mandamus.  The Ninth Circuit refused to grant the writ, stating:  "Being forced to stand trial despite the running of the statute of limitations on certain charges is not inherently prejudicial:  'The limitations statute . . . creates a safeguard against unfair *convictions* arising from delinquent prosecutions but does not entail a right to be free from trial . . . .'"  *Id.* at 936 (emphasis in original).  Significantly, the court found that the defendant would suffer no prejudice from standing trial, despite the fact that (unlike Slatten) he was being detained pending trial.  *Id.* at 935-36.

In sum, we defer to the Court regarding the timing of its ruling on this matter.

Respectfully submitted

RONALD C. MACHEN JR.
United States Attorney
D.C. Bar No. 447-889


_____/s/_____
John Crabb Jr.
Assistant United States Attorney
N.Y. Bar No. 2367670
john.d.crabb@usdoj.gov


 _____/s/_____
Anthony Asuncion
Assistant United States Attorney


_____/s/_____
David Mudd
Special Assistant United States Attorney


_____/s/_____
T. Patrick Martin
Assistant United States Attorney


_____/s/_____
Christopher Kavanaugh
Assistant United States Attorney

National Security Section
U.S. Attorney's Office
555 4th Street, NW, 11th Floor
Washington, D.C.  20530