## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Cr. No. 08-360 (RCL)** |
| | : | |
| **v.** | : | |
| | : | |
| **PAUL ALVIN SLOUGH,** | : | |
| **NICOLAS ABRAM SLATTEN,** | : | |
| **EVAN SHAWN LIBERTY, and** | : | |
| **DUSTIN LAURENT HEARD,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

### GOVERNMENT'S SUBMISSION REGARDING
### LOGISTICS OF *KASTIGAR* HEARING

The government submits the following regarding the logistics of the anticipated *Kastigar*[1] hearing in this matter:

## I.     Introduction.

On October 17, 2013, the grand jury returned a superseding indictment.  It is anticipated that the defendants will challenge this indictment on *Kastigar* grounds.  The government believes that the attendant hearing could be conducted in less than two weeks.

## II.     Proposed Pre-Hearing Briefing.

To aid the Court's consideration of any *Kastigar* challenge lodged by the defendants, the government intends to submit a brief setting out, among other things, a proposed methodology for conducting the hearing, the applicable law, and a review of the taint status of all evidence that was presented to the grand jury.  Along with this brief, we intend to submit seven appendices: (1) a chart setting forth the facts contained in each of the defendants' compelled statements (8 pages); (2) the entire grand jury record with highlighting showing any material that overlaps with

---

[1]     *Kastigar v. United States*, 406 U.S. 441 (1972).

the defendants' compelled statements (more than 2,500 pages); (3) a set of the highlighted grand jury pages; (4) charts for each witness presented to the grand jury identifying any testimony that overlaps with the defendants' compelled statements and the independent basis therefore; (5) all FBI 302 reports for filter interviews of witnesses whose testimony was presented to or summarized for the grand jury (approximately 250 pages); (6) all filter grand jury transcripts (three witnesses) (approximately 150 pages); and (7) relevant prior *Kastigar* hearing transcripts (six witnesses) (approximately 550 pages).

The Court has tentatively scheduled the Kastigar hearing for December 2, 2013, but we understand that the defendants will be seeking a continuance.  If the hearing remains scheduled for December 2, we will be prepared to submit these materials by November 18, 2013.  If the Court reschedules the *Kastigar* hearing, we ask that date for the filing of this submission be adjusted accordingly.

## III.    Kastigar Hearing.

The court of appeals requires a full hearing to resolve a *Kastigar* challenge:

> [T]he District Court must hold a full *Kastigar* hearing that will inquire into the content as well as the sources of the . . . witnesses' testimony.  That inquiry must proceed witness-by-witness; if necessary, it will proceed line-by-line and item-by-item.  For each . . . witness, the prosecution must show by a preponderance of the evidence that no use whatsoever was made of any of the immunized testimony either by the witness or by the [prosecutor] in questioning the witness.

*United States v. North*, 910 F.2d 843, 872 (D.C. Cir. 1990).  But the court of appeals has explained that the type of hearing and the type of evidence presented may vary depending on the allegations and the type of proof necessary to give the court a sufficient basis to make necessary findings.  *United States v. North*, 920 F.2d 940, 943 (D.C. Cir. 1990) (government may shoulder

its burden "in any fashion" or through "use of any techniques"); *see also United States v. Daniels,* 281 F.3d 168, 181 (5th Cir. 2002) (*Kastigar* evidence presented via FBI reports, grand jury transcripts, and case agent's testimony); *United States v. Montoya*, 45 F.3d 1286, 1299 (9th Cir. 1995) (government bore *Kastigar* burden via declarations and documents; no requirement that hearsay witnesses be presented for cross-examination).

The court may conduct a *Kastigar* hearing at any point—before trial, during trial, after trial, or any combination thereof. *See, e.g.*, *United States v. Kilroy*, 27 F.3d 679, 686-688 (D.C. Cir. 1994); *United States v. De Diego*, 511 F.2d 818, 824 (D.C. Cir. 1975) (*Kastigar* hearing may be held at any time including, "during the trial as the questioned evidence is offered"); *United States v. Cantu*, 185 F.3d 298, 303 (5th Cir. 1999) (part of hearing held after trial); *United States v. Tantalo*, 680 F.2d 903, 909 (2nd Cir. 1982) (it is within the district court's discretion whether the *Kastigar* hearing should be held before trial, during the course of trial, after the verdict, or a combination thereof); *United States v. Gallo*, 859 F.2d 1078 (2nd Cir. 1988) (immunized testimony did not affect course of events leading to defendant's indictment and conviction).

Following the indictment-*Kastigar* hearing, we anticipate the need for subsequent limited *Kastigar* hearings to address challenges to any evidence offered at trial that was not presented to the grand jury. This is not only the normal course; it is also the most efficient (it would not be a good use of the Court's resources for the parties to litigate at this time the admission of evidence that may never be offered at trial) *See, e.g., Kilroy*, 27 F.3d at 687 ("Having made a final determination as to the grand jury evidence, [Judge Thomas Penfield Jackson] preliminarily determined the question of trial evidence, deciding, no doubt wisely, to take that question up once again when the record became concrete and not merely predictive."); *United States v.*

*Slough*, 641 F.3d 544, 553 (D.C. Cir. 2011) ("If the excluded physical evidence was not presented to the grand jury, as the government's briefs suggest, [citation omitted] then the district court's consideration and exclusion of that evidence appears premature.")  Accordingly, to the extent the Court deems it necessary or appropriate, the indictment-*Kastigar* record and findings could be supplemented by these subsequent limited *Kastigar* hearings.  If the Court were still to have any concerns about a particular piece of evidence, we believe that the record will demonstrate that the use of any evidence arguably derived from the defendants' compelled statements was harmless beyond a reasonable doubt.  *United States v. North*, 910 F.2d 843, 873 (D.C. Cir. 1990).

The testimony of 20 witnesses was presented to the grand jury – six through live testimony and 14 through reading (redacted) transcripts of their prior grand jury testimony.  One of those 20 grand jury witnesses, the FBI case agent, presented a summary of information from certain Iraqi witnesses.  Of the 20 grand jury witnesses, we intend to call nine in addition to the FBI filter agent for a total of ten witnesses who will testify live at the *Kastigar* hearing for the government, with full direct and cross examination.  Additionally, three witnesses testified in a filter grand jury, so we propose submitting their filter grand jury transcripts in place of direct testimony and then making them available at the *Kastigar* hearing for cross examination.  Next, six of the witnesses who were presented to the grand jury testified at the previous *Kastigar* hearing, so we propose making their prior *Kastigar* hearing testimony part of the record here.  Last, we believe that we can satisfy our *Kastigar* burden for the remaining two witnesses and the summary information concerning certain Iraqi witnesses through the testimony of the filter agent.

**IV.    Conclusion.**

Accordingly, the government believes that the *Kastigar* hearing for this matter can be conducted in less than two weeks.

Respectfully submitted,

By:    _____/s/_____
       Gregg A. Maisel
       Chief, National Security Section
       D.C. Bar No. 447-902
       gregg.maisel@usdoj.gov

By:    _____/s/_____
       John Crabb Jr.
       Assistant United States Attorney
       N.Y. Bar No. 2367670
       john.d.crabb@usdoj.gov

By:    _____/s/_____
       David Mudd
       Special Assistant United States Attorney
       D.C. Bar No. 995154
       david.mudd2@usdoj.gov
       National Security Section
       U.S. Attorney's Office
       555 4th Street, N.W., 11th Floor
       Washington, D.C.  20530
       (202) 252-7785