**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Cr. No. 08-360 (RCL)** |
| | : | |
| **PAUL ALVIN SLOUGH,** | : | |
| **NICHOLAS ABRAM SLATTEN,** | : | |
| **EVAN SHAWN LIBERTY, and** | : | |
| **DUSTIN LAURENT HEARD,** | : | |
| | : | |
| **Defendants** | : | |

**<u>DEFENDANTS' MEMORANDUM IN SUPPORT
OF PROPOSED SCHEDULING ORDER</u>**

COMES NOW Defendants, by counsel, who submit this Memorandum in Support of Proposed Scheduling Order and state as follows:

1.      The original Indictment in this case was returned on December 4, 2008.

2.      The United States District Court for the District of Columbia, the Honorable Ricardo Urbina presiding, dismissed the case on December 31, 2009, following a three-week *Kastigar* hearing.

3.      The United States appealed the District Court's decision, and the case was eventually remanded on June 6, 2012, as to three of the current defendants—Paul Slough, Evan Liberty, and Dustin Heard. The Court of Appeals' mandate did not reverse the District Court's dismissal of the original indictment as to Nicholas Slatten.[1]

4.      A new Grand Jury was sworn on May 7, 2012.

5.      This Court held its first status conference on July 25, 2012.

---

[1]  The Government's motion and Slatten's response regarding the scope of the mandate has been fully briefed and has been submitted for the Court's consideration.

6.      A superceding indictment as to Slough, Liberty, and Heard, and a new indictment as to Slatten, was returned on October 17, 2013.

7.      The Government (including both the filter team and trial team) has made twenty-seven discovery productions to counsel for Defendants since November 2012.  The materials already produced by the Government include, among other things, thousands of pages of interview notes, FBI 302 reports, transcripts, photographs, and medical files.

8.      The Government's filter team has not completed its *Kastigar* discovery production as of the date of this filing, and the materials that have yet to be disclosed include items that are essential to the Defendants' preparation for the *Kastigar* hearing relating to the present Indictment.  These missing materials include grand jury minutes and substantive grand jury sessions over several days that must still be transcribed.[2]  During a meet-and-confer session on October 21, 2013, the Government was unable to estimate when it will be able to produce these missing transcripts to the defense.  In addition, the Government filter team has yet to produce the log of evidence that it "cleared" and provided to the Government trial team.  These missing materials will take considerable time to review and analyze, and they are critical to the Defendants' preparation for the post-appeal *Kastigar* hearing.

9.      The Government has been actively investigating the case for eighteen months and has repeatedly requested extensions of status hearings from the Court in order to ensure that it had ample time to thoroughly reinvestigate this matter and present the case to a new grand jury. By contrast, because counsel for Defendants have limited resources with which to defend this factually and legally complex case, they have necessarily had to defer their *Kastigar* and trial

---

[2]  The transcripts include grand jury proceedings from March 5; April 2 and 4; May 30; June 11; and October 8, 10, 15, and 17, 2013.

preparation until a new indictment, if any, was returned.  Only then would counsel know which, if any, of the Defendants would be included in any new indictment and be able to determine how best to use the limited resources available to them to investigate and defend this matter as effectively as possible.[3]

10.     With the return of the present indictment, counsel for the Defendants must now begin the time-consuming tasks of reviewing the thousands of pages of discovery produced by the Government in the past year and retrieving and reviewing their own extensive case files relating to the original indictment.  Counsel for Defendants must also attempt to locate and interview numerous witnesses, many of whom are likely located in foreign countries.

11.     In addition, the Government must arrange for classified materials to be made available to counsel for Defendants, and a review and analysis of that classified material must be conducted by counsel for Defendants.

12.     Defendants, who have all set about to conduct their lives as best as possible given the circumstances, must now make arrangements to absent themselves from work and their families.

13.     Additionally, counsel for two of the Defendants have trial matters that will require most all their time for the month of November.

14.     Balancing the need for adequate time to prepare to defend the Defendants against the very serious criminal charges that have been brought against them in the new Indictment and scheduling demands on the one hand, and the Court's stated desire to conduct the *Kastigar*

---

[3]  Counsel for Defendants made a substantive presentation to the United States Attorney in May 2013 arguing that no new charges against any of the Defendants were warranted.  Based on this discussion, counsel held out the possibility that new charges would not be forthcoming. Indeed, the Government dismissed the original indictment with prejudice as to one of the original five Defendants on the eve of the return of the new Indictment against only four Defendants.

hearing and the trial of this matter as quickly and efficiently as the ends of justice will permit on the other hand, counsel for Defendants propose the attached Scheduling Order.

15.     The attached Scheduling Order proposes that the post-appeal *Kastigar* hearing begin on February 3, 2014, and that jury selection for trial begin on June 2, 2014.  Counsel for Defendants are aware that the Court may have calendar time that becomes available in March, 2014.  Should the Court decide to schedule the *Kastigar* hearing in March, 2014, counsel for Defendants would adhere to the proposed Scheduling Order in every other aspect, including jury selection beginning on June 2, 2014.

16.     Counsel for the Government has related that the Government will be ready for the *Kastigar* hearing and trial on the dates proposed by the defense, or on any other date the Court sets, and ultimately defers to the Court and its schedule regarding the proposed Scheduling Order.  With respect to the other items in the proposed Scheduling Order, the Government will make representations at the status hearing on October 25, 2013.


For the above stated reasons, and in the interests of justice, Defendants respectfully request that the Court enter the proposed Scheduling Order.

Respectfully Submitted,

_____/s/_____

William F Coffield
Coffield Law Group, LLP
1330 Connecticut Ave NW, Suite 220
Washington, D.C.  20036
(202) 429-4799
*Counsel for Evan S. Liberty*

_____/s/_____

Brian M. Heberlig
Bruce Bishop
Michael Baratz
Steptoe & Johnson, LLP
1330 Connecticut Ave NW
Washington, D.C.  20036
(202) 429-3000
*Counsel for Paul A. Slough*

_____/s/_____

David Schertler
Danny C. Onorato
Schertler & Onorato, LLP
575 7th Street, N.W.
Suite 300 South
Washington, D.C.  20004
(202) 628-4199
*Counsel for Dustin L. Heard*

_____/s/_____

Thomas G. Connolly
Steven A. Fredley
Wiltshire & Grannis
1200 Eighteenth Street NW, 12th Floor
Washington, D.C.  20036
(202) 730-1300
*Counsel for Nicholas A. Slatten*