## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA      ) | |
| ) | |
| v.      ) | Crim. No. CR-08-360 (RCL) |
| ) | |
| PAUL A. SLOUGH,      ) | Judge Royce C. Lamberth |
| NICHOLAS A. SLATTEN,      ) | |
| EVAN S. LIBERTY,      ) | |
| DUSTIN L. HEARD,      ) | |
| ) | |
| Defendants.      ) | |

## DEFENDANT NICHOLAS SLATTEN'S MOTION TO DISMISS THE INDICTMENT

Nicholas Slatten, through undersigned counsel, and based on the Memorandum of Points and Authorities submitted herewith, hereby moves to dismiss the indictment against him with prejudice for violation of the statute of limitations.

Date:  November 18, 2013

Respectfully submitted,

Thomas G. Connolly
Steven A. Fredley
Jared P. Marx
WILTSHIRE & GRANNIS LLP
1200 Eighteenth St., N.W.
Washington, D.C. 20036
Telephone: (202) 730-1300
Facsimile: (202) 730-1301
Email:  tconnolly@wiltshiregrannis.com
Email:  sfredley@wiltshiregrannis.com
Email:  jmarx@wiltshiregrannis.com

*Counsel for Nicholas Slatten*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | |
| ) | **Crim. No. CR-08-360 (RCL)** |
| **PAUL A. SLOUGH,** ) | |
| **NICHOLAS A. SLATTEN,** ) | **Judge Royce C. Lamberth** |
| **EVAN S. LIBERTY,** ) | |
| **DUSTIN L. HEARD,** ) | |
| ) | |
| **Defendants.** ) | |

---

## MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT NICHOLAS SLATTEN'S MOTION TO DISMISS THE INDICTMENT

Over six years after the acts giving rise to the criminal charges in this case, the government filed a new indictment against Mr. Slatten. The government is well aware that the statute of limitations has run, but attempts to circumvent it by erroneously asserting that Mr. Slatten has been continuously under indictment since December 2008. According to the government, the Court of Appeals' *reversed* this Court's dismissal of the original indictment against Mr. Slatten, so the recently returned indictment is purportedly not a *new* indictment, but a *superseding* one.

But the government's argument depends entirely on a fundamentally flawed interpretation of the Court of Appeals' mandate.[1] The Court of Appeals did not reverse

---

[1] The government advised undersigned counsel in November 2012 that it interpreted the Court of Appeals' mandate as reversing Mr. Slatten's dismissal. This was news to Mr. Slatten in light of the Court of Appeals' express holding and the position the government took before this Court and the Court of Appeals regarding the constitutionally defective character of Mr. Slatten's indictment. This Court, therefore, requested briefing on the government's interpretation of the mandate. See Dkt. 269, 272.

Mr. Slatten's dismissal.  To the contrary, it explicitly stated that it was only "revers[ing] and remand[ing] as to four of the defendants"—Slough, Liberty, Heard, and Ball.  *United States v. Slough*, 641 F.3d 544, 547 (D.C. Cir. 2011).  In fact, before both this Court and the Court of Appeals, the government acknowledged that, as to Mr. Slatten: 1) it could not satisfy its heavy burden under *Kastigar v. United States*; 2) the original indictment was fatally tainted; and 3) the indictment should be and was properly dismissed.  The Court of Appeals recognized these facts and noted that the government itself had moved to dismiss the indictment against Mr. Slatten and he was "out of the case for now."  *Id.*

In short, Mr. Slatten's dismissal, which was *requested* by the government and undisturbed on appeal, became final on June 6, 2012, when the clerk of the Court of Appeals issued its mandate.  The government took no action to secure Mr. Slatten's timely re-indictment, and having failed to do so, the indictment against Mr. Slatten is now barred by the statute of limitations.

## BACKGROUND

The present indictment alleges that on or about September 16, 2007, in Baghdad, Iraq, Mr. Slatten unlawfully and intentionally committed multiple acts of voluntary manslaughter and attempted manslaughter, and did so by using and discharging a firearm.  Dkt. 304.  This indictment followed Mr. Slatten's successful challenge to the original indictment, and the government's concession to dismissal of that indictment.

In August 2009, Mr. Slatten moved to dismiss the original indictment under *Kastigar v. United States*, 406 U.S. 441 (1972) and *Garrity v. New Jersey*, 385 U.S. 493 (1967), on the grounds that the government had used before the grand jury information derived from Ms. Slatten's protected statements and that the use of that information was not harmless beyond a

reasonable doubt.  After a three-week evidentiary hearing, during which multiple witnesses testified that their testimony was based on their exposure to Mr. Slatten's protected statements, the Government moved to dismiss the indictment against Mr. Slatten without prejudice.  *See* Dkt. 269 at 4-8.  On December 31, 2009, this Court dismissed the case against Mr. Slatten on the same grounds urged in the Government's motion to dismiss.  Specifically, the Court *agreed with the government* that the testimony of the two witnesses against Mr. Slatten was tainted by their exposure to Mr. Slatten's *Garrity*-protected statement and that this taint was not harmless beyond a reasonable doubt.  *Id.* at 8-9.  The Court also dismissed the indictment against the other four defendants, concluding the government had failed to satisfy its *Kastigar* burden.

The government appealed the district court's dismissal of the indictment.  On April 22, 2011, the Court of Appeals reversed the District Court's dismissal of the indictment against Slough, Liberty, Heard, and Ball.  It did not, however, reverse the dismissal of the indictment against Mr. Slatten.  The other defendants eventually sought review by the United States Supreme Court, but their petition for certiorari was denied.  Accordingly, on June 6, 2012, the Court of Appeals issued its mandate.  After considerable delay, on October 17, 2013, the government obtained the present indictment against Mr. Slatten and his co-defendants.

## ARGUMENT

There is no dispute between the parties regarding the applicable statute of limitations—it is five years.  *See* 18 U.S.C. 3282.[2]  Nor is there any dispute that a *new* indictment against

---

[2]  *See also United States v. Seale*, 558 U.S. 985, 985 (2009) (stating that "'§ 3282(a) imposes a 5–year period of limitations for all other offenses '[e]xcept as otherwise expressly provided by law'"); *United States v. McGoff*, 831 F.2d 1071, 1073 (D.C. Cir. 1987) (noting that Section 3282's five year statute of limitations is the "general statute of limitations for non-capital offenses"); *Chambliss v. United States*, 384 Fed. App'x 897, 898 (11th Cir. 2010)

Mr. Slatten arising from the Nisur Square incident is barred by that statute.  *See* Dkt. 264 at 12

(Dec. 5, 2012) (government's concession that "a new indictment against defendant Slatten

arguably would be time barred").[3]

The only area of disagreement stems from the government's strained interpretation of the

Court of Appeals' mandate.  Mr. Slatten argues that the mandate should be applied by this Court

as written.  The government, on the other hand, argues this Court should discard the express

terms of the mandate and instead construe the mandate according to what the government now

believes the Court of Appeals should have, but did not, hold.  So construed, the government

contends, Mr. Slatten remained at all times under indictment, and the present indictment is

therefore timely.

This Court, however, must apply the mandate as written.  And when applied as written, it

is clear Mr. Slatten's dismissal was not reversed, that he was not under indictment at the time the

present indictment was returned, and that the indictment is barred by the statute of limitations.

### The Court of Appeals' Mandate Did Not Reverse the Dismissal of the Indictment Against Mr. Slatten.

The Court currently has before it extensive briefing on the dispute concerning the scope

of the Court of Appeals' mandate, which the Court requested following the government's claim a

---

("Federal law establishes a five-year statute of limitations for noncapital crimes such as . . . using a firearm during a crime of violence.").

[3]   Nor is the indictment saved by 18 U.S.C. § 3289, which the government again does not dispute.  Dkt. 264 at 11-12.  Section 3289 applies to cases in which an indictment is dismissed before the expiration of the statute of limitations and that period will expire within six months of the date of dismissal.  In those circumstances, a new indictment may be returned within six calendar months of the expiration of the statute of limitations or in the event of an appeal, within sixty days of the date the dismissal becomes final.  The present indictment was returned more than three years after the district court dismissed Mr. Slatten's indictment, more than sixteen months after the Court of Appeals' mandate issued, and in any event more than twelve months after the statute of limitations expired.

year ago that Mr. Slatten remained a party to the prior indictment.  Mr. Slatten, therefore, will

not restate in full those arguments here, and instead expressly incorporates that briefing herein.

At bottom, the issue before the Court is whether to apply the mandate as written, as Mr. Slatten

argues, or attempt to divine some other meaning not expressed by the Court of Appeals, as the

government argues.

It is well and long recognized that lower courts are "bound by the [appellate court's]

decree, as the law of the case; and must carry it into execution according to the mandate: they

can examine it for no other purpose than execution."  *Sibbald v. United States*, 37 U.S. 488, 489

(1838); *see also LaShawn A. v. Barry*, 87 F.3d 1389, 1393 n.3 (D.C. Cir. 1996).  Referred to as

the "mandate rule," and deriving from the law of the case doctrine, "a district court is bound by

the mandate of a federal appellate court and generally may not reconsider issues decided on a

previous appeal."  *United States v. Insurance Co. of N. Am.*, 131 F.3d 1037, 1041 (D.C. Cir.

1997) ("*INA*").  The Federal Rules of Appellate Procedure and the law of this circuit make

unmistakably clear that the appellate court's mandate consists of the *judgment and the court's

opinion*.  *See* Fed. R. App. P. 41(a); *INA*, 131 F.3d at 1041 n.7 (emphasis added); *Clevland, Ohio

v. Fed. Power Comm'n*, 561 F.2d 344, 346 (D.C. Cir. 1977).

Here, the mandate from the Court of Appeals states unambiguously that Mr. Slatten's

dismissal remained intact.  The judgment states that the District Court's judgment was vacated

and remanded "in accordance with the opinion of the court."  Dkt. 264.  The opinion in turn

states:  "We reverse and remand *as to four of the defendants*; the government itself moved to

dismiss the indictment against Nicholas Slatten, without prejudice to possible later reindictment,

and the district court's grant of the motion *has taken Slatten out of the case for now*."  *Slough*,

641 F.3d at 547 (emphasis added).

5

The government never took the slightest issue with this characterization of Mr. Slatten's legal status until it discovered—belatedly—that the statute of limitations had run as to Mr. Slatten.  The government claims now not only that the Court of Appeals was mistaken, but that the government neglected to ask for any correction because it "failed to recognize that the error could be misused by defendant Slatten to argue that he is no longer a party."  Dkt. 264 at 11. This is classic *post hoc* invention.  What the Court of Appeals wrote was exactly what the government *told* it.  The government told the appellate court it had moved to dismiss the indictment against Slatten, and when it was asked whether, as a consequence, Mr. Slatten was in or out, the government told the court, both in briefs and at oral argument, that it was not revisiting its position that the indictment against Mr. Slatten was fatally tainted.  What is more, the government's professed view that it never imagined the Court of Appeals' opinion could be read to mean Mr. Slatten's dismissal was not reversed defies credulity.  Press article after article correctly noted that the Court of Appeals had revived the case against only four of the five defendants. [4]

There is no ambiguity as to which defendants had their dismissal reversed, nor is there any ambiguity that Mr. Slatten is "out of the case for now."  "Where the text of the mandate is

_____

[4] *See, e.g.,* Del Quentin Wilber and Spencer S. Hsu, "Judge ordered to revisit Blackwater guard shooting case," The Washington Post (April 22, 2011) ("An appeals court Friday potentially revived the prosecution of four Blackwater Worldwide security guards.") (*available online at* http://www.washingtonpost.com/local/judge-ordered-to-revisit-blackwater-guard-shooting-case/2011/04/22/AF4flCRE_story.html); Ryan Devereaux, "Blackwater guards lose bid to appeal charges in Iraqi civilian shooting case," The Guardian (Jun. 5, 2012) ("Prosecutors have already dismissed charges against a fifth guard, Nicholas Slatten.") (*available online at* http://www.theguardian.com/world/2012/jun/05/blackwater-guards-lose-appeal-iraq-shooting);  "DOJ Wants Charges Dropped Against Former Blackwater Guard" The Blog of LegalTimes (Sept. 30, 2013) ("During the first prosecution, the government dismissed Slatten as a defendant.") (*available online at* http://legaltimes.typepad.com/blt/2013/09/doj-wants-charges-dropped-against-former-blackwater-guard-.html).

clear, the district court is without authority to act contrary to those instructions." *Miller v. Bill Harbert Int'l Constr.*, 865 F. Supp. 2d 1, 5 (D.D.C. 2011).

The government has nevertheless argued that the Court should do precisely what is forbidden by the mandate rule. It asks the Court to reconsider the plain language of the mandate in light of the content of briefs and arguments and what the DC Circuit *should* have said or *meant* to say. Ironically, even a cursory review of the record proves the opposite of what the government contends. The government repeatedly told the Court of Appeals that it was not revisiting its view that the indictment against Mr. Slatten was fatally tainted and never argued anything to the contrary. *See* Dkt. 269 at 14-19, Dkt. 272 at 12-14. More importantly, however, this Court does not have the burden of re-interpreting the record before the Court of Appeals, but need only apply the plainly-expressed conclusion the Court of Appeals reached: that the dismissal of the indictment against Mr. Slatten was not reversed.

In requesting that the Court ignore the plain language of the mandate, the government pins its argument on the fact that when stating that it was reversing as to all defendants except Mr. Slatten, the Circuit Court made a mistake as to which party's motion was granted.[5] Both the government and Mr. Slatten moved to dismiss the indictment without prejudice following the *Kastigar* hearing, because both agreed that the indictment was invalid under *Kastigar*. And that is precisely what the District Court did; it examined the substance of government's motion and granted the relief the government requested. To the extent the appellate panel may have misapprehended which particular motion led to the same result, it is a difference without consequence. What matters is that the government agreed with Mr. Slatten that the indictment

---

[5] Notably, the government made no effort to bring this alleged mistake to the Court of Appeals attention, by petition for panel rehearing or otherwise. The government kept mum until the mandate had issued, and indeed until well after the statute of limitations had expired.

7

against him was infirm.  The Court of Appeals reviewed the disposition—dismissal without

prejudice—based on substance, not form, and it correctly understood the substance of what this

Court did.  And because there was no dispute between the parties or the District Court as to the

disposition of Slatten's indictment, the Court of Appeals did not reverse a result that all parties

agreed was proper.

## CONCLUSION

For the foregoing reasons, Mr. Slatten respectfully requests that the indictment be

dismissed as barred by the statute of limitations.


Date:  November 18, 2013                           Respectfully submitted,


                                                   Thomas G. Connolly
                                                   Steven A. Fredley
                                                   Jared P. Marx
                                                   WILTSHIRE & GRANNIS LLP
                                                   1200 Eighteenth St., N.W.
                                                   Washington, D.C. 20036
                                                   Telephone: (202) 730-1300
                                                   Facsimile:  (202) 730-1301
                                                   Email:  tconnolly@wiltshiregrannis.com
                                                   Email:  sfredley@wiltshiregrannis.com
                                                   Email:  jmarx@wiltshiregrannis.com

                                                   *Counsel for Nicholas Slatten*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Crim. No. CR-08-360 (RCL)** |
| **PAUL A. SLOUGH,** | ) | |
| **NICHOLAS A. SLATTEN,** | ) | **Judge Royce C. Lamberth** |
| **EVAN S. LIBERTY,** | ) | |
| **DUSTIN L. HEARD,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## [PROPOSED] ORDER

Having considered the motion of the Defendant Nicholas Slatten to dismiss the

indictment and all papers and proceedings related thereto, it is hereby

**ORDERED** that the indictment against Nicholas Slatten is dismissed with prejudice.


**SO ORDERED.**


_____

Hon. Royce C. Lamberth, U.S.D.J

Date:

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of November, 2013, I electronically filed the foregoing Motion to Dismiss the Indictment and Memorandum of Points and Authorities in Support of Defendant Nicholas Slatten's Motion to Dismiss the Indictment with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

Steven A. Fredley