IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 08-360 (RCL) |
| | : | |
| PAUL ALVIN SLOUGH, | : | |
| NICOLAS ABRAM SLATTEN, | : | |
| EVAN SHAWN LIBERTY, and | : | |
| DUSTIN LAURENT HEARD, | : | |
| | : | |
| **Defendants.** | : | |

**OPPOSITION TO SLATTEN'S MOTION TO DISMISS SUPERSEDING
INDICTMENT ON STATUTE OF LIMITATIONS GROUNDS**

The government submits this opposition to Slatten's motion to dismiss the superseding indictment on statute of limitations grounds. [Dkt. #315]. Since Slatten's motion is based on his previously stated misinterpretation of his status as a party in this case, we incorporate by reference our submissions on that issue. *See* Dkts #264, #270, and #297. Slatten's motion should be denied.

**I.    Procedural Posture.**

On December 4, 2008, a grand jury empanelled in this district returned an indictment charging Slatten, along with four others, with 14 counts of voluntary manslaughter, in violation of 18 U.S.C. §§ 1112, 2, and 3261(a)(1) (the Military Extraterritorial Jurisdiction Act ("MEJA")); 20 counts of attempted manslaughter, in violation of 18 U.S.C. §§ 1113, 2, and 3261(a)(1); and one count of using and discharging a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c), 2, and 3261(a)(1). [Dkt. #1]. Thereafter, Slatten and his co-

defendants moved to dismiss the indictment, alleging sweeping *Kastigar*[1] violations. [Dkt. #159]. On December 31, 2009, the district court granted Slatten's motion (and denied the government's motion to dismiss on very limited grounds):

> **ORDERED** that the defendants' motion to dismiss the indictment based on the government's violations of *Kastigar* and *Garrity* is **GRANTED**; and it is
>
> **FURTHER ORDERED** that the indictment is dismissed against all defendants; and it is
>
> **ORDERED** that the government's motion to dismiss the indictment against defendant Slatten without prejudice is **DENIED as moot**.

[Dkt. #218 (emphasis in original)].

On January 29, 2010, the government appealed the district court's December 31, 2009, order dismissing the indictment, explicitly appealing with respect to Slatten. [Dkt. #235]; *see also* Gov. App. Brief [Dkt. #264, Tab 3], Def. App. Brief [*id.*, Tab 4], and App. Argument Transcript [*id.*, Tab 5]. On April 22, 2011, the court of appeals issued its judgment in this case. In that judgment, the court: "ORDERED and ADJUDGED that the judgment of the District Court appealed from in this cause is hereby vacated and the case is remanded, in accordance with the opinion of the court filed herein this date." [*Id.* at Tab 1].[2] The judgment that had been "appealed from" was the district court's December 31, 2009 order dismissing the indictment against all five defendants—including defendant Slatten. Notice of Appeal [Dkt. #235].

---

[1]   *Kastigar v. United States*, 406 U.S. 441 (1972).

[2]   Thereafter, Slatten took the following actions – actions which were available only to a party to the appeal: (1) sought *en banc* review of the panel decision (*id.* at Tab 7) and (2) requested a stay of the mandate pending Supreme Court review (*id.* at Tab 2).

Thus, the indictment, which had been dismissed by Judge Urbina, was reinstated.[3]

On October 17, 2013, a different grand jury impaneled in this district returned a 33-count superseding indictment. Among others, it charges Slatten with 14 counts of voluntary

---

[3] As set forth in our pleadings addressing Slatten's status as a party in this case, Slatten's claim that the court of appeals affirmed, *sub silentio*, Judge Urbina's dismissal of the indictment with respect to him, alone, is baseless. *See generally* Dkt. #264, at 8-12; Dkt. #270, at 3-14. As noted in our prior briefs, the statement by the court of appeals that Slatten was "out of the case for now," *United States v. Slough*, 641 F.3d 544, 547 (D.C. Cir. 2011), was based on the factually incorrect premise that Judge Urbina had granted the government's motion to dismiss vis-à-vis Slatten, which he had actually denied as moot. *See* Dkt. #264, at 10 & n.5; Dkt. #270, at 3-4. Despite this factual error, it is easy to understand why the court of appeals believed Slatten was temporarily out of the case. The court of appeals was remanding for the district court to determine, with respect to the then-existing indictment, "as to each defendant, what evidence — if any — the government presented against him that was tainted as to him, and, in the case of any such presentation, whether in light of the entire record the government had shown it to have been harmless beyond a reasonable doubt." *Slough*, 641 F.3d at 554-55.

Of course, the government had already conceded that it was not going to defend the then-existing indictment as to Slatten. That concession, however, did not effectuate a self-executing dismissal of the indictment. Rather, Fed. R. Crim. P. 48(a) requires the government to make a motion to dismiss an indictment and for the court to grant it before an indictment is actually dismissed. Fed. R. Crim. P. 48(a) advisory committee's note (1944 Adoption) ("The first sentence of this rule will change existing law. The common-law rule that the public prosecutor may enter a *nolle prosequi* in his discretion, without any action by the court, prevails in the Federal courts. [citation omitted] This provision will permit the filing of a *nolle prosequi* only by leave of court."); *see also United States v. Cowan,* 524 F.2d 504, 513 (5th Cir. 1975) ("From this, it seems altogether proper to say that the phrase 'by leave of court' in Rule 48(a) was intended to modify and condition the absolute power of the Executive, consistently with the Framer's concept of Separation of Powers, by erecting a check on the abuse of Executive prerogatives."); *United States v. N. V. Nederlandsche Combinatie Voor Chemische Industrie*, 75 F.R.D. 473, 475 (S.D.N.Y. 1977) ("An indictment having been returned, however, the decision to terminate the prosecution is not exclusively within the province of the executive. The 'leave of court' requirement in Rule 48(a) was clearly intended to change the then existing law that the prosecutor could dismiss a case solely in his discretion without any action by the court."). The government had previously made such a motion and it had been denied as moot by Judge Urbina. The broader defense motion to dismiss the indictment had been granted by Judge Urbina, appealed by the government, and the district court's dismissal was then reversed by the court of appeals.

Presumably, once the case was remanded, had the government chosen to defend the previous indictment vis-à-vis the other defendants, as the court of appeals had contemplated, we would have filed a new motion to dismiss the indictment vis-à-vis Slatten. That never happened because, instead, the government announced at the first post-appeal status hearing, held on July 25, 2012, that we did not intend to defend the then-existing indictment as to any of the defendants. Rather, the government was starting with a new trial team and a new filter team and would present the evidence to a new grand jury. This course of action put all defendants in the same position, with an existing indictment in place that the government did not intend to defend. Notably, any of the defendants, including Slatten, could have objected to this course of action and moved to dismiss the then-existing indictment. None of them did so – presumably because they perceived it to be to their advantage to have a new prosecution team take a fresh look at the evidence. As a result, following the return of the mandate from the court of appeals, the original indictment remained in place for all defendants, including Slatten, until the government's motion to dismiss the indictment vis-à-vis defendant Ball was granted by the Court on October 1, 2013, and until the superseding indictment was returned against the remaining defendants on October 17, 2013.

manslaughter, in violation of 18 U.S.C. §§ 1112, 2, and 3261(a)(1) (the Military Extraterritorial Jurisdiction Act ("MEJA")); 15 counts of attempted manslaughter, in violation of 18 U.S.C. §§ 1113, 2, and 3261(a)(1); and one count of using and discharging a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c), 2, and 3261(a)(1).

**II.    The superseding indictment is not barred by the statute of limitations.**

"Generally speaking, the return of an indictment tolls the statute of limitations with respect to the charges contained in the indictment.  Tolling continues when a superseding indictment on the same charges is returned while a previous indictment is still pending." *United States v. Liu*, 731 F.3d 982, 996 (9th Cir. 2013) (citations omitted); *United States v. Yielding*, 657 F.3d 688, 703 (8th Cir. 2011) ("For limitations purposes, 'a superseding indictment filed while the original indictment is validly pending relates back to the time of filing of the original indictment if it does not substantially broaden or amend the original charges.'").  Accordingly, since Slatten is charged with the same offenses as he was in the original indictment (manslaughter, attempted manslaughter, and using a firearm in the commission of a crime of violence), the superseding indictment is not barred by the statute of limitations.

WHEREFORE, Slatten's motion to dismiss the superseding indictment on statute of limitations grounds should be denied.

Respectfully submitted,

By: _____/s/_____
John Crabb Jr.
Assistant United States Attorney
N.Y. Bar No. 2367670
john.d.crabb@usdoj.gov

By: _____/s/_____
David Mudd
Special Assistant United States Attorney
D.C. Bar No. 995154
david.mudd2@usdoj.gov

National Security Section
U.S. Attorney's Office
555 4th Street, NW, 11th Floor
Washington, D.C.  20530
(202) 252-7785