IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> NICHOLAS A. SLATTEN, ) <br> ) <br> Defendant. ) <br> ) | Crim. No. CR-08-360-02 (RCL) <br><br> Judge Royce C. Lamberth |

### NICHOLAS SLATTEN'S RESPONSE TO
### ORDER TO SHOW CAUSE

On January 27, 2014, the Court ordered that Mr. Slatten respond in writing to an order to show cause concerning why Mr. Slatten's conditions of release should not be revoked for willful failure to comply with the condition of release regarding drug testing.[1] Mr. Slatten, through undersigned counsel, hereby submits this response to the order to show cause.

1. On December 16, 2013, the Court set the conditions that would govern Mr. Slatten's pretrial release. One of those conditions is that "Mr. Slatten shall report to the PSA for evaluation, and if positive, participate in substance abuse services, including drug testing, assessment, possible treatment and/or treatment referrals, as directed by the PSA." Dkt. 368.

2. Mr. Slatten believed he had complied with this condition. On December 8, 2008, after Mr. Slatten's initial appearance in this case before the U.S. District Court for the District of Utah, Mr. Slatten (and the other defendants) submitted to a urinalysis, which was negative for all substances. When Mr. Slatten appeared before this Court in December 2013, he reported to the

---

[1] The Order to Show Cause was in response to a letter from the Pretrial Services Agency ("PSA"). The letter, which is dated January 17, 2014, was not sent to counsel for Mr. Slatten, but was instead sent to Steven McCool, counsel for Donald Ball, who has been dismissed from this case. Mr. McCool forwarded the letter to the undersigned counsel on January 24—the same day he received it.

1

PSA at that time and was interviewed, but was not asked by the PSA officer to submit another urine sample. Mr. Slatten believed based on his prior test and the fact that PSA did not request another sample during his screening interview that the evaluation condition was satisfied.

3.  Upon returning to his home in Tennessee, Mr. Slatten was contacted by the PSA for the Middle District of Tennessee and informed that he would need to submit to another drug screen in Nashville, which is approximately two hours away. Mr. Slatten stated his understanding that he had already complied with the PSA evaluation condition, and in any event, he did not have reliable transportation and was concerned about driving to Nashville. Mr. Slatten indicated that if it was absolutely necessary, he would submit to the urinalysis and requested that the Tennessee PSA come to his residence to collect the sample.

4.  Counsel for Mr. Slatten has spoken with Mr. Slatten's probation officer in the District of Columbia. He confirmed that even though Mr. Slatten previously submitted to a urinalysis, PSA believed the Court's order setting conditions of release required that another urinalysis be performed.

5.  If the Court is satisfied that Mr. Slatten's prior urinalysis is sufficient to satisfy the evaluation condition, Mr. Slatten's counsel will provide the D.C. PSA with contact information for the Utah probation officer who was initially assigned to Mr. Slatten and can confirm for the D.C. PSA the results of Mr. Slatten's prior drug screen.[2]

6.  If the Court concludes an additional drug screen is necessary, the Tennessee PSA has offered to allow Mr. Slatten to meet with a probation officer in Cookeville, which is closer to

---

[2] The Court has already removed the evaluation condition for Evan Liberty, who like Mr. Slatten was originally evaluated and tested negative when he first self-surrendered to U.S. Marshalls in Salt Lake City, Utah. Dkt. Nos. 374, 375. Like Mr. Slatten, Mr. Liberty was not re-tested at the time he meet with the D.C. PSA in December 2013.

Mr. Slatten's residence, but still forty minutes away. Mr. Slatten believes that with the necessary repairs to his vehicle, he can safely drive to Cookeville. Mr. Slatten has scheduled a date and time with the Tennessee PSA for his drug screen, and we have apprised the D.C. PSA of that date.

7. The Court's Show Cause Order also requested that Mr. Slatten address whether, if he is not confined, he should continue to have access to any firearm. Apart from the misunderstanding concerning the second urinalysis, counsel has confirmed with the Tennessee PSA that there are no other issues with Mr. Slatten's conditions of release.

8. The Tennessee PSA's concern about Mr. Slatten's possession of non-semi/automatic weapons related to its need to meet at Mr. Slatten's residence to collect a sample for the urinalysis. The Tennessee PSA confirmed in its letter to the Court that it "would have very minimal contact if not only one meeting during supervision." The Tennessee PSA also confirmed with counsel for Mr. Slatten that the extent of its contact with Mr. Slatten would be limited to helping facilitate the urinalysis, and that it does not believe it is required by this Court's order, and does not intend, to engage in any other supervision.

9. The Court's order setting pretrial conditions requires that Mr. Slatten report weekly by phone to the D.C. PSA. Mr. Slatten has dutifully complied with this condition, and counsel has confirmed with the PSA that it has no issues with Mr. Slatten's compliance.

10. The issue concerning Mr. Slatten's drug test was due to Mr. Slatten's misunderstanding concerning the need to submit to a second test, and not his refusal to comply with this requirement. If the Court concludes an additional test remains necessary, Mr. Slatten understands that he will need to submit for a drug screen and will proceed with the scheduled evaluation.

For these reasons, Mr. Slatten respectfully requests that the Court not revoke or modify his conditions of release.

Date:  January 28, 2014

Respectfully submitted,

/s/ Steven Fredley
Thomas G. Connolly
Steven A. Fredley
Jared P. Marx
WILTSHIRE & GRANNIS LLP
1200 Eighteenth St., N.W.
Washington, D.C. 20036
Telephone: (202) 730-1300
Facsimile: (202) 730-1301
Email:  tconnolly@wiltshiregrannis.com
Email:  sfredley@wiltshiregrannis.com
Email:  jmarx@wiltshiregrannis.com

*Counsel for Nicholas Slatten*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2014, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all counsel of record.

                                              /s/ Steven Fredley
                                              Steven Fredley