**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Cr. No. 08-360 (RCL) |
| | : | |
| v. | : | |
| | : | |
| PAUL ALVIN SLOUGH, | : | |
| NICOLAS ABRAM SLATTEN, | : | |
| EVAN SHAWN LIBERTY, | : | |
| DUSTIN LAURENT HEARD, and | : | |
| DONALD WAYNE BALL, | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT
SLATTEN'S MOTION FOR A HEARING**

The government submits this response to defendant Nicolas Slatten's request for a hearing. [Dkt. #383].

As Slatten notes, the government takes no position regarding his request for a hearing on his motion to dismiss on statute of limitations grounds. However, if the Court determines that a hearing is appropriate, we believe that it could be done via video telephone conference.

Also, if the Court denies Slatten's motion to dismiss, he would not have the right to take an interlocutory appeal. *United States v. Garib-Bazain*, 222 F.3d 17, 18–19 (1st Cir. 2000) ("This is well settled practice in the federal courts and is based upon obvious practical considerations. … [T]he statute of limitations is an ordinary defense and it can fully and fairly be vindicated by appeal after a final judgment."); *DeGeorge v. United States District Court,* 219 F.3d 930, 936 (9th Cir. 2000) ("Being forced to stand trial despite the running of the statute of limitations on certain charges is not inherently prejudicial: 'The limitations statute . . . creates a safeguard against unfair *convictions* arising from delinquent prosecutions but does not entail a

right to be free from trial . . . .'"); *United States v. Pi*, 174 F.3d 745, 750 (6th Cir. 1999) ("It is well settled law that an order denying a motion to dismiss an indictment on statute of limitations grounds is not immediately appealable under the collateral order doctrine."); *United States v. Weiss*, 7 F.3d 1088, 1091 (2nd Cir. 1993) ("In sum, we lack jurisdiction over Weiss's interlocutory appeal [of statute of limitations ruling]."); *United States v. Levine*, 658 F.2d 113, 123-29 (3rd Cir. 1981) (the rights established by statutes of limitations cannot be seen as rights to be free from the burden of trial; they are, instead, a safeguard against unfair conviction that do not deserve the collateral order appeal protection conferred on some constitutional grounds for dismissal); *cf. United States v. MacDonald*, 435 U.S. 850, 858 (1978) (holding that denials of motions to dismiss on speedy-trial grounds are not immediately appealable).

In sum, we defer to the Court regarding this matter.

                              Respectfully submitted

                              RONALD C. MACHEN JR.
United States Attorney
D.C. Bar No. 447-889

_____/s/_____
John Crabb Jr.
Assistant United States Attorney
N.Y. Bar No. 2367670
john.d.crabb@usdoj.gov

_____/s/_____
Anthony Asuncion
Assistant United States Attorney

_____/s/_____
David Mudd
Special Assistant United States Attorney

_____/s/_____
T. Patrick Martin
Assistant United States Attorney

_____/s/_____
Christopher Kavanaugh
Assistant United States Attorney

National Security Section
U.S. Attorney's Office
555 4th Street, NW, 11th Floor
Washington, D.C.  20530