UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | **Criminal No. 08-360 (RCL)** |
| **NICOLAS A. SLATTEN,** | ) ) ) | |
| **Defendant.** | ) ) | |

## MEMORANDUM OPINION

Before the Court is defendant Nicolas Slatten's Motion [315] to Dismiss the Indictment. The question this Court faces is whether the Court of Appeals upheld or reversed an earlier dismissal of an indictment as to Slatten. The parties agree that if the Court of Appeals upheld the dismissal, then the indictment before the Court now is untimely and must be dismissed on statute of limitations grounds, but that if the Court of Appeals reversed the earlier dismissal, that tolled the statute and Slatten is still a party to the case.

For the following reasons, the Court finds that the Court of Appeals reversed the earlier indictment, and Slatten's motion is therefore DENIED.

### I.   BACKGROUND

On December 31, 2009, Judge Urbina dismissed the indictment as to all five defendants:

> For the reasons stated in the court's Memorandum Opinion separately and contemporaneously issued this 31st day of December, 2009, it is hereby
>
> **ORDERED** that the defendants' motion to dismiss the indictment based on the government's violations of *Kastigar* and *Garrity* is **GRANTED**; and it is
>
> **FURTHER ORDERED** that the indictment is dismissed against all defendants; and it is

> **ORDERED** that the government's motion to dismiss the indictment against defendant Slatten without prejudice is **DENIED as moot**.

ECF No. 218.  While the Government had also moved to dismiss the indictment as to only Slatten, conceding that it was deficient, Judge Urbina denied that motion as moot.  *Id.*  The Government appealed from the judgment, naming Slatten as one of the parties on appeal.  ECF No. 235.  On appeal, the Court of Appeals' judgment stated, "[i]t is **ORDERED** and **ADJUDGED** that the judgment of the District Court appealed from in this cause is hereby vacated and the case is remanded, in accordance with the opinion of the court filed herein this date."  (Judgment of the Court of Appeals dated April 22, 2011.)  In its opinion, the Court of Appeals wrote, "We reverse and remand as to four of the defendants; the government itself moved to dismiss the indictment against Nicholas Slatten, without prejudice to possible later re-indictment, and the district court's grant of the motion has taken Slatten out of the case for now."  *United States v. Slough*, 641 F.3d 544, 547 (D.C. Cir. 2011).  The parties now dispute how to interpret the Court of Appeals' mandate as to Slatten.

## II. ANALYSIS

Under the mandate rule, "[a] trial court is without power to do anything which is contrary to either the letter or spirit of the mandate construed in the light of the opinion of [the] court deciding the case." *Yabloonski v. United Mine Workers of Am.*, 454 F.2d 1036, 1038 (D.C. Cir. 1971) (internal quotation marks omitted).  In this case, both the letter and spirit of the Court of Appeals' mandate support the Government's position that defendant Slatten is a party to the case.

### a. The letter of the mandate shows that Slatten remains a party.

The only ambiguity in Court of Appeals *judgment* is what was the judgment appealed from.  The Government's briefs on appeal make clear that the judgment appealed from included

the dismissal of Slatten's indictment. Even though the Government conceded that Slatten's indictment was deficient, Judge Urbina found that it was deficient on broader grounds than the Government sought in its own motion. Indeed, that is why the Government's motion was denied by Judge Urbina as moot.

It was those broader grounds that the Government appealed from as to all five defendants, including Slatten. Not only did the Government name him as a party to the appeal, but it also pointed out in its briefs that it wished Slatten to be in the appeal, even though it agreed that his indictment was deficient, because of the broader rationale Judge Urbina articulated. Appellant's Br. 51 n.19; Appellant's Reply 46–47 n.35. And the Government got what it wished for in the appeal—the Court of Appeals reversed the only articulated rationale supporting the dismissal of the indictment of *all* the defendants.

Because the dismissal of Slatten's indictment was part of the judgment appealed from, and because that judgment was vacated and remanded, Slatten remains a party to this case.

### a. The spirit of the mandate shows that Slatten remains a party.

Even if the Court looks only to the opinion to interpret the mandate, Slatten remains a party. The opinion stated the district court granted the Government's motion to dismiss the indictment as to Slatten. In fact, the district court denied that motion. So the only rationale supporting Slatten's dismissal in Judge Urbina's decision is the broad *Kastigar* and *Garity* violations that the Government appealed from. It is clear that the reason the Court of Appeals expressly reversed as to only four of the defendants in its opinion is that it believed there was another articulated ground for dismissing Slatten (granting the Government's own motion). There was not. Upholding Slatten's dismissal then is equivalent to dismissing him on grounds

that were not part of the appeal. As such, the Court Appeals' mandate did not in fact uphold his dismissal, and he remains a party to this case.

### III.   CONCLUSION

For the foregoing reasons, defendant Slatten's motion to dismiss the indictment is DENIED. An order consistent with this opinion will issue on this date.

Signed by Royce C. Lamberth, U.S. District Judge, on February 18, 2014.