# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 1:08-cr-360-RCL |
| | ) | |
| **PAUL ALVIN SLOUGH,** | ) | |
| **NICHOLAS ABRAM SLATTEN,** | ) | |
| **EVAN SHAWN LIBERTY, and** | ) | |
| **DUSTIN LAURENT HEARD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' RENEWED MOTION TO DISMISS FOR LACK OF VENUE AND INCORPORATED STATEMENT OF POINTS AND AUTHORITIES

Defendants, through counsel, respectfully renew their motion to dismiss the Indictment for lack of venue, under Article III, Section II of the United States Constitution, 18 U.S.C. § 3238, and Federal Rule of Criminal Procedure 12(b)(3)(A).

Defendants originally moved to dismiss this prosecution for lack of venue on January 13, 2009 (ECF No. 35). The reasons and authorities showing lack of venue and the propriety of dismissal are set forth in the memoranda and exhibits filed in support of that motion. *See* Mem. in Supp. of Def. Mot. to Dismiss for Lack of Venue, ECF No. 35; Reply to Gov. Opp. to Mot. to Dismiss for Lack of Venue, ECF No. 55 (Feb. 3, 2009). Defendants respectfully incorporate those points and authorities by reference.

Judge Urbina denied Defendants' venue motion from the bench, stating his reasons on the record, on February 17, 2009. Mot. Hrg. Tr., 02/17/2009, at 76-79 (ECF No. 127).

Nothing has materially changed with respect to this motion since Judge Urbina's February 17, 2009 ruling. "While the law of the case doctrine does not necessarily apply to

interlocutory orders, district courts generally consider the doctrine's underlying rationale when deciding whether to reconsider an earlier decision." *United States v. Sunia*, 643 F. Supp. 2d 51, 61 (D.D.C. 2009) (citation omitted).  Acknowledging the general admonition against relitigation of earlier decisions, *see id.*, Defendants do not seek to relitigate the decided issue here.  Instead, Defendants renew their venue contention only in an excess of caution, in light of the return of the Superseding Indictment (ECF No. 304), to ensure that the issue is preserved for further review.

Respectfully submitted,

By:   /s/ *Brian M. Heberlig*

| | |
|---|---|
| Brian M. Heberlig (No. 455381) | Thomas G. Connolly (No. 420416) |
| Michael J. Baratz (No. 480607) | Steven A. Fredley (No. 484794) |
| Bruce C. Bishop (No. 437225) | Wiltshire & Grannis LLP |
| Linda C. Bailey (No. 985081) | 1200 Eighteenth Street N.W. |
| Scott P. Armstrong (No. 993851) | Suite 1200 |
| Steptoe & Johnson LLP | Washington, D.C. 20036 |
| 1330 Connecticut Ave. N.W. | (202) 730-1300 |
| Washington, D.C.  20036 | *Counsel for Defendant Nicholas A. Slatten* |
| (202) 429-3000 | |
| *Counsel for Defendant Paul A. Slough* | |
| | |
| William Coffield (No. 431126) | David Schertler (No. 367203) |
| Coffield Law Group LLP | Danny Onorato (No. 480043) |
| 1330 Connecticut Ave. N.W. Suite 220 | Schertler & Onorato, LLP |
| Washington, D.C.  20036 | 575 7th Street, N.W. – Suite 300 South |
| (202) 429-4799 | Washington, D.C.  20004 |
| *Counsel for Defendant Evan S. Liberty* | (202) 628-4199 |
| | *Counsel for Defendant Dustin L. Heard* |

Dated:  February 21, 2014