UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) No. 1:08-cr-360-02-RCL |
| NICHOLAS ABRAM SLATTEN, | ) |
| Defendant. | ) |

**DEFENDANT SLATTEN'S MOTION TO STAY PENDING
EMERGENCY PETITION FOR WRIT OF MANDAMUS**

Defendant Nicholas Slatten, through counsel, respectfully moves this Court for a brief stay of these proceedings to afford the Court of Appeals the opportunity to review Mr. Slatten's emergency petition for a writ of mandamus. A supporting memorandum of points and authorities and proposed Order are filed herewith.

Dated: March 6, 2014

Respectfully submitted,

/s Steven Fredley
Thomas G. Connolly (No. 420416)
Steven A. Fredley (No. 484794)
Anne K. Langer (No. 501389)
WILTSHIRE & GRANNIS LLP
1200 Eighteenth St., N.W., Suite 1200
Washington, D.C. 20036
Telephone: (202) 730-1300
Facsimile: (202) 730-1301

*Counsel for Nicholas Slatten*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

                                                                /s Steven Fredley
                                                                 Steven Fredley

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>NICHOLAS ABRAM SLATTEN, )<br>)<br>Defendant. )<br>) | No. 1:08-cr-360-02-RCL |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT SLATTEN'S MOTION
TO STAY PENDING PETITION FOR WRIT OF MANDAMUS**

Defendant Nicholas Slatten will file today with the Court of Appeals an emergency petition for a writ of mandamus from this Court's Memorandum Opinion of February 18, 2014, denying his motion to dismiss the indictment as barred by the statute of limitations. Mr. Slatten's petition for a writ of mandamus seeks expedited appellate review of a very narrow question—whether the Court of Appeals' mandate reversing the prior dismissal of the indictment as to four of the defendants (Slough, Heard, Liberty, and Ball) also reversed Mr. Slatten's dismissal. That is the dispositive issue of Mr. Slatten's motion to dismiss. As the Court noted, "[t]he parties agree that if the Court of Appeals upheld [Mr. Slatten's] dismissal, then the indictment before the Court now is untimely and must be dismissed on statute of limitations grounds, but . . . if the Court of Appeals reversed the earlier dismissal, that tolled the statute and Slatten is still a party to the case." Mem. Op. at 1 [Dkt. 388]. As explained below, the four factors the Court must consider in analyzing whether to grant a stay weigh decidedly in Mr. Slatten's favor. Mr. Slatten, therefore, requests that the Court stay these proceedings to afford the Court of Appeals the opportunity to review Mr. Slatten's petition for a writ of mandamus.

1

## PROCEDURAL BACKGROUND

On January 31, 2009, Judge Urbina dismissed the indictment in this matter on the grounds that the government had failed to satisfy its heavy *Kastigar* burden. *See United States v. Slough*, 677 F. Supp. 2d 112 (D.D.C. 2009). The government appealed that dismissal. On April 22, 2011, the Court of Appeals vacated in part Judge Urbina's decision and remanded the case in accordance with its opinion. That opinion, in turn, stated that the court was "revers[ing] and remand[ing] as to four of the defendants"—Slough, Heard, Liberty, and Ball. *United States v. Slough*, 641 F.3d 544, 547 (D.C. Cir. 2011).

Upon remand to this Court, the government informed the Court and Mr. Slatten that it believed the Court of Appeals also reversed Mr. Slatten's dismissal. Mr. Slatten maintained that the Court of Appeals' decision did no such thing. During the November 5, 2012 status hearing, the Court requested that the parties brief their respective positions on the scope of the Court of Appeals' mandate and Mr. Slatten's status as a party to the remand proceedings. While the dispute regarding Mr. Slatten's status as a party was still pending, the government returned a new indictment against Mr. Slatten. [Dkt. 304]. On November 18, 2013, Mr. Slatten moved to dismiss the indictment as barred by the statute of limitations. [Dkt. 315]. On February 18, 2014, this Court denied Mr. Slatten's motion to dismiss.

## ARGUMENT

In reviewing a motion for a stay pending a petition for a writ of mandamus, the Court considers the same factors as a stay pending appeal: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm to the moving party in the absence of a stay; (3) the prospect of harm to others if a stay is granted; and (4) the public interest in granting a stay. *See Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir.

1977) (affirming district court's stay pending appeal that turned on interpretation of appellate court's prior opinion in the matter); *Ctr. for Int'l Envtl. Law v. Office of the United States Trade Representative*, 240 F. Supp. 2d 21, 22 (D.D.C. 2003) (granting stay pending appeal). None of the factors is dispositive; "[a] stay may be granted with either a high probability of success and some injury, or *vice versa*." *Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985).

Here, a stay of this case pending Mr. Slatten's emergency petition for a writ of mandamus is warranted because Mr. Slatten has demonstrated a likelihood of success and irreparable harm in the absence of a stay. Conversely, granting a brief stay of a few months will not harm the government or prosecution of this case given the time that has elapsed. Moreover, a stay will ensure the public's confidence in the orderly administration of the courts.

## I. MR. SLATTEN HAS DEMONSTRATED A HIGH PROBABILITY OF SUCCESS ON THE MERITS.

It is well settled that a district court "is without power to do anything which is contrary to either the letter or spirit of the mandate construed in the light of the opinion of [the] court deciding the case." *Yablonski v. United Mine Workers of Am.*, 454 F.2d 1036, 1038 (D.C. Cir. 1971); *see also Baltimore & O.R. Co. v. United States*, 279 U.S. 781, 785 (1929); *Belize Social Dev. v. Belize*, 668 F.3d 724, 729 (D.C. Cir. 2012) (quoting *Roche v. Evaporated Milk Assn.*, 319 U.S. 21, 26 (1943)). It is equally settled that a petitioner may seek relief from the court of appeals via a writ of mandamus to rectify any deviation. *See In re Sealed Case*, 151 F.3d 1059, 1063 (D.C. Cir. 1998); *Int'l Ladies' Garment Workers' Union v. Donovan*, 733 F.2d 920, 922 (D.C. Cir. 1984) ("The power of an original panel to grant relief enforcing the terms of its earlier mandate is clearly established in this Circuit . . . with respect to cases that have been remanded to a District Court for further proceedings."); *Yablonski*, 454 F.2d at 1038. To succeed on a petition

for such a writ, a petitioner must prove that (1) there are no other adequate means of relief and (2) his right to the writ is "clear and indisputable." *Mallard v. United States Dist. Court for the Southern Dist. Of Iowa*, 490 U.S. 296, 309 (1989); *see also In re Sealed Case*, 151 F.3d at 1063. Here, Mr. Slatten has demonstrated that there is a high probability of success that his writ of mandamus will be granted.

First, Mr. Slatten must seek a petition for a writ of mandamus because he has no other adequate means of relief. The Court of Appeals is the only forum that can resolve this dispute over the scope of the mandate, and a writ of mandamus is the well-settled vehicle for doing so. Mr. Slatten should not be required to endure the hardship of a multi-month trial when the original indictment against him was dismissed and the government failed to obtain a timely re-indictment. The financial and emotional costs of having to do so cannot be remedied by an ordinary appeal. *See infra* Part II.

Second, Mr. Slatten's right to a writ of mandamus under these circumstances is clear. The Court of Appeals stated unambiguously that it was "revers[ing] and remand[ing]" as to only four of the defendants. *Slough*, 641 F.3d at 547. It did not intend to reverse Mr. Slatten's dismissal as erroneous and it expressly stated as much. The Court of Appeals did not hold that Mr. Slatten's dismissal was erroneous because the government never argued that it was. Indeed, the government's position both before this Court and the Court of Appeals was that the indictment as to Mr. Slatten was fatally defective. To grant a stay, the Court does not need to conclude that it likely erred in its application of the mandate; rather, it need only conclude that there is a serious and substantial question on the merits as to what the Court of Appeals said in its mandate. *See Ctr. for Int'l Envtl. Law*, 240 F. Supp. 2d at 22 (granting stay and noting that

"although the Court ultimately did not agree with defendants' position on the merits, it is evident that defendants have made out a 'substantial case on the merits'").

This Court's denial of Mr. Slatten's motion to dismiss is contrary to the Court of Appeals' mandate. Accordingly, there is a high probability that the Court of Appeals will grant Mr. Slatten's writ of mandamus. Indeed, courts of appeals have granted mandamus under analogous circumstances. *See, e.g.*, *United States v. Haley*, 371 U.S. 18 (1962) (granting writ after District Court ignored the Circuit Court's mandate and substituted its own judgment for that the higher court); *Utah Pub. Serv. Comm'n v. El Paso Natural Gas Co.*, 395 U.S. 464, 468-69 (1969) (granting writ because District Court's partial divestiture of company assets did not comply with mandate that required complete divestiture of assets); *Yablonski*, 454 F.2d at 1042 (granting mandamus after District Court disregarded the Circuit Court's reasoning on the disqualification of conflicted attorneys).

## II. MR. SLATTEN WILL BE IRREPARABLY HARMED IF A STAY IS NOT GRANTED.

Where, as here, there is a high probability of success on the merits, a stay is warranted upon a showing of some injury in the absence of a stay. *See Cuomo*, 772 F.2d at 974. Irreparable harm must "be actual and not theoretical," and occurs when there is no legal remedy to make the party whole upon later vindication. *Hicks v. Bush*, 397 F. Supp. 2d 36, 40-41 (D.D.C. 2005) (*citing Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985); *Hamdan v. Rumsfeld*, 415 F. 3d 33, 36 (D.C. Cir. 2005)). Here, Mr. Slatten will suffer irreparable harm if he is compelled to defend himself against criminal charges that were already dismissed against him in a now-final judgment. *Cf. Abney v. United States*, 431 U.S. 651, 658 (1977) (holding that a right not to be tried is "an important right which would be 'lost, probably irreparably,' if review had to await final judgment; hence, to be effective, appellate review in that special,

5

limited setting had to be immediate"); *Reimnitz v. State's Attorney of Cook Cnty.*, 761 F.2d 405, 410 (7th Cir. 1985) (noting that the burden of a trial is "a harm that (unlike the harm of conviction) is irreparable once the second trial has been conducted").

The irreparable harm is particularly significant in this case. Mr. Slatten served honorably in the United States Army for five years, during which he completed two tours of duty in Iraq. During that time, Mr. Slatten experienced the horrors and tragedy of war. He still carries that experience with him today. The emotional stress of this case will exact a significant toll on Mr. Slatten's emotional health. He should not be compelled to suffer that harm while the Court of Appeals reviews his petition, which if successful, would require the dismissal of this indictment.

### III. THE OTHER PARTIES WILL NOT SUFFER IRREPARABLE HARM IF A STAY IS GRANTED.

Courts may grant a stay when the government has not shown an interest in an expeditious prosecution of a matter. *See Hicks*, 397 F. Supp. 2d at 42; *Al Sharbi v. Bush*, 430 F. Supp. 2d 1 (D.D.C. 2006); *cf United States v. E-Gold Ltd.*, No. 07-CR-109, 2007 WL 2103602, at *3 (D.D.C. July 20, 2007). The government has informed counsel that it objects to Mr. Slatten's request for a brief stay. The government, however, has not shown an interest in an expeditious prosecution of this matter and its objection should not be credited.

This case was remanded to this Court in June 2012. Notwithstanding the government's repeated representations that a new indictment would be forthcoming and that it would be prepared to proceed to trial within a matter of months, no indictment was returned. Indeed, the Court had to issue an extraordinary order on September 10, 2013 [Dkt. No. 299] requiring that the government obtain the return of any indictment no later than October 21, 2013. Only after the Court's order did the government finally secure the present indictment. This stay would amount to a short delay while the Court of Appeals considers Mr. Slatten's petition. The other

parties to this proceeding—Messrs. Slough, Heard, and Liberty—have taken no position on the requested stay.

## IV. A STAY IS IN THE PUBLIC'S INTEREST.

The public has an interest in ensuring that the Court of Appeals' mandates are properly interpreted and applied. The public understands the basic framework of the judicial system—lower courts are to abide by the mandates of the higher courts. Here, the public correctly understood that the Court of Appeals, while reversing four of the defendants' dismissal, did not reverse Mr. Slatten's.[1] Allowing the government to proceed in this high profile prosecution based on a defective indictment and misapplication of the Court of Appeals' mandate would undermine public confidence in the judicial system.

## CONCLUSION

For the reasons stated herein, Mr. Slatten requests that his motion to stay be granted.

Dated: March 6, 2014                                   Respectfully submitted,

                                                       /s/ Steven Fredley
                                                       Thomas G. Connolly (No. 420416)
                                                       Steven A. Fredley (No. 484794)
                                                       Anne K. Langer (No. 501389)

---

[1] *See, e.g.,* Del Quentin Wilber and Spencer S. Hsu, *Judge ordered to revisit Blackwater guard shooting case*, THE WASHINGTON POST (Apr. 22, 2011), *available at* http://www.washingtonpost.com/local/judge-ordered-to-revisit-blackwater-guard-shootingcase/2011/04/22/AF4flCRE_story.html ("An appeals court Friday potentially revived the prosecution of four Blackwater Worldwide security guards.") ; Ryan Devereaux, *Blackwater guards lose bid to appeal charges in Iraqi civilian shooting case*, THE GUARDIAN (Jun. 5, 2012), *available at* http://www.theguardian.com/world/2012/jun/05/blackwater-guards-lose-appeal-iraq-shooting ("Prosecutors have already dismissed charges against a fifth guard, Nicholas Slatten.") ; *DOJ Wants Charges Dropped Against Former Blackwater Guard*, THE BLOG OF LEGALTIMES (Sept. 30, 2013), http://legaltimes.typepad.com/blt/2013/09/doj-wants-charges-dropped-against-former-blackwater-guard-.html ("During the first prosecution, the government dismissed Slatten as a defendant.").

WILTSHIRE & GRANNIS LLP
1200 Eighteenth St., N.W., Suite 1200
Washington, D.C. 20036
Telephone: (202) 730-1300
Facsimile:  (202) 730-1301

*Counsel for Nicholas Slatten*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

/s/ Steven Fredley
Steven Fredley
