**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) <br> ) <br>   v.            ) <br> ) <br> **PAUL A. SLOUGH,**    ) <br> **NICHOLAS A. SLATTEN,**  ) <br> **EVAN S. LIBERTY, and**  ) <br> **DUSTIN L. HEARD.**    ) <br> ) <br>   **Defendants.**    ) <br> ) | No. 1:08-cr-360 (RCL) |

## DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS FOR LACK OF VENUE

Pursuant to Article III, Section 2 of the United States Constitution, the Sixth Amendment, and 18 U.S.C. § 3238, Defendants, through counsel, respectfully move to dismiss the Indictment returned against them in October 2013 (the "2013 Indictment") for lack of proper venue. The facts and legal arguments supporting this supplemental motion are set forth below.

Defendants originally moved to dismiss this prosecution for lack of venue in January 2009.[1] On February 2, 2014, Defendants filed a renewed motion incorporating and adopting the pleadings filed in support of the 2009 motion.[2] In that renewed motion, Defendants asserted that nothing material had changed with respect to the motion, which is true of the basic law governing venue and almost all of the on-the-ground conduct charged in the Indictment. However, on further analysis the Superseding Indictment returned on October 17, 2013 (ECF

---

[1] In particular, the Defendants filed a Motion to Dismiss for Lack of Venue and an accompanying Memorandum of Points and Authorities on January 13, 2009 (ECF No. 35). The government filed an Opposition to the Motion to Dismiss on January 27, 2009 (ECF No. 50), and the Defendants filed a Reply to the Government's Opposition on February 3, 2009 (ECF No. 55).

[2] Defendants' Renewed Motion to Dismiss for Lack of Venue and Incorporated Statement of Points and Authorities (ECF No. 390).

No. 340) contains material differences with respect to its allegations (or lack thereof) concerning any alleged joint offender. Those differences have critical effect in determining whether there is venue for this prosecution under 18 U.S.C. § 3238.

Through this supplemental motion, Defendants raise additional points in support of their venue challenge that are based on the text of the 2013 Indictment, which fails on its face to allege facts establishing venue in the District of Columbia for each of the charged counts. For this reason, based only on the face of the 2013 Indictment, the Indictment must be dismissed. *See United States v. Engle*, 676 F.3d 405, 415 n.6 (4th Cir. 2012). In addition, when the Court considers the additional factual proffers that are already on the record for purposes of assessing whether the Government has proven by a preponderance of the evidence that venue is proper for all charged counts, the 2013 Indictment reflects that cooperating witness Jeremy Ridgeway was not a "joint offender" with the Defendants for purposes of section 3238. *See United States v. Hong Vo*, No. 13-CR-168, __ F. Supp. 2d __, 2013 WL 5739339, at *7 (D.D.C. Oct. 17, 2013) (reaching merits of section 3238 venue question pretrial when both parties agreed to basic facts but disputed their legal significance). For these reasons and those previously briefed, the 2013 Indictment must be dismissed. *Id.* at *13 (finding of improper venue requires dismissal because district court has no power to transfer case to a proper venue).

## **PROCEDURAL BACKGROUND**

The parties' filings and argument submitted on the Defendants' 2009 motion to dismiss for lack of venue established agreement on two central points. First, venue in this case is governed by 18 U.S.C. § 3238 ("Offenses not committed in any district"). Second, the Government's sole legal theory for why venue in the District of Columbia is proper is that an alleged "joint offender" of the Defendants, Jeremy P. Ridgeway, was "arrested" in this District

2

when he traveled here voluntarily to be arraigned upon and plead guilty before this Court to a two-count Information in connection with his individual actions in Nisur Square on September 16, 2007. The Defendants challenged this theory of venue under Section 3238 on three grounds: (1) that Mr. Ridgeway was not "arrested" in the District of Columbia (ECF No. 35 at 8-10; ECF No. 55 at 4-7), (2) that Mr. Ridgeway was not a "joint offender" with the Defendants (ECF No. 35 at 10-13; ECF No. 55 at 7-10), and (3) that any venue found to exist in the District of Columbia should be rejected because it was "manufactured" for the convenience of the Government (ECF No. 35 at 13-18; ECF No. 55 at 10-11). The Defendants also argued that trial in the District of Columbia would violate their constitutional rights to proper vicinage (ECF No. 35 at 18-22). The Defendants incorporate by reference all of these arguments and assert that the 2013 Indictment must be dismissed for lack of venue on the same grounds.

This supplemental motion raises additional points in support of the second argument above, that Mr. Ridgeway was not a "joint offender" with the Defendants with respect to any of the counts in the Superseding Indictment. For this reason based on the 2013 Indictment, as well as those briefed and argued in 2009, the Indictment must be dismissed for lack of venue.

## ARGUMENT

### I. The 2013 Indictment Fails to Allege Facts Adequate to Support Venue in the District of Columbia for Each Charged Count

The Government bears the burden to allege facts in an indictment that are sufficient to establish venue as to each charged count. *Engle*, 676 F.3d at 413. Yet, the 2013 Indictment *eliminated* assertions that were present in the 2008 Indictment that, for every count, "another joint offender known to the grand jury" participated in the offense. *Compare* Exhibit A (2008 Indictment) *with* Exhibit B (2013 Indictment).

In its defense of the venue allegations of the 2008 Indictment, and as support for its argument that Mr. Ridgeway was a "joint offender" with the Defendants for purposes of Section 3238, the Government emphasized the following features of the 2008 Indictment that, it suggested, established a count-by-count symmetry between the offenses committed by Mr. Ridgeway and those charged against the Defendants:

- "All of the defendants have been charged jointly with all of the offenses alleged in the indictment."  ECF No. 50 at 2.

- Mr. Ridgeway was identified as "another joint offender known to the Grand Jury" in each count of the indictment.  *Id*. at 2-3.

- "[A]ll of the defendants are charged jointly, and under an aiding and abetting theory" with the same two crimes to which Mr. Ridgeway pleaded guilty, *i.e*., Voluntary Manslaughter with respect to the killing of Mahassin Mohssen Kadhum Al-Khazali and Attempted Manslaughter with respect to Abdul Wahab Abdul Qadar Al-Qalamchi.  *Id*. at 3.

Not a single one of these assertions remains true with respect to the 2013 Indictment. Instead, the 2013 Indictment contains only a general assertion, incorporated by reference in each count, that venue is proper because "the conduct alleged in this Indictment occurred outside of the jurisdiction of any particular State or district and [] another joint offender known to the Grand Jury [was] arrested in the District of Columbia."  Exhibit B at ¶ 4.  Furthermore, the 2013 Indictment no longer charges the Defendants jointly with all of the alleged offenses.  Rather, it charges the Defendants together in some counts, but also charges two of the Defendants *individually* with other counts.  *See* Exhibit B at ¶ 5 (charging Mr. Slatten individually with Count 1), ¶ 11 (charging Mr. Slough individually with Counts 31 and 32).  Finally, the 2013 Indictment charges *none* of the Defendants with the Attempted Manslaughter offense involving Mr. Al-Qalamchi to which Mr. Ridgeway pled guilty.  *See* Exhibit C at ¶¶ 12, 15.

In this case, where the Government has conceded that its burden of pleading and establishing venue with respect to each count depends wholly upon a showing that Mr. Ridgeway was a "joint offender" who was "arrested" in the District of Columbia, these shifts in the language of the 2013 Indictment render it facially defective.  The generalized venue statement contained in paragraph 4 of the 2013 Indictment contains no indication of what *particular conduct* described in the Indictment is alleged to have involved a "joint offender" arrested in this District.  This omission is a stark departure from the language of the 2008 Indictment, and the 2013 Indictment fails on its face to satisfy the requirement that an indictment allege facts adequate to show that venue lies "as to each count."  *Engle*, 676 F.3d at 413.  *See United States v. Brodie*, 524 F.3d 259, 273 (D.C. Cir. 2008); *Hong Vo*, 2013 WL 5739339, at *2.

Moreover, the inclusion in the 2013 Indictment of three Counts (1, 31, and 32) charging *individualized* conduct by Defendants Slatten and Slough without any alleged participation of any other Defendant or "joint offender" renders the venue allegations plainly insufficient as to those Counts.  *See Engle*, 676 F.3d at 413; *Hong Vo*, 2013 WL 5739339, at *13; *United States v. Cobar*, No. 05-451 (RCL), 2006 WL 3289267, at *5 (D.D.C. Nov. 9, 2006).  The presence in the 2013 Indictment of individually-charged counts also exposes even more clearly the facial inadequacy of the generalized venue statement in paragraph 4: what "conduct alleged in this Indictment" involved a "joint offender" who was arrested in the District of Columbia?  It clearly could not have been the conduct described in Counts 1, 31, or 32, each of which is alleged only against an individual Defendant.  But the Indictment ultimately fails to include *any* factual allegation that further illuminates the role that the alleged "joint offender" is alleged to have played in *any* of the charged counts.  *See generally* Exhibit B (2013 Indictment containing no allegations regarding Mr. Ridgeway other than conclusory reference to a "joint offender" in

Paragraph 4). The 2013 Indictment therefore must be dismissed as facially defective in its allegations of venue with respect to each count charged against the Defendants.

While it does not bear directly on the facial adequacy of the 2013 Indictment, the deletion of the formerly-indicted Count charging the Defendants with participating in the attempted manslaughter offense involving Mr. Al-Qalamchi (to which Mr. Ridgeway pled guilty, Exhibit C at ¶¶ 12, 15) also highlights a central flaw of the Government's approach to venue in this case. On the one hand, the Government has hung its venue hat on an arranged and non-custodial "joint offender" arrest in the District convenient for the Government rather than prosecuting the Defendants in the jurisdiction where they were actually arrested (the District of Utah). On the other hand, the Government's charging decisions expose its venue analysis to be directly at odds with the nature of the crimes it is prosecuting. The offenses alleged are individual assault crimes that arose in the heat of combat; that involved no pre-planning, agreement, or "joint" conduct whatsoever; and the prosecution of which will depend upon evidence of the individual perceptions and states of mind of each Defendant with respect to each charged action. The Government apparently reached this conclusion as to the Al-Qalamchi count when, by declining to reindict it, it held Mr. Ridgeway exclusively accountable for that assault. It further reached this conclusion as to Counts 1, 31, and 32, when it elected to charge those counts individually against Mr. Slatten or Mr. Slough respectively. By the same reasoning, and as discussed next, Mr. Ridgeway was *not* a "joint offender" with the Defendants for purposes of any of the similar offenses with which they are charged.

## II. Mr. Ridgeway Was Not a "Joint Offender" For Purposes of Section 3238

In the 2009 venue pleadings, the Defendants argued that Mr. Ridgeway is not a "joint offender" because the offenses to which he pled guilty, and on which he allegedly was arrested,[3] were individual ones committed by him without "joint" participation by the Defendants. As already noted, the Government's subsequent charging decisions bolster this argument – for three charged Counts in the 2013 Indictment (Counts 1, 31, and 32) and for one offense to which Mr. Ridgeway alone pleaded guilty, the Government has conceded, through its decision to charge those offenses individually, that they are not "joint" offenses. As to those Counts, Mr. Ridgeway plainly could not be a "joint offender," and Counts 1, 31, and 32 must be dismissed for lack of venue. While the 2013 Indictment continues to charge all the Defendants with the remainder of the manslaughter and attempted manslaughter Counts, the Government still has not shown, as it must to sustain its burden of establishing venue in this District for each of those Counts, that Mr. Ridgeway was a "joint offender" as to every one of those charged crimes. *See Hong Vo*, 2013 WL 5739339, at *2 ("The government bears the burden of proving by a preponderance of the evidence that venue is proper with respect to each count charged against the defendants."); *United States v. Morgan*, 393 F.3d 192, 195 (D.C. Cir. 2004) (same).

In its 2009 pleadings, the Government claimed that Mr. Ridgeway was a "joint offender" only by avoiding examination of the individual offenses with which he was actually charged (one of which the Government now has acknowledged involved no joint offenders) and focusing on the surrounding circumstances of his offenses, *i.e.*, that they arose in "a single criminal episode committed on the same day at the same location by a group of men all traveling together in the

---

[3] As previously noted, the Defendants dispute that Mr. Ridgeway ever was "arrested" within the meaning of section 3238 and incorporate by reference their prior pleadings addressing that issue.

7

same convoy." ECF No. 50 at 12. The Government cited no authority for its "single criminal episode" standard, and we have found no Court that has articulated that standard or approved of the Government's suggestion that alleged criminal conduct that occurs contemporaneously is, for that reason alone, "joint."

Instead, cases in which venue under section 3238 has been analyzed by reference to the arrest of a "joint offender" have all involved charges alleging collaborative and/or conspiratorial criminal schemes. *See, e.g., United States v. Pearson*, 791 F.2d 867, 868-870 (11th Cir. 1986) (conspiracy to distribute and import marijuana and related offenses); *United States v. Levy Auto Parts of Canada*, 787 F.2d 946, 947-949 (4th Cir. 1986) (conspiracy to violate the Arms Export Control Act); *Hong Vo*, 2013 WL 5739339, at *10 (conspiracy to violate the bribery and visa fraud statutes). This approach is consistent with the plain meaning of "joint" offender. *See Black's Law Dictionary* 837 (6th ed. 1990) ("joint" defined as "united; combined; undivided; done by or against two or more unitedly; shared by or between two or more; coupled together in interest or liability"). And it confirms that the offenses charged in this case – voluntary manslaughter, attempted manslaughter, and the use of firearms in connection with these offenses – cannot constitute "joint" crimes in the absence of some evidence that the Defendants and the alleged "joint offender" acted in concert with each other (not just contemporaneously in the same location) to accomplish a mutually desired end.

Nothing in the plea materials relating to the offenses to which Mr. Ridgeway pled guilty, and nothing alleged in the 2013 Indictment, offers anything approaching evidence of crimes involving a shared intent. To the contrary, the factual proffer in support of Mr. Ridgeway's plea makes clear that the offenses on which he allegedly was "arrested" were premised entirely on his own professed state of mind. *See* Exhibit C at ¶ 9 ("At the time he fired those rounds into the

white Kia sedan, defendant Ridgeway intended to kill the passenger of that vehicle"); *id*. at ¶ 12 ("At the time he fired those rounds into the white Chevrolet Celebrity, defendant Ridgeway intended to kill the driver of that vehicle."); *id*. at ¶ 13 ("When defendant Ridgeway fired his assault rifle into the white Kia sedan and the white Chevrolet Celebrity, he acted knowingly, unlawfully, purposefully, and not by accident, inadvertence, or mistake, or with any legal excuse or justification."). Indeed, Mr. Ridgeway's factual proffer emphasized that under the State Department's Mission Firearms Policy governing the Defendants' actions, "the reasonableness of a belief or decision must be viewed *from the perspective of the individual on the scene, who may often be forced to make split second decisions.*" *Id*. at ¶ 6 (emphasis added); *see also id*. at ¶ 13 ("Defendant Ridgeway's use of deadly force in both instances was not objectively reasonable under all of the circumstances *as they appeared to him at the time*") (emphasis added).

The recent decision by the Honorable John D. Bates in *Hong Vo*, in which the Court found that venue in the District of Columbia was improper as to twenty-six out of twenty-seven counts of an indictment, supports the conclusion that the "arrest" of an offender for offenses tied so closely to his individual conduct and state of mind will not render him a "joint offender" for purposes of section 3238. In pertinent part, Judge Bates first examined whether the arrest in Colorado of one defendant on a conspiracy charge established venue there with respect to related bribery and visa counts that subsequently were indicted in the District of Columbia. 2013 WL 5739339, at *8. The Court first noted that venue is established under section 3238 when an offender is "arrested," *i.e*., "first restrained of his liberty *in connection with the offense charged*." *Id*. at *7 (emphasis in original; citations omitted). The court addressed "an issue of first impression in this Circuit" regarding "the required level of connection between the first restraint and the offense charged," for which proper venue is at issue. *Id*. at *8. On this question, the

National Security Section of the United States Attorney's Office (the same section prosecuting the case at bar) took the legal position that an arrest of an offender establishes venue in a District *only* with respect to the exact offense of arrest (there, conspiracy) and not as to any additional related offenses that may be brought in a future indictment.[4] *See id*. at *9 (noting that the Government was advancing "an 'offense-specific' interpretation [of section 3238]: in other words, venue is proper where the defendant was first arrested *for the specific offense charged*") (emphasis added; internal quotation marks and citation omitted). The Defendants invite the Court to accept that position embraced by the Government in *Hong Vo* (in October 2013), as it would resolve the venue matter and establish that, at most, venue is proper in the District of Columbia only as to Count Two (charging voluntary manslaughter with respect to Mahassin Mohssen Kadhum Al-Khazali), which is the only Count that overlaps with the offenses to which Mr. Ridgeway pled guilty.

Judge Bates ruled otherwise, concluding that "[i]t is enough to find that, here, the required connection is present because Hong Vo's initial arrest was very closely related to the bribery and visa fraud counts: she was arrested on a charge of *conspiracy to violate certain statutes* and subsequently charged in a superseding indictment with overt acts violating those same statutes, *all based on the same criminal scheme*." *Hong Vo*, 2013 WL 5739339, at *9 (emphasis added). Here, separate and apart from the question whether Mr. Ridgeway was a "joint offender" for purposes of section 3238, *Hong Vo* illustrates that he was not arrested "in connection with the offense[s] charged" against these Defendants because, unlike in *Hong Vo*, there was no overarching conspiracy count or "criminal scheme" that subsumed the individual

---

[4] The National Security Section's pleading on this legal question is attached as Exhibit D. It is signed by a member of the prosecuting team in this case.

offenses on which the Defendants were indicted.  Instead, Mr. Ridgeway was "arrested" only with respect to counts based on his individual conduct.  *See* Exhibit C (Ridgeway plea proffer).

In *Hong Vo*, Judge Bates separately analyzed whether another defendant who was detained on a material witness warrant in Colorado was arrested as a "joint offender" even though she was not then formally charged with any offense.  *Hong Vo*, 2013 WL 5739339, at *11.  The Court concluded that defendant was, indeed, a "joint offender" at that time because the material witness warrant named her "*as a coconspirator* and target of the investigation," alleged "that she *jointly committed* the offenses with which she ultimately was charged," and disclosed that she was "suspected of *concerted* criminal activity."  *Id*. at *12 (internal quotation marks and citations omitted; emphases added).  Unlike the material witness warrant in *Hong Vo*, the arrest documents filed here in connection with Mr. Ridgeway's guilty plea alleged no "joint" or "concerted" conduct that would render him a "joint offender" with the Defendants on the charges on which they have been indicted.  *See* Exhibit C.  As the Defendants have consistently maintained, allegations that *separate* individuals committed *individual* offenses in a common forum do not establish them as "joint offenders" for purposes of section 3238 in the absence of evidence that they acted *in concert* and with a *shared purpose* to commit the offenses charged.  Because this case contains no such allegations or proffered evidence, the arranged "arrest" of Mr. Ridgeway in this District on the individual charges to which he pled guilty does not alter the proper venue for these Defendants under section 3238.  That venue is the District where these Defendants were arrested, the District of Utah.  *See Cobar*, 2006 WL 3289267, at *5.

**CONCLUSION**

For these reasons and those set forth in the Defendants' previous pleadings, the 2013 Indictment must be dismissed for lack of venue. It is facially deficient in its allegations of venue as to each count charged. In addition, no defendant or "joint offender" was "arrested" here in connection with the offenses charged. The only venue in which the Defendants may be tried is the District of Utah, where they all were first arrested on the indicted charges. Accordingly, the 2013 Indictment must be dismissed.

Dated: March 14, 2014                    Respectfully submitted,


 /s/ David Schertler
David Schertler (No. 367203)
Danny Onorato (No. 380043)
Lisa Schertler (No. 430754)
Schertler & Onorato, L.L.P.
575 – 7th Street, N.W., Suite 300 South
Washington, D.C.  20004
Telephone:  (202) 628-4199
*Counsel for Defendant Dustin L. Heard*


/s/ Brian M. Heberlig
Brian M. Heberlig (No. 455381)
Michael J. Baratz (No. 480607)
Bruce C. Bishop (No. 437225)
Linda C. Bailey (No. 985081)
Scott P. Armstrong (No. 993851)
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
Telephone:  (202) 429-3000
*Counsel for Defendant Paul A. Slough*


/s/  Thomas G. Connolly
Thomas G. Connolly (No.420416)
Steven A. Fredley (No. 484794)
Wiltshire & Grannis LLP
1200 Eighteenth Street, N.W., Suite 1200

Washington, D.C. 20036
Telephone: (202) 730-1300
*Counsel for Defendant Nicholas A. Slatten*

/s/ William Coffield
William Coffield (No. 431126)
Coffield Law Group LLP
1330 Connecticut Avenue, N.W., Suite 220
Washington, DC 20036
Telephone: (202) 429-4799
*Counsel for Defendant Evan S. Liberty*

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of March 2014, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Anthony Asuncion
T. Patrick Martin
Christopher Kavanaugh
John Crabb, Jr.
David Mudd
United States Attorney's Office
for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530

/s/ David Schertler
David Schertler