# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 13-168-4 (JDB) |
| HONG CHAU VO, | : |
| Defendant. | : |

## GOVERNMENT'S SUPPLEMENTAL BRIEF CONCERNING VENUE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits this supplemental brief regarding the propriety of venue in this District.

### I. Co-Defendant Binh Vo's Arrest Does Not Affect the Propriety of Venue in this District.

On September 25, 2013, co-defendant defendant Binh Vo arrived on a flight from Seoul, South Korea at Dulles International Airport located in Dulles, Virginia. He was then arrested and transported in custody to an office of the Diplomatic Security Service located in Rosslyn, Virginia for processing, and then to the Central Detention Facility located in the District of Columbia. On September 26, 2013, co-defendant Binh Vo was presented before Magistrate Judge John M. Facciola and arraigned on the superseding indictment with which he had been charged jointly with co-defendants Hong Vo, Truc Huynh, Anhdao Nguyen, and Michael Sestak.

The extraterritorial venue statute, 18 U.S.C. § 3238, provides that: "the trial of all offenses . . . out of the jurisdiction of any particular State or district shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or first brought." "Courts have consistently interpreted 'arrested' in § 3238 to mean that venue is in that district where the defendant is first restrained of his liberty in connection with the offense

1

charged." United States v. Catino, 735 F.2d 718 (2d Cir. 1984). Because co-defendant Binh Vo is a joint offender who was arrested on these charges at Dulles International Airport located in the Eastern District of Virginia, his arrest does not affect the propriety of venue in the District of Columbia.[1]

### II. Venue is Also Proper in this District on Counts 2 through 27 Because Defendant Hong Vo Was "Arrested" on These Counts in this District.

Because Defendant Hong Vo was "arrested" in the District of Columbia on Counts 2 through 27, venue is proper in this district for these counts and the Court can find venue is proper for these counts on this basis alone.

In support, the government points the Court to the case of United States v. Wharton, 320 F.3d 526 (5th Cir. 2003). In Wharton, the defendant participated in a scheme in which he took out over $2 million in life insurance coverage on his girlfriend with the initial intent that the two would travel to Haiti, fake her death, return to the United States with a false death certificate, and reap the proceeds of the life insurance policies. 320 F.3d at 529-30. The defendant and his wife traveled to Haiti, where – according to the government's theory at trial – the girlfriend began to back out of the plan. Id. Instead, the defendant (conspiring with others) killed her, and he claimed the proceeds for the life insurance policies. Id.

The Western District of Louisiana filed a complaint against the defendant, which charged one count of insurance fraud in violation of 18 U.S.C. § 1341. Id. at 536. The defendant was

---

[1] The government is not aware of any authority supporting the interpretation that the term "first brought" in § 3238 means the District in which the offender is first presented. Rather, the term "first brought" appears to apply only in situations where an offender is arrested outside of the United States and refers to the District into which he first physically arrives. See United States v. Catino, 735 F.2d 718, 724 (2d Cir. 1984) ("the term 'first brought' [] applies only in situations where the offender is returned to the United States already in custody"). Thus, even if Defendant Binh Vo had been arrested prior to his arrival at Dulles International Airport, he still would have been "first brought" into the Eastern District of Virginia, and the effect on venue is the same.

arrested in Fort Meyers, Florida, in the Middle District of Florida on this complaint, and after an initial hearing, was transported in custody to the Western District of Louisiana. Id. After he arrived in Louisiana, a grand jury indicted the defendant on conspiracy, mail fraud, and wire fraud charges. Id. Then, while the defendant was still in custody in the Western District of Louisiana, a grand jury returned a superseding indictment charging the defendant with one count of foreign murder of a U.S. national, in violation of 18 U.S.C. § 1119, in addition to all the previous charges. Id. The defendant was convicted at trial on all counts. Id.

On appeal, the defendant argued that the Western District of Louisiana was an improper venue for foreign murder of a U.S. national charge and that, given his arrest in the Middle District of Florida on charges related to the same conduct, venue properly rested in that district. The Fifth Circuit rejected this argument, stating that, for purposes of 18 U.S.C. § 3238, "[the defendant] was not 'arrested' on the foreign murder charge until he was in Louisiana." Id. at 536. In other words, because the defendant was in custody in Western District of Louisiana at the time when the grand jury returned its superseding indictment charging him with the foreign murder of a U.S. national, venue was appropriate in that district. Finding the situation "analogous" to the Second Circuit's decision in Catino, see *Government's Opposition to Defendant Hong Vo's Motion to Dismiss* [Dkt. No. 65] ("Govt's Venue Opp.") at p.13, the Wharton court held that because "[t]he Western District of Louisiana is the district where he was 'first restrained' on the foreign murder charge . . . venue properly rests in that district." Id. at 537.

Here, we have precisely the same situation as in Wharton. On May 8, 2013, defendant Hong Vo was arrested in the District of Colorado on a complaint charging her with one count of conspiracy in violation of 18 U.S.C. § 371. Venue in this district for this charge was predicated

3

upon an overt act in furtherance of the conspiracy having occurred here. See 18 U.S.C. § 3237 and (Govt's Venue Opp, Section V, pp. 14-25). The defendant was transported in custody to Washington, D.C. and arrived here on June 10, 2013. On June 11, 2013, a grand jury returned an indictment charging Hong Vo and her four co-defendants with one count of conspiracy in violation of 18 U.S.C. § 371, the same charge for which she had been arrested on a complaint. On July 9, 2013, a grand jury returned an indictment charging Hong Vo and her four co-defendants with one count of conspiracy in violation of 18 U.S.C. § 371 as well as 26 additional counts of bribery and visa fraud in Counts 2 through 27 of the Superseding Indictment. Just like the defendant in Wharton, at the time the defendant was indicted and charged with Counts 2 through 27, she was in the District of Columbia, and thus, she was "arrested" for purposes of 18 U.S.C. § 3238 in this District. Accordingly, in addition to those reasons stated in the government's previously-filed opposition, this is yet another grounds upon which venue is proper in this District for Counts 2 through 27 of the Indictment.[2,3]

---

[2] Even if Hong Vo had not been in this district at the time of the superseding indictment, venue would still be proper on Counts 2 through 27 on this basis. Co-defendants and joint offenders Michael Sestak and Truc Huynh were also in this district at the time the grand jury returned the superseding indictment in which they were jointly charged with Hong Vo in Counts 2 through 27. Accordingly, they too were "arrested" for purposes of § 3238 on these counts in this district. Because Sestak and Huynh were arrested on these counts in this district, this Court would be the proper venue for these counts with respect to Hong Vo, a joint offender, even if she had not been in this district at the time of the superseding indictment.

[3] The government recognizes that this supplemental brief goes beyond the scope of the Court's request, and it also recognizes that this additional ground for venue ideally would have been included in its initial opposition. However, given the recent discovery of this authority and the defendant's notice of his intent to supplement his motions to dismiss for lack of venue, the government felt obligated to bring this authority to the Court's attention before ruling on the defendant's motion, which the government believes to be dispositive with respect to Counts 2 through 27.

## CONCLUSION

WHEREBY, the government submits this supplemental brief concerning venue and respectfully requests that the Court deny the Defendant's Motions.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney
D.C. Bar No. 447889

By: _____/s/_____
Christopher R. Kavanaugh
Assistant United States Attorney
Virginia Bar 73093
National Security Section
555 4th Street, N.W., 11th floor
Washington, D.C. 20530
(202) 252-6977
Christopher.Kavanaugh@usdoj.gov

Brenda J. Johnson
Assistant United States Attorney
D.C. Bar No. 370737
(202) 252-7801
Brenda.Johnson@usdoj.gov
National Security Section
555 4th Street, N.W., 11th floor
Washington, D.C. 20530

Catherine K. Connelly
Assistant United States Attorney
(202) 252-7732
Catherine.Connelly2@ usdoj.gov
Asset Forfeiture Money Laundering Section
555 4th Street, N.W., 4th floor
Washington, D.C. 2053