United States Court of Appeals
For The District of Columbia Circuit

**No. 14-3007**                                                **September Term, 2013**

1:08-cr-00360-RCL

**Filed On:** April 7, 2014

In re: Nicholas Abram Slatten,

        Petitioner

**BEFORE:**    Garland, Chief Judge; Williams and Ginsburg, Senior Circuit Judges

## ORDER

Upon consideration of petitioner's emergency petition for writ of mandamus and the response thereto, it is

**ORDERED** that the petition for writ of mandamus be granted and the district court is hereby directed to enforce the mandate issued June 5, 2012, in *United States v. Slough*, No. 10-3006.

Petitioner Slatten seeks a writ of mandamus to prevent the district court from expanding the scope of our prior mandate in *United States v. Slough*. In *Slough* the government appealed the district court's decision to dismiss without prejudice the indictments of five defendants, including Slatten. The government conceded to us, both in its briefs and at oral argument, that Slatten's indictment was infirm. In our *Slough* opinion, 641 F.3d 544 (D.C. Cir. 2011), which our *Slough* mandate incorporated by reference, Mandate, No. 10-3006 (June 5, 2012), we therefore explained, "We reverse and remand as to four of the defendants; the government itself moved to dismiss the indictment against Nicholas Slatten, without prejudice to possible later re-indictment, and the district court's grant of the motion has taken Slatten out of the case for now." 641 F.3d at 547. No other words in our opinion undercut or qualified that proposition. Our mandate reversing and remanding the district court clearly applied only to Slatten's four co-defendants.

The district court, in ruling on Slatten's motion to dismiss the government's new indictment as time barred, construed our mandate in *Slough* to mean that we actually did reverse the district court's earlier dismissal of Slatten's indictment. *United States v. Slatten*, No. 08-360, slip op. at 1 (D.D.C. Feb. 18, 2014) (memorandum opinion accompanying order denying Slatten's motion to dismiss). Our mandate and the opinion that it enforces had no such effect. An adverse ruling on a motion to dismiss an indictment would ordinarily be appropriately reviewed on direct appeal from any ensuing conviction (if indeed the defendant should be convicted), and the availability of such review would normally preclude relief by way of mandamus. See *Roche v. Evaporated*

United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 14-3007**                                         **September Term, 2013**

*Milk Ass'n*, 319 U.S. 21, 29-30 (1943). But Slatten is asking us merely "to correct a misconception of the scope and effect" of our prior mandate, a well-established function of mandamus. *Yablonski v. United Mine Workers of America*, 454 F.2d 1036, 1038 (D.C. Cir. 1971) (citing *United States v. Haley*, 371 U.S 18 (1962)); see also *Will v. United States*, 389 U.S. 90, 95-96 (1967) ("[T]he writ has been invoked . . . where it was necessary to confine a lower court to the terms of an appellate tribunal's mandate . . . ." (citing *United States v. United States District Court*, 334 U.S. 258 (1948)); *Int'l Ladies' Garment Workers' Union v. Donovan*, 733 F.2d 920, 922 (D.C. Cir. 1984) (identifying "the interest of the judicial branch in seeing that an unambiguous mandate is not blatantly disregarded by parties to a court proceeding").

We therefore grant Slatten's petition for writ of mandamus in order to direct the district court that our prior mandate cannot be read as reversing the district court's order dismissing the indictment against Slatten.

Pursuant to Rule 36 of this Court, this disposition will not be published.

**Per Curiam**

                                          **FOR THE COURT:**
                                          Mark J. Langer, Clerk

                                   BY:    /s/
                                          Jennifer M. Clark
                                          Deputy Clerk