**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                                   |   |                              |
|-----------------------------------|---|------------------------------|
| **UNITED STATES OF AMERICA**      | ) |                              |
|                                   | ) |                              |
| v.                                | ) | Crim. No. CR-08-360 (RCL)    |
|                                   | ) |                              |
| **NICHOLAS A. SLATTEN,**          | ) | Judge Royce C. Lamberth      |
|                                   | ) |                              |
| **Defendant.**                    | ) |                              |
|                                   | ) |                              |

## MOTION TO ENFORCE WRIT OF MANDAMUS

On April 7, 2014, the Court of Appeals granted Nicholas A. Slatten's emergency petition for a writ of mandamus and declared unambiguously that this Court's December 31, 2009, dismissal of the indictment against Mr. Slatten was never reversed on appeal. In light of the Court of Appeals' writ of mandamus there is no viable basis for maintaining the present charges against Mr. Slatten. Accordingly, Mr. Slatten, through counsel, seeks the enforcement of the D.C. Circuit's writ of mandamus and, in accordance with that writ, the dismissal of the present indictment against him.[1]

This Court and the government have both correctly noted that if the Court of Appeals affirmed the 2009 dismissal of the indictment against Mr. Slatten, the present indictment is invalid. *See* Mem. Op. at 1 (ECF No. 388) ("The parties agree that if the Court of Appeals upheld the dismissal, then the indictment before the Court now is untimely and must be dismissed . . . ."); Gov't's Mem. Regarding Def. Slatten's Status as a Party at 11-12 (ECF No.

---

[1] Counsel has conferred with the government regarding the dismissal of Mr. Slatten. Despite the government's concessions before this Court and the Court of Appeals that the effect of the Court of Appeals granting the writ of mandamus means the present indictment is invalid, the government has not moved to dismiss the indictment. The government has informed counsel that in the next few days it intends to file with the Court of Appeals a request for a rehearing, or in the alternative, a request to recall the mandate.

264) (conceding that if the order dismissing Slatten became final on June 6, 2012, a new indictment would be barred). Before this Court the government therefore argued—and the Court agreed—that the Court of Appeals' June 5, 2012, mandate did in fact reverse Mr. Slatten's dismissal making the present indictment valid.

On April 7, 2014, the D.C. Circuit granted Mr. Slatten's emergency petition for a writ of mandamus and rejected the government's interpretation of the Court of Appeals' mandate. In granting the writ, the Court of Appeals explained:

> The government conceded to us, both in its briefs and at oral argument, that Slatten's indictment was infirm. In our *Slough* opinion, which our *Slough* mandate incorporated by reference, we therefore explained, "We reverse and remand as to four of the defendants; the government itself moved to dismiss the indictment against Nicholas Slatten, without prejudice to possible later re-indictment, and the district court's grant of the motion has taken Slatten out of the case for now." *No other words in our opinion undercut or qualified that proposition. Our mandate reversing and remanding the district court clearly applied only to Slatten's four co-defendants.*
>
> The district court, in ruling on Slatten's motion to dismiss the government's new indictment as time barred, construed our mandate in *Slough* to mean that we actually did reverse the district court's earlier dismissal of Slatten's indictment. *Our mandate and the opinion that it enforces had no such effect.*

Order at 1 (ECF No. 415) (emphasis added) (internal citations omitted).

Now that the dispute concerning the meaning and scope of the Court of Appeals' mandate has been definitively resolved, the indictment against Mr. Slatten cannot survive. Indeed, the government conceded in its response to Mr. Slatten's petition for a writ of mandamus that if the Court of Appeals granted the mandamus relief, "the government would be precluded from trying Slatten." Resp't's Answer to Pet'r's Emergency Pet. for Writ of Mandamus at 26. And that is precisely what the Court of Appeals' grant of the mandamus relief demands.

The writ of mandamus "direct[s] the district court that [the Court of Appeals'] prior mandate cannot be read as reversing the district court's order dismissing the indictment against

Slatten." Order at 2 (ECF No. 415). As so ordered, the writ of mandamus compels this Court to dismiss the present indictment against Mr. Slatten.

Date: April 16, 2014                                                         Respectfully submitted,

                                                                      /s/ Steven Fredley
                                        Thomas G. Connolly
                                        Steven A. Fredley
                                        Jared P. Marx
                                        WILTSHIRE & GRANNIS LLP
                                        1200 Eighteenth St., N.W.
                                        Washington, D.C. 20036
                                        Telephone: (202) 730-1300
                                        Facsimile:  (202) 730-1301
                                        Email:  tconnolly@wiltshiregrannis.com
                                        Email:  sfredley@wiltshiregrannis.com
                                        Email:  jmarx@wiltshiregrannis.com

                                        *Counsel for Nicholas Slatten*

## CERTIFICATE OF SERVICE

     I hereby certify that on this 16th day of April 2014, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

                                                          /s/ Steven Fredley
                                                             Steven Fredley