**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) )  ) |
| v. | ) )   No. 1:08-cr-360 (RCL) |
| PAUL A. SLOUGH,<br>NICHOLAS A. SLATTEN,<br>EVAN S. LIBERTY, and<br>DUSTIN L. HEARD. | ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO
SUPPLEMENTAL MOTION TO DISMISS FOR LACK OF VENUE**

The Government's opposition to the Defendants' supplemental motion to dismiss this case for lack of venue demonstrates clearly why this prosecution cannot be sustained in the District of Columbia. The Government has long conceded that the propriety of venue in this District rests exclusively on two legal propositions, (1) that Jeremy Ridgeway is a "joint offender" with the Defendants under 18 U.S.C. § 3238 *for purposes of every indicted count*, and (2) that Mr. Ridgeway was "arrested" in the District of Columbia when he accompanied FBI agents to court to enter a pre-arranged guilty plea. The Government now has also acknowledged that, in its effort to take "a more focused approach" to charging in this case (ECF No. 421 at 3), it did *not* include in the 2013 Indictment any allegation that the relevant "joint offender" (Mr. Ridgeway) participated in any one or more *particular* charged offenses. Because an indictment must adequately allege facts that would establish venue *as to each count*, the Government's "focused" charging approach has resulted in fatally blurred venue allegations that require dismissal of this indictment. In addition, as shown below, the Government's renewed arguments for why Mr. Ridgeway constitutes a "joint offender" who engaged in "concerted conduct" with

the Defendants collapse under the plain meaning of those terms.  Finally, while the Government oddly chides the Defendants for "spill[ing] much ink" (*Id*. at 6 n.3) on a recent, published opinion from this District – and one of the few opinions of *any* court to address substantive aspects of the "joint offender" provision of Section 3238 in any detail – it also strategically elected not to respond to the legal arguments that the Defendants have raised based on *United States v. Hong Vo*, No. 13-CR-168, __ F. Supp. 2d __, 2013 WL 5739339 (D.D.C. Oct. 17, 2013).  Because the Government has "spilled no ink" on these issues, we ask the Court to treat them as conceded under Local Criminal Rule 47(b).

## ARGUMENT

### I. The 2013 Indictment is Facially Defective as to Venue

The Government acknowledges that an indictment must adequately allege venue "for each charged count."  ECF No. 421 at 2.  The Government avoided any facial challenge to the 2008 Indictment on venue grounds by alleging in every count that "another joint offender known to the Grand Jury" committed the offense with the charged Defendants.  Moreover, because all of the offenses in the 2008 Indictment were charged against all of the Defendants and the known joint offender, that indictment, at least on its face, portrayed the offenses as having been committed in some "joint" fashion.  The Government acknowledges that, in the 2013 Indictment, it has abandoned its previous count-by-count allegations of participation in every offense by a known "joint offender" and has substituted a repeated, vague statement that a "joint offender" was arrested in the District of Columbia.  *Id*. at 2-3.  The 2013 Indictment is entirely silent on *which offenses* the joint offender allegedly participated in, however.  Nor does the 2013 Indictment imply, as the 2008 Indictment did, that *all* the charged offenses were committed in a joint fashion by all the Defendants and the joint offender.  It instead takes "a more focused

2

approach" by charging certain offenses (Counts 1, 31, and 32) against single individuals. The cumulative result of (1) a vague joint offender allegation and (2) "focused" charging that treats some offenses as individual offenses and others as joint ones is a fatally muddled indictment that fails to allege proper venue in this District for each charged count.[1]

The Government protests that there is "no reason" why the revised venue allegations and its decision to charge single Defendants with certain counts should "preclude[] venue in this District," because, it contends, the 2013 Indictment "continues to focus on the same incident" in which all of the Defendants allegedly participated. ECF No. 421 at 3. The Government's "same incident" approach is at odds with how venue, and the facial adequacy of venue allegations, must be analyzed. Venue under 18 U.S.C. § 3238 is offense-oriented. The text of the statute speaks of "offenses," not "incidents." *See United States v. Holmes*, 670 F.3d 586, 594 (4th Cir. 2012) (noting that the text of Section 3238 "focuses on the offense, establishing clear directions as to where venue for a specific offense is proper"). Case law interpreting the statute also offers no support for a "same incident" approach, which is why the Government can cite no authority for it.[2] When venue is predicated on Section 3238 and the arrest of a "joint offender," an indictment

---

[1] The Government expresses confusion over why Counts 1, 31, and 32 are not "joint offenses." ECF No. 421 at 5 n.2. Put simply, those Counts have been charged against *single Defendants*. The Government offers no argument as to why, in the absence of a conspiracy-type charge, an offense alleged to have been committed by a *single* Defendant could also be properly indicted and tried in this District based on the arrest of a *joint* offender.

[2] The Government's "same incident" approach appears to confuse the venue inquiry under Section 3238 with the standard under which offenses charged against different defendants can be joined in one indictment under Federal Rule of Criminal Procedure 8(b). Defendants can be joined in an indictment under Rule 8(b) when they "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b); *see United States v. Hopkins*, 128 F. Supp. 2d 1, 10 (D.D.C. 2000) (under Rule 8(b), several acts constitute a "series" if there is a logical relationship among them). The *joinder* inquiry under Rule 8 is entirely different from the *joint offender* inquiry under Section 3238, however. Unlike Rule 8, Section 3238 contains no reference to a "series of acts or transactions" and instead focuses on the venue prerequisites for specific *offenses*. Only

must allege that the joint offender participated in each specific offense that is charged or, in the alternative, it must allege conspiracy-type offenses in which all Defendants implicitly participate, and become accountable for, the actions of other offenders undertaken in support of their shared purpose. The 2008 Indictment satisfied the minimum pleading requirements with its count-by-count allegations of "joint offender" participation in every charged offense. Because the 2013 Indictment (1) eliminated these necessary allegations, (2) fails to identify the alleged conduct engaged in by the alleged joint offender and/or the charged offense(s) in which the alleged joint offender allegedly participated, and (3) fails to allege any conspiracy-type offense that included the alleged joint offender, it is facially defective and must be dismissed.

## II. **Mr. Ridgeway Was Not a "Joint Offender" For Purposes of Section 3238**

As the Government notes, Judge Urbina previously decided that Mr. Ridgeway was a "joint offender" with the Defendants for purposes of Section 3238 based on his finding that the 2008 Indictment and the other proffered evidence (*e.g*., the arrest warrant affidavit and plea proffer of Mr. Ridgeway) established that Mr. Ridgeway and the Defendants engaged in "concerted activity" in Nisur Square. Judge Urbina found that "concerted activity" was established because the Defendants and Mr. Ridgeway were "in the same place at the same time, more or less doing the same thing." ECF No. 421 at 2 (*quoting* 2/17/2009 Tr. at 77-79). That finding is incorrect and, left standing, would sow serious reversible error in the record of this

---

when a "joint offender" of a specific "offense" has been arrested in a District will venue attach for others alleged to have participated in the commission of that specific "offense." Thus, an indictment that properly joins defendants under Rule 8 does not necessarily establish proper venue in a single District for all the charged defendants. *See United States v. Nathanson*, 813 F. Supp. 1433, 1435 (E.D. Cal. 1993) (stating that the fact that counts may be joined under Rule 8 "does not address whether such counts may be tried in the court in which the indictment has been returned"; "[s]ince venue is determined on a count-by-count basis, the fact that the rules permit joinder is not dispositive of the effect of a statute" that governs venue as to a particular offense). That is the case here.

complex case. *See United States v. Auernheimer*, ___ F.3d ___, 2014 WL 1395670, at *9-*10 (3d Cir. Apr. 11, 2014) (reversing convictions based on improper venue and expressing skepticism that venue errors are subject to harmless-error analysis because they "exhibit[ ] many of the characteristics of structural error" and applying harmless-error review would "arguably reduce this constitutional protection to a nullity"). Accordingly, this Court should revisit it.[3]

As explained in the Defendants' supplemental motion to dismiss, the cases in which venue under Section 3238 have been analyzed by reference to the arrest of a "joint offender" have all involved charges of a conspiracy or a collaborative criminal scheme. ECF No. 398 at 8. Although the Government faults the Defendants for "trumpet[ing] an extremely restrictive reading of the 'joint offender' provision" (ECF No. 421 at 4), it has failed to offer *one single example* of a Section 3238 "joint offender" case that involved charges like those at issue here – non-premeditated assaultive offenses allegedly committed "upon a sudden quarrel and heat of passion" (2013 Indictment at 3-4) without any allegation of an agreement or shared intent among the Defendants to commit the crimes. The Defendants' reading of the term "joint offender" in Section 3238 thus is "restrictive" only in the appropriate sense that it is true to the plain meaning of those words and is supported by the case law interpreting them.

The Government continues to rely (ECF No. 421 at 4) on *United States v. Levy Auto Parts of Canada*, 787 F.2d 946 (4th Cir. 1986), in which the Fourth Circuit upheld venue in the

---

[3] The law-of-the-case doctrine does not preclude this Court, as successor judge in this prosecution, from revisiting an interlocutory legal ruling that is shown to be incorrect. *See Langevine v. District of Columbia*, 106 F.3d 1018, 1023 (D.C. Cir. 1997) ("Interlocutory orders are not subject to the law of the case doctrine and may always be reconsidered prior to final judgment[,]" including "when a case is reassigned to a new judge."); *United States v. Green*, 414 F.2d 1174, 1175 (D.C. Cir. 1969) ("The oral ruling of a trial judge is not immutable, and is of course subject to further reflection, reconsideration[,] and change.") (*per curiam*). Rather, it is within the discretion of the Court to reconsider a prior interlocutory ruling in a criminal case as justice requires or for other good reasons. *See United States v. Sunia*, 643 F. Supp. 2d 51, 60-61 (D.D.C. 2009).

Eastern District of Virginia under Section 3238 based on a *co-conspirator's* arrest in that District. The Fourth Circuit explained that the arrest warrant affidavit, which described a *conspiracy* among Canadian nationals and a Pakistani citizen to violate the Arms Export Control Act, "clearly disclose[d] that [the "joint offender"] and the present defendants were suspected of concerted criminal activity." *Id*. at 949. Although Judge Urbina relied on the Fourth Circuit's "concerted activity" phrasing to uphold venue in this District, the plain meaning of that term demonstrates its inapplicability to this case. According to *Black's Law Dictionary*, the phrase "concerted action" is defined as "[a]ction that has been planned, arranged, adjusted, agreed on and settled between parties acting together pursuant to some design or scheme." *Black's Law Dictionary* 289 (6th ed. 1990).

This Court can scour the affidavit in support of Mr. Ridgeway's arrest warrant as the Government suggests (ECF No. 421 at 5), but it will find no allegation, evidence, or inference that the events at Nisur Square were "planned, arranged, adjusted, agreed on and settled between" Mr. Ridgeway and any of the Defendants or that any of the Defendants was allegedly "acting together" with Mr. Ridgeway "pursuant to some design or scheme." Instead, this case involves quintessentially *unplanned* events, expressly alleged to be "upon a sudden quarrel and heat of passion," that required each Defendant to determine for himself how to respond, based on his own perceptions and split-second assessments of the danger(s) he faced. Through his guilty plea and proffer, Mr. Ridgeway has opined that *his* actions, when assessed against *his* perceptions in the moment, were "not objectively reasonable under all the circumstances as they appeared to him at the time." ECF No. 398, Ex. C at ¶ 13. But Mr. Ridgeway has never alleged that his actions or his perceptions were shared by any Defendant, or that he "planned, arranged, adjusted, agreed on, and settled" with the Defendants to act in an objectively unreasonable

6

manner to the threats that each individual Defendant may have perceived in Nisur Square. It is nonsensical even to articulate a theory of "concerted action" in this context of spontaneous events and split-second individual reactions.[4] Judge Urbina erred by concluding that the mere presence of the members of Raven 23 in Nisur Square "more or less doing the same thing" constituted "concerted action" so as to render Mr. Ridgeway a "joint offender" for purposes of Section 3238. This Court should revisit that ruling and find that venue in this District is improper.

The Government has confined to a footnote its response to the Defendants' legal arguments based on the recent decision in *United States v. Hong Vo*, No. 13-CR-168, __ F. Supp. 2d __, 2013 WL 5739339 (D.D.C. Oct. 17, 2013), and limits its response to making factual distinctions of that case that do not affect the applicability of the legal principles, enunciated by Judge Bates, on which the Defendants rely. ECF No. 421 at 6 n.3. In particular, the Government fails to acknowledge or address the "offense specific" interpretation of Section 3238 that it (through Mr. Kavanaugh) explicitly advanced in *Hong Vo*, *i.e.*, that an "arrest" of an offender or joint offender establishes venue in that District only with respect to the specific offense charged.

---

[4] The Government resists this argument only by mischaracterizing it. The Government writes that the Defendants' assertion that Ridgeway is not a "joint offender" under Section 3238 "paint[s] a picture" that "they (and their alleged crimes) have nothing to do with Ridgeway (and his admitted conduct), and that their presence at the same time and location [as Ridgeway] is by mere happenstance." ECF No. 421 at 6. Of course it was not "happenstance" that brought the Defendants and Ridgeway to Nisur Square, and the Government sets up a straw man in suggesting that the Defendants have argued it was. The question is not *how* the Defendants and Ridgeway arrived at that location but whether, *once there*, their responses to perceived threats constituted actions that were "planned, arranged, adjusted, agreed on and settled" among them so as to constitute "concerted" or "joint" criminal activity or, on the other hand, whether their actions were each individual ones taken in response to individually-perceived threats. The Government has offered no evidence or allegations whatsoever of "concerted" or "joint" action by the Defendants and Ridgeway as those terms are properly understood, and its decision to charge manslaughter crimes that allegedly occurred only "upon a *sudden* quarrel and heat of passion" reinforces the absence of allegations of "concerted" or "joint" conduct here.

*Hong Vo*, 2013 WL 5739339, at *9. The Defendants have invited the Court to apply that legal position to this case, which would mean that Mr. Ridgeway's alleged "arrest" in this District could establish venue here only as to Count 2 of the 2013 Indictment. ECF No. 398 at 10. The Government also has failed to respond to the Defendants' argument that Mr. Ridgeway was not arrested "in connection with the offense[s] charged" against the Defendants because the two individual manslaughter offenses to which he pled guilty lacked the "same criminal scheme" relationship to the Defendants' alleged offenses that was present in *Hong Vo*. *Id*. at 10-11.

Local Criminal Rule 47(b) provides that when a party fails to file a memorandum of points and authorities in opposition to a motion within the prescribed time frame, "the Court may treat the matter as conceded." Interpreting the identical Local Civil Rule 7(b), this Court has held that a party's filing of a response that fails to address specific arguments raised in an opposing party's motion warrants the same treatment. *See*, *e.g.*, *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) ("It is understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) ("when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case"). Because the Government had ample opportunity to respond to Defendants' arguments based on *Hong Vo* but strategically declined to do so here, we ask the Court to exercise its discretion under Local Criminal Rule 47(b) to treat those issues as conceded.

## CONCLUSION

"[V]enue provisions in Acts of Congress should not be so freely construed as to give the Government the choice of 'a tribunal favorable' to it." *Travis v. United States*, 364 U.S. 631, 634 (1961) (citation omitted). The Government's interpretation of the "joint offender" provision of 18 U.S.C. § 3238 ignores the plain meaning of "joint" or "concerted" conduct and the incongruence between those terms and the manslaughter and attempted manslaughter offenses that are charged in this case. Because the 2013 Indictment is facially deficient in its allegations of venue, and because no Defendant or "joint offender" was arrested here in connection with the offenses charged, the 2013 Indictment must be dismissed. This prosecution belongs in the District of Utah, where all of the Defendants were first arrested on the indicted charges.

Dated: April 21, 2014                     Respectfully submitted,

                                          /s/ David Schertler
                                        David Schertler (No. 367203)
                                        Danny Onorato (No. 380043)
                                        Lisa Schertler (No. 430754)
                                        Schertler & Onorato, L.L.P.
                                        575 – 7th Street, N.W., Suite 300 South
                                        Washington, D.C. 20004
                                        Telephone: (202) 628-4199
                                        *Counsel for Defendant Dustin L. Heard*

                                        /s/ Brian M. Heberlig
                                        Brian M. Heberlig (No. 455381)
                                        Michael J. Baratz (No. 480607)
                                        Bruce C. Bishop (No. 437225)
                                        Linda C. Bailey (No. 985081)
                                        Scott P. Armstrong (No. 993851)
                                        Steptoe & Johnson, LLP
                                        1330 Connecticut Avenue, N.W.
                                        Washington, D.C. 20036-1795
                                        Telephone: (202) 429-3000

*Counsel for Defendant Paul A. Slough*

/s/  Thomas G. Connolly
Thomas G. Connolly (No.420416)
Steven A. Fredley (No. 484794)
Wiltshire & Grannis LLP
1200 Eighteenth Street, N.W., Suite 1200
Washington, D.C.  20036
Telephone:  (202) 730-1300
*Counsel for Defendant Nicholas A. Slatten*

/s/ William Coffield
William Coffield (No. 431126)
Coffield Law Group LLP
1330 Connecticut Avenue, N.W., Suite 220
Washington, DC  20036
Telephone:  (202) 429-4799
*Counsel for Defendant Evan S. Liberty*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of April 2014, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Anthony Asuncion
T. Patrick Martin
Christopher Kavanaugh
John Crabb, Jr.
David Mudd
United States Attorney's Office
for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530

                                              /s/ David Schertler
                                              David Schertler