# ATTACHMENT C

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    v.<br><br>PAUL A. SLOUGH,<br>NICHOLAS A. SLATTEN,<br>EVAN S. LIBERTY, and<br>DUSTIN L. HEARD<br>          Defendants. | )<br>)<br>)<br>)<br>)  No.1:08-cr-360-RCL<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF PAULA ERNST

I, Paula M. Ernst, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1.    I have been employed by the Federal Bureau of Investigation (FBI) since March 1998 and have been assigned to the Operation Projects Unit (OPU) the entire length of my FBI employment. I served as a Visual Information Specialist from March 1998 to January 2006, a Forensic Engineer from January 2006 to March 2008, and a Supervisory Visual Information Specialist from March 2008 to January 2013. From January 2013 to the present I have been serving as the Unit Chief of OPU. Prior to joining the FBI, I was a Project Engineer specializing in Accident Reconstruction for approximately ten years with E K Baron and Associates in Ansonia, Connecticut. I obtained a Bachelor's of Science Degree in Mechanical Engineering in 1988 with a minor in Mathematics from the University of Hartford in Connecticut. I am a licensed Professional Engineer in the State of Connecticut. I make this declaration for the Court's consideration as part of the government's opposition to the defendants' Motion to Compel Production of Evidence.

2. In January 2014, OPU was contacted by the "filter team" in *United States v. Slough, et al.*, 08-360(RCL). The filter team advised OPU that certain digital diagram exhibits created in 2009 of the involved vehicles and trajectory analysis by FBI Firearms Examiner Douglas Murphy could be utilized by the new "clean" prosecution team. The filter team further advised, however, that all demonstrative exhibits and animations regarding the scene of the incident had to be re-developed, as requested by the current prosecution team, from only that raw data that had been cleared by the filter team and provided to the new prosecution team. Accordingly, the filter team advised that a previously developed three-dimensional demonstrative exhibit and animation could not be disclosed to or utilized by the current prosecution team.

3. In relation to the vehicle and trajectory analysis, the raw data used to create the 2009 diagram exhibits included photographs, hand measurements, trajectory analysis and field notes of the involved vehicles taken by Mr. Murphy. Using the information provided by Mr. Murphy, OPU developed two- and three- dimensional scale diagrams for each vehicle for inclusion in Mr. Murphy's Reports of Investigation. Trajectory information and analysis provided by Mr. Murphy was also added, where applicable, for each vehicle diagram. Digital modeling for each of the vehicles was the result of hand modeling in concert with publically available digital libraries.

4. The new "clean" prosecution team has also asked OPU to develop additional digital graphics for use at trial that will combine aerial maps, scene diagrams, the vehicle diagrams prepared for Mr. Murphy based on his work (as referenced above), video footage of the scene and involved vehicles, and photographs and still renderings. The digital exhibits OPU is creating will be presented via an interactive digital display. Raw data sources for the

digital exhibits include data collected by the FBI's Evidence Response Team (ERT), hand measurements taken by ERT, data and imagery provided by the National Geospatial-Intelligence Agency (NGA), aerial LiDar, drone imagery provided by the United States military, various videos of the scene provided by the U.S. Army and Iraqi National Police, and, for select digital exhibits, witness accounts supplied to the FBI and other information supplied to OPU by the new prosecution team.

5. In creating the digital exhibits, OPU has utilized the following computer software tools and programs: Rhino, AutoCad, 3DStudioMAX, Adobe Illustrator, Adobe Flash, Adobe After Effects and Adobe Photoshop. These computer software tools and programs are commercially available to the general public.

6. Per FBI Laboratory standard operating procedures, all work products (e.g., the digital exhibits being produced in this case) are peer reviewed, prior to completion, for accuracy. Mr. Murphy can attest to the accuracy of the digital vehicle diagrams and trajectory analysis. All diagrams are produced with a scale. Pursuant to discovery previously produced in this case, the defendants' expert, Eugene Liscio, was provided the same information provided to the internal FBI peer reviewers. While all raw source data upon which the digital exhibits are based is produced in discovery, OPU's original computer-generated working files, used to create the digital exhibits, however, are not turned over as part of the FBI's review process or produced in discovery. These original computer-generated working files—in contrast to the final digital exhibits—include the software tools used to create the digital exhibits (e.g., the "3ds Max files").

7. The defense expert Eugene Liscio accurately describes three-dimensional reconstruction and the utilization of technology in this industry. And, while the FBI

generally agrees that laser scan technology and additional time for documentation of the scene and involved vehicles would be utilized in ideal circumstances, this additional information that was not obtainable by the FBI's investigative team due to the location of the crime scene (i.e., a busy traffic circle in central Baghdad, Iraq) and therefore not provided to the OPU Visual Information Specialists creating the digital exhibits. Notwithstanding, because the defendants have presumably provided Mr. Liscio with the same underlying raw data the FBI used to create the digital exhibits and supplied in discovery in this case, Mr. Liscio, through use of the above-referenced computer software tools and programs, can recreate the same final products produced by the FBI for purposes of comparison and scrutiny.

   I declare pursuant to 28 USC § 1746 and under penalty of perjury that the foregoing is true and correct.

DATED this 22 of April 2014.           *Paula M. Ernst*
                                        PAULA ERNST