UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY 13 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA )
)
)
v. )
)
PAUL A. SLOUGH, )
EVAN S. LIBERTY, and )
DUSTIN L. HEARD, )
)
Defendants. )
)

Criminal No. 08-360 (RCL)

## MEMORANDUM & ORDER

Before the Court are the defendants' renewed Motion [390] to dismiss the superseding indictment [304] for lack of venue and the defendants' supplemental Motion [398] to dismiss the superseding indictment for lack of venue. Upon consideration of the defendants' motions [390, 398], the government's opposition [421],[1] the defendants' reply [425], the applicable law, the entire record herein, and for the reasons set forth below, the Court will DENY defendants' motions to dismiss for lack of venue.

## I. BACKGROUND

Both the District Court and the Court of Appeals for the District of Columbia Circuit have previously described the factual background of this case. *United States v. Slough*, 677 F. Supp. 2d 112, 116–129 (D.D.C. 2009) ("*Slough I*"), *vacated*, 641 F.3d 544, 555 (D.C. Cir. 2011) ("*Slough II*"); *Slough II*, 641 F.3d at 547–49. Thus, the Court will now only highlight the relevant facts and procedural background. In 2007, the defendants all served as security contractors employed by Blackwater Worldwide. *Slough I*, 677 F. Supp. 2d at 116. The defendants were all members of a Blackwater Tactical Support Team called "Raven 23" that

---

[1] The government's motion [404] for extension of time to file its opposition to defendants' motion and supplemental motion to dismiss for lack of venue is hereby **GRANTED** nunc pro tunc.

operated in Baghdad to support other Blackwater security teams. *Slough I*, 677 F. Supp. 2d at 116.

"On September 16, 2007 a car bomb exploded near the Izdihar Compound in Baghdad, where a U.S. diplomat was conferring with Iraqi officials. American security officials ordered a team from Blackwater Worldwide to evacuate the diplomat to the Green Zone." *Slough II*, 641 F.3d at 547. In order to secure a safe evacuation route for the diplomat and the other Blackwater team, Raven 23 "took up positions in Nisur Square, a traffic circle located just outside the [Green] Zone in downtown Baghdad," and attempted to stop traffic. *Slough I*, 677 F. Supp. 2d. at 116. Shortly afterwards, "a shooting incident erupted, during which the defendants allegedly shot and killed fourteen [Iraqi civilians] and wounded twenty others." *Id.*

On December 4, 2008, a grand jury empaneled by this Court returned an indictment charging the defendants with the following: (1) fourteen counts of voluntary manslaughter, in violation of 18 U.S.C. §§ 1112, 2, and 3261(a)(1); (2) twenty counts of attempted manslaughter, in violation of 18 U.S.C. §§ 1113, 2, and 3261(a)(1); and (3) one count of using and discharging a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§924(c), 2, and 3261(a)(1). Indictment, ECF No. 1. The indictment alleged that the defendants' conduct occurred "outside of the jurisdiction of any particular State or district and within the venue of the United States District Court for the District of Columbia, as provided by 18 U.S.C. § 3238." *Id.* ¶ 4. Each count of the indictment also alleged that the defendants committed the charged acts with "another joint offender known to the Grand Jury." *Id.* ¶¶ 5–7, 9. The District Court, Judge Ricardo Urbina presiding, subsequently dismissed the indictment against all the defendants for violations of *Kastigar v. United States*, 406 U.S. 441 (1972). Upon appeal, the Court of Appeals for the District of Columbia Circuit found that Judge Urbina failed to apply the correct legal

standard under *Kastigar* and vacated and remanded the case for a new *Kastigar* hearing. *Slough II*, 641 F.3d at 554–55.

Upon remand, the government elected to pursue a superseding indictment rather than attempt to defend the original indictment on *Kastigar* grounds. On October 17, 2013, a second grand jury empaneled by this Court returned a superseding indictment charging each the defendants with the following: (1) thirteen counts of voluntary manslaughter, in violation of 18 U.S.C. §§ 1112, 2, and 3261(a)(1); (2) sixteen counts of attempted manslaughter, in violation of 18 U.S.C. §§ 1113, 2, and 3261(a)(1); and (3) one count of using and discharging a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§924(c), 2, and 3261(a)(1).[2] Superseding Indictment, ECF No. 304.  Again, the superseding indictment alleges that the defendants' conduct "occurred outside of the jurisdiction of any particular State or district and, another joint offender known to the Grand Jury having been arrested in the District of Columbia, within the venue of the United States District Court for the District of Columbia, as provided by 18 U.S.C. § 3238." *Id.* ¶ 4.  The superseding indictment incorporates this venue allegation by reference in connection with each of the counts charged in the indictment. *Id.* ¶¶ 6, 8, 10, 12. The defendants have moved to dismiss the superseding indictment for lack of venue.

## II.  LEGAL STANDARD

"The Trial of all Crimes . . . not committed within any State . . . shall be at such Place or Places as the Congress may by law have directed." U.S. Const. Art. III, § 2, cl. 3.  By statute, "[t]he trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought." 18 U.S.C. § 3238.  "The

---

[2] The indictment also charged defendant Paul Slough with two additional counts of attempted manslaughter.  Superseding Indictment ¶ 11, ECF No. 304.

government bears the burden of establishing by a preponderance of the evidence that venue is proper with respect to each count charged against a defendant." *United States v. Kwong-Wah*, 924 F.2d 298, 301 (D.C. Cir. 1991) (citing *United States v. North*, 910 F.2d 843, 912 n.52 (D.C. Cir. 1990)). "Venue is an issue that normally must be submitted to the jury." *Id.* (citing *United States v. Black Cloud*, 590 F.2d 270, 272 (8th Cir. 1979)). "Venue may be proper in more than one district." *Id.* (citing *North*, 910 F.2d at 912.)

## III.   ANALYSIS

In their supplemental motion to dismiss for lack of venue, the defendants raise two objections to the superseding indictment:  First, defendants argue that the superseding indictment fails to allege facts adequate to support venue in this district as to each count.  Second, the defendants contend that Jeremy Ridgeway was not a "joint offender" for purposes of 18 U.S.C. § 3238.  The Court will address the defendants' arguments in turn.

The defendants argue that superseding indictment fails to allege adequate facts to support venue in this district because the language of the superseding indictment is materially different from the language of the original indictment.   Specifically, the defendants point to the superseding indictment's use of a generalized allegation that venue is proper in this district under § 3238 because "another joint offender known to the Grand Jury [was] arrested in the District of Columbia.   Superseding Indictment ¶ 4, ECF No. 304.   The prior indictment charged all the defendants and "another joint offender known to the Grand Jury"—namely Jeremy Ridgeway— jointly for all counts, and it charged each of the defendants jointly in the two counts to which Jeremy Ridgeway pled guilty.   In contrast, the defendants note that (1) the superseding indictment charges all the defendants in some counts and individual defendants in other counts; (2) the superseding indictment only incorporates the conduct of a joint offender by reference to a

general venue allegation; and (3) the superseding indictment only charges the defendants jointly for one of the two counts to which Jeremy Ridgeway pleaded guilty.

The drafting differences between the original and superseding indictments cited by the defendants are wholly immaterial. An indictment need only be "a plain, concise, and definite written statement of the essential facts constituting the offense charged. . . . A count may incorporate by reference an allegation made in another count." Fed. R. Crim. P. 7(c)(1). As Rule 7 permits, the superseding indictment explicitly incorporates by reference the allegation that venue is proper in this district under § 3238 because a joint offender was arrested in this district in connection with each count charged. Superseding indictment ¶¶ 4, 6, 8, 10, 12. "Rule 7 put an end to 'the rules of technical and formalized pleading which had characterized an earlier era," 1 Charles Alan Wright & Andrew D. Leipold, Federal Practice and Procedure: Criminal Procedure § 123, at 521 (4th ed.), so it makes no difference that the superseding indictment incorporates the venue allegation by reference for every count of the indictment.

The defendants' focus on the form of the superseding indictment in charging the defendants jointly or separately and the defendants' assertion that the incitement must allege what particular conduct involved a joint offender are both inapposite because they confuse the required proof of venue the government must show at trial for the allegations necessary to sustain the indictment. While the government must prove venue as to each count of the superseding indictment at trial by a preponderance of the evidence, the superseding indictment suffices so long as it alleges venue as to each count. *See United States v. Bohle*, 445 F.2d 54, 59 (7th Cir. 1971) ("An indictment alleges proper venue when it alleges facts which, if proven, would sustain venue."), *overruled on other grounds*, *United States v. Lawson*, 653 F.2d 299, 303 n.12 (7th Cir. 1981); *United States v. Peterson*, 357 F. Supp. 2d 748, 751 (S.D.N.Y. 2005)

("Where venue is challenged on a pre-trial motion to dismiss, the Government's burden is limited to showing that the indictment alleges facts sufficient to support venue."); *see also* 2 Charles Alan Wright & Peter J. Henning, Federal Practice and Procedure: Criminal Procedure § 307, at 390 (4th ed.) ("Although an allegation of venue is not essential to the validity of an indictment or information, venue is a fact that must be proved at the trial."). The superseding indictment properly alleges facts sufficient to support venue under § 3238 as to each count by incorporating the allegation that "another joint offender known to the Grand Jury [was] arrested within the District of Columbia." Superseding Indictment ¶¶ 4, 6, 8, 10, 12. Of course, should the government fail to prove by a preponderance of the evidence that a joint offender was arrested in the District of Columbia, the defendants may renew their motion to dismiss for lack of venue in their motion for judgment of acquittal.

The defendants' argument that Jeremy Ridgeway was not a joint offender similarly fails because the defendants' conception of what constitutes a "joint offense" is too narrow. Contrary to the defendants' arguments, joint offenses under § 3238 do not require that the government charge the defendants with conspiracy. As the legislative history of § 3238 makes clear, § 3238 applies to both substantive crimes and conspiracy. *See* S. Rep. No. 146 at 1–2 (1963) (noting that § 3238 was intended to provide venue for crimes committed outside the United States including "treason, fraud against the Government, theft or embezzlement of Government property, bribery, etc., as well as conspiracy to commit such offenses"). Joint offenses are merely offenses "committed by the participation of two or more persons." *Black's Law Dictionary* 1109 (7th ed.). As Judge Urbina previously found, sufficient evidence exists in the record to conclude that Jeremy Ridgeway was a joint offender—that is, that he participated along with the defendants in the commission of the crimes charged in the superseding indictment.

Mot. Hr'g Tr. 77, Feb. 17, 2009, ECF No. 127. "There is nothing in § 3238 which prevents the prosecution from reaching a plea agreement with a suspected joint offender in exchange for information aiding the prosecution of other offenders." *United States v. Levy Auto Parts*, 787 F.2d 946, 949 (4th Cir. 1986). This Court finds it immaterial that Jeremy Ridgeway pleaded guilty to two counts, likely out of a multitude that could have been charged, instead of pleading to a lesser included offense as was the case in *Levy Auto Parts. Id.* The Court therefore easily concludes that Jeremy Ridgeway was a joint offender. The Court notes in support of this conclusion that, as in *Levy*, the affidavit given in support of Ridgeway's arrest "clearly discloses that [Ridgeway] and the present defendants were suspected of concerted criminal activity." *Id*; *see also United States v. Hong Vo*, No. 13-cr-168 (JDB), 2013 WL 5739339, at *12 (D.D.C. Oct. 17, 2013) (quoting *Levy Auto Parts* and concluding that a defendant initially arrested on a material witness warrant was a joint offender for §3238 purposes because the affidavit given in support of the arrest showed that the  arrestee and the other defendants were "suspected of concerted criminal activity").

In addition to the two arguments addressed above, the defendants renew four arguments in support of their motion to dismiss for lack of venue that the defendants previously raised before Judge Urbina. Defs.' Supplement Mot. 3, Mar. 14, 2014, ECF No. 398. Judge Urbina previously denied the defendants' motion to dismiss for lack of venue. Mot. Hr'g Tr. 76–79, Feb. 17, 2009, ECF No. 127. "[W]hile the law of the case doctrine does not necessarily apply to interlocutory orders, district courts generally consider the doctrine's underlying rationale when deciding whether to reconsider an earlier decision." *United States v. Sunia*, 643 F. Supp. 2d 51, 61 (D.D.C. 2009) (quoting *Malewicz v. City of Amsterdam*, 517 F. Supp. 2d 322, 328 (D.D.C. 2007)). Keeping in mind the "'caveat that, where litigants have once battled for the Court's

decision, they should neither be required, nor without good reason permitted, to battle for it again,'" the Court is not inclined to disturb Judge Urbina's ruling at this time.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

     **ORDERED** that the defendants' Motion [390] to dismiss the superseding indictment for lack of venue is **DENIED**; and it is further

     **ORDERED** the defendants' supplemental Motion [398] to dismiss the superseding indictment for lack of venue is **DENIED**.

     It is **SO ORDERED** this _13th_ day of May 2014.

Royce C. Lamberth
ROYCE C. LAMBERTH
United States District Judge