**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>PAUL A. SLOUGH, )<br>EVAN S. LIBERTY, and )<br>DUSTIN L. HEARD, )<br>)<br>Defendants. )<br>) | No. 1:08-cr-360-RCL |
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>NICHOLAS A. SLATTEN )<br>)<br>Defendant. )<br>) | No. 1:14-cr-107-RCL |

**DEFENDANTS' MOTION *IN LIMINE* TO PROHIBIT WITNESSES FROM WEARING MILITARY UNIFORMS AT TRIAL**

Defendants Paul A. Slough, Evan S. Liberty, and Dustin L. Heard and Defendant Nicholas A. Slatten (Crim. Case No. 1:14-107), by and through undersigned counsel, hereby move the Court *in limine* to prohibit witnesses from wearing military uniforms at trial.

**ARGUMENT**

Multiple witnesses expected to testify at trial are active or retired members of the United States Military. Absent a pre-trial ruling from the Court, Defendants expect some or all of these witnesses will appear in military uniform. The presentation of witnesses in military uniform has

no probative value and has the potential to confuse the issues, unfairly influence the jury, and prejudice Defendants.

     A.     **Legal Principle**

Pursuant to Federal Rule of Evidence 611(a)[1], the Court has control over the *visual* presentation of evidence, which necessarily includes the clothing, uniform, and appearance of witnesses as uniformed members of the military. *See, e.g., Berner v. Delahanty*, 129 F.3d 20, 26 (1st Cir.1997) (finding it within the discretion of the trial judge to prohibit an attorney from wearing a political advocacy button while in the courtroom); *LaRocca v. Gold*, 662 F.2d 144, 149 (2d Cir.1981) (finding that the trial court did not err by requiring attorney who was also Catholic priest to remove his clerical collar). A court must exclude evidence when its "probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. "Unfair prejudice within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Doe*, 903 F.2d 16, 21 (D.C. Cir. 1990) (*quoting* Advisory Committee's Note, Fed. R. Evid. 403).

     B.     **Allowing Witnesses to Testify in Military Uniform Would be Highly Prejudicial to the Defendants.**

United States Military uniforms and insignia are national symbols, invoking feelings of patriotism and reverence, and presenting an aura and character of service, sacrifice, and credibility. Uniform decorations and awards convey information about the service history and achievements of the wearer. Military uniforms are thus not akin to other dress or professional uniforms, because they are unique symbols in and of themselves. For these reasons, they are unique in their ability to influence the jury and prejudice the Defendants.

---

[1] Federal Rule of Evidence 611(a) provides that "The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment."

The distinctions between contractors and uniformed military personnel in combat zones have been highly politicized. The appearance of witnesses in full military uniform, in contrast to the Defendants' civilian attire, will permit the Government to capitalize on political controversies to create unfair prejudice, confuse the issues, and mislead the jury.

Further, there is no probative value to permitting witnesses to testify in military uniform. Whether or not a witness wears a uniform has no bearing on the subject matter of their testimony. Witnesses will still be permitted to testify about relevant service membership and history. Any interest there is in permitting witnesses to dress in uniform is greatly outweighed by the prejudicial effect it will impart in the conscious and subconscious minds of the jury.

Finally, this prejudice cannot be accommodated through *voir dire* or curative instructions to the jury. As another court acknowledged, "appearance in front of the jury in a military uniform tends to pull at the heartstrings of some members of the jury, … just the sight of somebody in a camouflage uniform in today's climate leads to something else in the minds of jurors, and may prevent the jury from just simply hearing a case on its facts and coming to a jury decision on the merits." *State v. Marquez*, 145 N.M. 31, 34-35 (N.M. Ct. App. 2008), *rev'd on other grounds and remanded*, 147 N.M. 386 (N.M. 2009) (internal quotations and modifications omitted). Therefore, the only means to protect the Defendants from risk of unfair prejudice and a confusion of the issues is to grant this motion *in limine* to prohibit witnesses from appearing in uniform.

## **CONCLUSION**

For the foregoing reasons, Defendants request this Court prohibit witnesses from wearing military uniforms at trial.

Dated: May 16, 2014 Respectfully submitted,

/s/ William Coffield
William Coffield (No. 431126)
Coffield Law Group LLP
1330 Connecticut Avenue, N.W., Suite 220
Washington, DC 20036
Telephone: (202) 429-4799
*Counsel for Defendant Evan S. Liberty*

/s/ David Schertler
David Schertler (No. 367203)
Danny Onorato (No. 380043)
Lisa Schertler (No. 430754)
Schertler & Onorato, L.L.P.
575 – 7th Street, N.W., Suite 300 South
Washington, D.C. 20004
Telephone: (202) 628-4199
*Counsel for Defendant Dustin L. Heard*

/s/ Brian M. Heberlig
Brian M. Heberlig (No. 455381)
Michael J. Baratz (No. 480607)
Bruce C. Bishop (No. 437225)
Linda C. Bailey (No. 985081)
Scott P. Armstrong (No. 993851)
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
Telephone: (202) 429-3000
*Counsel for Defendant Paul A. Slough*

/s/ Thomas G. Connolly
Thomas G. Connolly (No. 420416)
Steven A. Fredley (No. 484794)
Jared P. Marx (No. 1008934)
Anne K. Langer (No. 501389)
HARRIS, WILTSHIRE & GRANNIS LLP
1200 Eighteenth St., N.W., Suite 1200
Washington, D.C. 20036
Telephone: (202) 730-1300
Facsimile: (202) 730-1301
*Counsel for Nicholas Slatten*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 16th day of May 2014, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                                              _____/s/_____
                                                                             William Coffield