IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Cr. No. 08-360 (RCL) |
| | : | |
| v. | : | |
| | : | |
| **PAUL ALVIN SLOUGH,** | : | |
| **NICOLAS ABRAM SLATTEN,** | : | |
| **EVAN SHAWN LIBERTY, and** | : | |
| **DUSTIN LAURENT HEARD,** | : | |
| | : | |
| Defendants. | : | |

### GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE
### IMPROPER COMMENT OR ARGUMENT REGARDING 18 U.S.C. § 924(c)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Motion in Limine, requesting that the Court preclude the defendants from improper argument or comment regarding 18 U.S.C. § 924(c) or that the charge carries a mandatory minimum penalty of 30 years.

The government anticipates that, at trial, the defendants may attempt to argue, comment, or suggest through questioning that the fact that their clients have been charged with violating 18 U.S.C. § 924(c) is unfair or inappropriate because their weapons were lawfully issued to them. This argument is improper and should be excluded. Congress expressly amended the statute in 1984 to subject to liability persons who use their duty weapons to commit federal offenses:

> The committee has concluded that persons who are licensed to carry firearms and abuse that privilege by committing a crime with the weapon, as in the extremely rate case of the armed police officer who commits a crime, are as deserving of punishment as a person whose possession of the gun violates a state or local ordinance.

See S. Rep. No. 225, 98th Cong. 2d Sess., 314 n.10 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3492 n.819. Consistent with this legislative intent, courts have routinely held that those

authorized to carry a firearm may be charged with violations of Section 924(c), even if the incident occurred during the scope of their employment and involved a firearm that the defendant was authorized to carry. See, e.g., Ramos v. United States, 537 F.2d 439, 458 n.15 (5th Cir. 2008) (explaining that "the amendment to the statutes was specifically intended to bring police officers within the statute's reach."); United States v. Gonzalez, 528 F.3d 1207 (9th Cir. 2008) (upholding Section 924(c) conviction of Border Patrol agent). Accordingly, any argument – whether express or implied – that the government inappropriately or unfairly charged the defendants with violating Section 924(c) is irrelevant, improper, and should be excluded.

Similarly, the government also moves to preclude any argument, comment, or suggestion through questioning – whether express or implied – that the jury should acquit the defendants of the Count 33 because it carries a 30-year mandatory minimum. The possible punishment of the defendants, as the jury instructions will presumably provide, is not relevant and should not enter into or influence the jury's decision in this case. See, e.g., 1 Barbara E. Bergman, Criminal Jury Instructions for the District of Columbia § 2.505 (Matthew Bender, Rev. Ed.) Accordingly, any such argument by the defendants should be precluded.

WHEREFORE, the Government respectfully asks the Court to grant this motion in limine.

        Respectfully submitted,

        RONALD C. MACHEN JR.
        UNITED STATES ATTORNEY
        D.C. Bar Number 447889

By: _____/s/_____
        Anthony Asuncion
        Assistant United States Attorney
        D.C. Bar Number 420822
        United States Attorney's Office
        555 4th Street, N.W.
        Washington, D.C. 20530
        Anthony.Asuncion@usdoj.gov

        _____/s/_____
        T. Patrick Martin
        Assistant United States Attorney
        D.C. Bar Number 471965
        Thomas.Martin@usdoj.gov

        _____/s/_____
        Christopher Kavanaugh
        Assistant United States Attorney
        VA Bar Number 73093
        Christopher.Kavanaugh@usdoj.gov