**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Cr. No. 08-360 (RCL)** |
| | : | |
| **v.** | : | |
| | : | |
| **PAUL ALVIN SLOUGH,** | : | |
| **NICOLAS ABRAM SLATTEN,** | : | |
| **EVAN SHAWN LIBERTY, and** | : | |
| **DUSTIN LAURENT HEARD,** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S SUPPLEMENTAL NOTICE OF INTENTION TO INTRODUCE
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States, by and through its attorney, the United States Attorney for the District

of Columbia, respectfully supplements its notice of intent to introduce evidence of prior

misconduct on the part of the defendants which is relevant to establish the defendants' intent,

knowledge, absence of mistake, and motivation, pursuant to Rule 404(b), Fed. R. Evid.  See

Docket 406, filed on March 28, 2014, hereinafter "Government's Notice."   On Friday, May 16,

2014, the Trial Team, consisting of the undersigned Assistant U.S. Attorneys, received from the

Filter Team an FBI 302 relating to an interview conducted on August 25, 2009.

### I.      Defendant Liberty

Based on the information contained within that FBI 302, the United States seeks to

introduce the following additional items of evidence under Fed. R. Evid. 404(b) with respect to

defendant Liberty:

> During the twelve months preceding the events charged in the
> indictment, a Blackwater helicopter crashed.   Raven 23 went to

> recover the bodies of the Blackwater personnel.  As Raven 23
> prepared to depart, they came under fire.   Raven 23 returned fire.
> Liberty was an upgunner and fired extensively from his weapon.
> Afterwards, it was discovered that Liberty had fired every
> magazine in his bag – 25 to 30 magazines.   [A] teammate
> confronted Liberty about the wisdom and necessity for firing all of
> his magazines.  Liberty ridiculed that teammate for only firing at
> targets, and stated "just shoot at something man."   This same
> teammate opined that Liberty did not like Iraqis.   Furthermore,
> Liberty referred to this teammate as a "Hadji Lover."

This incident is substantially similar to those outlined in the Government's Notice, which

included incidents where Liberty fired his weapon without aiming, and without regard for who

might be struck by the rounds.  Likewise, the Government's Notice stated the intent to introduce

evidence that "as a result of his overly aggressive behavior, Liberty was reassigned from a

position in the turret, to a driver within the convoy."  Government's Notice at 8.

## II.      Defendant Slatten

Based on the information contained within the recently disclosed FBI 302, the United

States seeks to introduce the following additional items of evidence under Fed. R. Evid. 404(b)

with respect to defendant Slatten:

> After an incident in May of 2007, Slatten was bragging about the
> number of rounds he had fired that day.  He said he had fired all of
> his rounds.  He was also talking about engaging people running
> across the street.

This incident is substantially similar to the incidents contained within the Government's Notice,

which included incidents where Slatten "made statements that he wanted to kill as many Iraqis as

he could as 'payback for 9/11' and he repeatedly boasted about the number of Iraqis he had shot." Government's Notice at 6.

Since the filing of the Government's Notice, a grand jury returned an indictment against Defendant Slatten charging Murder in the First Degree, in violation of 18 U.S.C. § 1111.  That single count indictment charges Slatten with "willfully, deliberately, maliciously, and with premeditation and malice aforethought," killing the driver of a white Kia sedan, also known as Ahmed Haithem Ahmed Al Rubia'y.  Defendant Slatten will face no other charges at trial. Nonetheless, the government anticipates that there will be evidence of Slatten's actions occurring after he shot and killed Mr. Al Rubia'y.  Such evidence may include testimony suggesting that Slatten shot individuals other than Mr. Al Rubia'y.  This evidence is not "other crimes" evidence at all, but is the type of direct proof – or "inextricably linked" evidence – discussed in the Government's Notice.  See also United States v. Badru, 97 F.3d 1471, 1474 (D.C. Cir. 1996) ("Evidence of criminal activity other than the charged offense is not considered extrinsic if it is an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, if it was inextricably intertwined with the evidence regarding the charged offense, or if it necessary to complete the story of the crime . . .") (citation omitted).  In filing this Rule 404(b) notice, the United States is merely erring on the side of caution so that Defendant Slatten has adequate notice of the type of evidence the Government intends to introduce at trial, and has an opportunity to assert any objections thereto.

## Conclusion

The legal principles surrounding 404(b) demonstrates that the proffered evidence is probative of relevant issues and ought to be admitted.  For these reasons, the government will seek admission of this evidence at trial.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar Number 447889

By:

_____/s/_____
Anthony Asuncion
Assistant United States Attorney
National Security Section
D.C. Bar Number 420822
Anthony.Asuncion@usdoj.gov

_____/s/_____
T. Patrick Martin
Assistant United States Attorney
National Security Section
D.C. Bar Number 471965
Thomas.Martin@usdoj.gov

_____/s/_____
Christopher Kavanaugh
Assistant United States Attorney
National Security Section
VA Bar Number 73093
Christopher.Kavanaugh@usdoj.gov

United States Attorney's Office
555 4th Street, N.W. (11th Floor)
Washington, D.C. 20530
Tel:  (202) 252-7786