**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Crim. No. 1:08-CR-360 (RCL)** |
| | ) | |
| **PAUL A. SLOUGH,** | ) | **Judge Royce C. Lamberth** |
| **EVAN S. LIBERTY,** | ) | |
| **DUSTIN L. HEARD,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Crim. No. 1:14-CR-107 (RCL)** |
| | ) | |
| **NICHOLAS A. SLATTEN,** | ) | **Judge Royce C. Lamberth** |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT PAUL SLOUGH'S REPLY MEMORANDUM
TO EXCLUDE PURPORTED RULE 404(b) EVIDENCE**

Rule 404(b) prohibits the government's efforts to introduce the noticed acts of Mr. Slough to prove his alleged character. Even if the noticed acts are relevant to a legitimate purpose, Rule 403 should bar the government's efforts to argue its unsupported and speculative theory that Mr. Slough committed the charges because he harbored a "deep hostility" towards a class of people. The Court should prohibit the government from introducing the noticed acts at trial.

**I.    THE NOTICED ACTS EVIDENCE ONLY MR. SLOUGH'S ALLEGED CHARACTER**

The government's opposition brief, ECF No. 481, underscores its intent to use purported Rule 404(b) evidence to prove Mr. Slough's bad character and secure a conviction on that basis. Rule 404(b) prohibits these exact efforts.

1

Mr. Slough highlighted in his brief that the government has offered no direct evidence that he actually harbors any "animosity" towards Iraqis. Def. Mem. at 4-5 (ECF No. 441). He also highlighted that the government's "theory" of his alleged character rests on nothing but speculation and on three times he allegedly fired his weapons in wartime Baghdad. *Id.* The government in response offers no more in the way of supporting its "theory." Mr. Slough's alleged animosity towards all Iraqis therefore rests on how he fired his weapons at inanimate objects: an unspecific "direction," an unknown "building," and somewhere "close" to a Blackwater convoy. Gov. Opp. at 7. To prove that Mr. Slough held an animosity towards an entire class of people, the government seeks to prove that Mr. Slough fired his weapons at either structures or areas where Iraqis are not even alleged to be. *Id.*

Instead of citing evidence that Mr. Slough actually holds the views it ascribes to him, the government offers even more impermissible character evidence to prove the charged conduct. The government for the first time in its opposition brief offers additional, purported Rule 404(b) evidence against Mr. Slough: allegedly throwing "water bottles and other items" at civilians and vehicles, for a host of reasons. *Id.* The government offers no context for these newly-noticed acts, other than Mr. Slough allegedly threw these water bottles "during the twelve months preceding" the charged incident. *Id.* These acts, the government argues, reflects Mr. Slough's "disdain for Iraqis." *Id.* at 11-12.

The government argues that the noticed acts reflect Mr. Slough's "state of mind," not his alleged character. *Id.* at 12. It offers the noticed acts for two purported purposes under Rule

2

404(b): to show Mr. Slough's motive[1] and intent to commit the charged offenses. *Id.* at 12, 14, 16. Both justifications are a guise to reveal impermissible character evidence to the jury. The noticed acts cannot prove Mr. Slough's intent to commit the charged conduct because the acts, whether collectively or standing alone, lack what the D.C. Circuit requires: sufficient similarity to the charged conduct. Def. Mem. at 5-7. The noticed acts similarly cannot evidence Mr. Slough's motive because no legitimate link connects the noticed acts with the offenses.

The Court should adopt the Ninth Circuit's reasoning in *United States v. Brown*, 880 F.2d 1012 (9th Cir. 1989) and bar the government's efforts to reveal Mr. Slough's alleged character under the cover of motive evidence. The *Brown* court ordered a new trial after the defendant was convicted of first-degree murder for shooting through his screen door a postal carrier. *Id.* at 1013. The court specifically found error in the prosecutor's argument that the defendant was motivated to kill the postal carrier because of two prior acts: pointing a loaded rifle at another as part of a demand that the other return his property and shooting into the home of a neighbor. *Id.* at 1014 (noting the prosecutor argued these acts showed defendant "derives a thrill from creating violence, and that the motive behind the killing [of the postal carrier] was the motive to obtain this thrill"). At the threshold, the court explained that evidence of motive, because it is not an element of first-degree murder, is "only relevant to show [the defendant's] specific intent" to commit that charge. *Id.*

The *Brown* court held the defendant's prior uses of firearms to be impermissible motive evidence under Rule 404(b) because those acts had "no link whatsoever" to killing the charged victim. *Id.* at 1015. The defendant was in no way acquainted with the mail carrier, and both of

---

[1] Apart from a boilerplate recitation of Rule 404(b), the government provided no indication in its Notice of Intention to Introduce Evidence Pursuant to Federal Rule Of Evidence 404(b) ("Notice") of its intent to offer the noticed acts to prove Mr. Slough's motive to commit the offenses. *See* Notice (ECF No. 406).

defendant's prior acts were directed towards someone other than the postal carrier. *Id.* Without any evidence that defendant's prior bad acts were connected to the postal carrier, introducing as "motive" evidence the defendant's prior acts against other individuals served only to establish his "propensity for violence." *Id.* And proof of violent propensity, the court explained, "is precisely the use of evidence barred by Rule 404(b)." *Id.*

By contrast, the cases cited by the government, Gov. Opp. at 12, all involve a defendant's prior acts that bear an obvious, direct link to the charged conduct against the specific victim and are therefore inapposite here: prior bad acts involving the defendant's discharge from the U.S. Marines Corps and extra-marital affairs to prove why defendant resented and killed his wife, a U.S. Marines Corps captain, *United States v. Russell*, 971 F.2d 1098, 1106-07 (4th Cir. 1992); prior acts of violence against the victim to prove the defendant killed that same victim and her death was not accidental, *Gov't of the Virgin Islands v. Harris*, 938 F.2d 401, 420 (3rd Cir. 1991); *intrinsic* prior bad acts and prior bad acts of violence against the victim's family to prove defendant's intent and motive to commit the charges against the victim, *United States v. Dietz*, 443 Fed. Appx. 781, 790-91 (4th Cir. 2011); prior bad acts showing defendant's racial animus and affiliation with the KKK to prove he committed the charges with the KKK, *United States v. Seale*, 600 F.3d 473, 495 (5th Cir. 2010); prior bad acts of jealously-induced violence against the victim to prove the defendant killed that same victim for the same reason, *United States v. Garcia-Meza*, 403 F.3d 364, 368 (6th Cir. 2005).

Not one of government's cases supports its argument that extrinsic acts reflecting "hostility" and "disdain" *towards a class of people* may be introduced under Rule 404(b) to prove Mr. Slough's "state[] of mind," however defined. Gov. Opp at 10, 12. Even more, the government has offered no evidence to show that the noticed acts are linked in a meaningful way

to Mr. Slough's charged conduct against the specific alleged victims.  The government offers only that the prior acts are connected to the charged Incident because Mr. Slough allegedly committed these acts while providing security as part of Raven 23 in Baghdad.  *Id.* at 10.  Yet this purported link between the noticed acts and the charged conduct is just as general and vague as the purported motive evidence rejected by the *Brown* court.  Nothing shows that Mr. Slough's noticed acts were in any way directed towards the specific alleged victims of the charged offenses.  Absent this link, the noticed acts only suggest that Mr. Slough allegedly had a "propensity for violence" and invite the jury to convict him on that impermissible basis.  *Brown*, 880 F.2d at 1015.

The government also argues that use of force cases in civil cases outside this Circuit are relevant to prove Mr. Slough's conduct during the incident, Gov. Opp. at 13, but ignores on-point authority from the D.C. Circuit to the contrary:  *Hudson v. District of Columbia*, 448 F.3d 526 (D.C. Cir. 2009).  The *Hudson* plaintiff claimed, among other things, MPD officers assaulted and falsely arrested him in connection with his arrest.  *Id.* at 528.  Plaintiff's counsel at trial introduced evidence of the officer's alleged unlawful use of force against a different individual.  Using that evidence, plaintiff's counsel argued that the arresting officer was a "bad cop."  *Id.* at 531-32.  The Court found that Rule 404(b) prohibits exactly this evidence and argument:  "exhorting a jury to find against a defendant because he acted 'in conformity' with his bad acts—here, a purported history of physical violence, 'improper use of force' and filing 'false reports.'"  *Id.* at 532; *accord Rawlings v. District of Columbia*, Civil Action No. 07-1914 (PLF), 2011 WL 5325531 at \*\*1-2 (D.D.C. Nov. 4, 2011) (citing *Hudson* to exclude evidence of an officer's "prior shootings" to prove that the officer "acted in conformity therewith with a tendency to engage in off-duty shootings").

The government's efforts to use the noticed acts as evidence of its "theory" that Mr. Slough "disdain[ed]" Iraqis lack support both in fact and law.  These acts invite the jury to examine Mr. Slough's character, question whether he actually harbored an animosity towards a class of people because he allegedly fired at buildings, areas, and directions in wartime Baghdad, and consider whether he committed the charges on that basis.  The noticed acts bear on only one illegitimate trial issue:  Mr. Slough's alleged character.  Because Rule 404(b) prohibits exactly these efforts, the Court should bar the government from introducing the noticed acts at trial.

## II.     THE COURT SHOULD BAR THE NOTICED ACTS UNDER RULE 403

Arguing that Mr. Slough committed the charged conduct because he had a "hostility" and "disdain" towards a class of people would inject a pernicious racial and ethnic undercurrent through trial and overwhelm the legitimate evidence.  *United States v. Doe*, 903 F.2d 16, 21-22, 25 (D.C. Cir. 1990).  No limiting instruction, Gov. Opp. at 16-17, would undo the unfair and substantial prejudice to Mr. Slough if the government were allowed to parade before the jury its inflammatory and unsupported "theory."  *Doe*, 903 F.2d at 21-22, 25.  Rule 403 therefore bars the noticed evidence even if it could meet a legitimate Rule 404(b) purpose.

Dated:  May 27, 2014

Respectfully submitted,

/s/ Brian M. Heberlig
Brian M. Heberlig (No. 455381)
Michael J. Baratz (No. 480607)
Bruce C. Bishop (No. 437225)
Linda C. Bailey (No. 985081)
Scott P. Armstrong (No. 993851)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
Telephone:  (202) 429-3000

*Counsel for Defendant Paul A. Slough*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 27th day of May 2014, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

                        /s/ Brian M. Heberlig