# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
| v. | ) |
|  | )   No. 1:08-cr-360-RCL |
| PAUL A. SLOUGH, | ) |
| EVAN S. LIBERTY,        and | ) |
| DUSTIN L. HEARD, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |
| UNITED STATES OF AMERICA | ) |
|  | ) |
| v. | ) |
|  | )   No. 1:14-cr-107-RCL |
| NICHOLAS A. SLATTEN | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## DEFENDANT EVAN S. LIBERTY'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE RULE 404(b) EVIDENCE

Defendant Evan S. Liberty, by and through undersigned counsel, hereby replies to the Government's Opposition to his Motion *in Limine* to Exclude Purported Rule 404(b) Evidence.

The Government seeks to argue to the jury the following 404(b) character evidence: Mr. Liberty fired without aiming and without regard for who might be struck on May 23, 2007 and September 9, 2007; Mr. Liberty was reassigned from a position in the turret to a driver within the convoy as a result of overly aggressive behavior;[1] Mr. Liberty threw a frozen water bottle at a

---

[1] The Government makes no attempt to refute Mr. Liberty's position that this constitutes character evidence for the purpose of demonstrating propensity to commit the charged crimes. For the reasons in Defendant's Motion in Limine, this Court should exclude this evidence under Fed. R. Evid. 404(b). *See* Mot. in Limine at 7.

woman who was begging for water;[2] Mr. Liberty, according to a 302 in receipt, did not like

Iraqis; and Mr. Liberty referred to a teammate as "Hadji Lover." The evidence should be

excluded because it is inadmissible character evidence offered to prove conduct in conformity

therewith and, as such, is inadmissible under Rule 404(b). Moreover, the Government's evidence

fails the required balancing test pursuant to Rule 403.

## ARGUMENT

### I.        THE EVIDENCE IS INADMISSIBLE UNDER FED. R. EVID. 404(B)

Standing on their own, the prior acts lack the requisite similarity to the charged crimes to

demonstrate intent. *United States v. Long*, 328 F.3d 655, 662 (D.C. Cir. 2003) (finding the prior

act must be closely related to the charged offense to demonstrate intent).  Three of the prior acts

which the Government seeks to admit occurred during wartime while Mr. Liberty, as a Raven 23

member, was under attack.  As a result, they are not sufficiently similar to commission of

voluntary manslaughter.  The allegation that Mr. Liberty threw a frozen water bottle at a woman

begging for water is even more remote to the charged crimes.

The acts also do not provide direct evidence of motive to commit the charged crimes. All

the cases cited by the Government in its Opposition share the same distinguishing characteristic

– the prior act was directly related to the charged conduct against the specific victim. *See United*

*States v. Russell*, 971 F.2d 1098, 1106-07 (4th Cir. 1992) (prior bad acts involving the

defendant's discharge from the U.S. Marines Corps and extra-marital affairs to prove why

---

[2] The Government's Opposition to Defendant Liberty's Motion in Limine discloses, for the first time, the
Government's intention to introduce evidence that the defendants "threw water bottles and other items at civilians,
vehicles, wagons, and bicycles without justification, in an attempt to break automobile windows, injure and harass
people, and for sport." Gov't's Opp. at 7.  Specifically, with regard to Mr. Liberty, the Government seeks to argue to
the jury that on one occasion, "a lady sweeping the street stopped and waived at the convoy, pleading for water.
Defendant Liberty threw a frozen water bottle at the woman with such force it knocked the cap off the bottle."
Gov't's Opp. at 7.

defendant resented and killed his wife, a U.S. Marines Corps captain); *Gov't of the Virgin Islands v. Harris*, 938 F.2d 401, 420 (3rd Cir. 1991) (prior acts of violence against the victim to prove the defendant killed that same victim and her death was not accidental); *United States v. Dietz*, 443 Fed. Appx. 781, 790-91 (4th Cir. 2011) *(intrinsic* prior bad acts and prior bad acts of violence against the victim's family to prove defendant's intent and motive to commit the charges against the victim); *United States v. Seale*, 600 F.3d 473, 495 (5th Cir. 2010) (prior bad acts showing defendant's racial animus and affiliation with the KKK to prove he committed the charges *with* the KKK); *United States v. Garcia-Meza*, 403 F.3d 364, 368 (6th Cir. 2005) (prior bad acts of jealously-induced violence against the victim to prove the defendant killed that same victim for the same reason).

In an attempt to cure this disconnect, the Government relies on a singular theory for admissibility of all the prior acts: that the act demonstrates Mr. Liberty harbored "deep hostility" towards Iraqi civilians, and that "deep hostility" serves as evidence of motive or intent to commit voluntary manslaughter on September 16, 2007. The Government's Opposition fails to explain how the acts actually demonstrate the alleged "deep hostility," merely concluding that they do.[3] Instead, the Government requests this Court assume the prior acts to mean Mr. Liberty harbored animosity towards Iraqis. The Government further requests this court assume such animosity is evidence Mr. Liberty committed voluntary manslaughter on September 16, 2007. In other words, the Government argues that because Mr. Liberty allegedly committed the prior acts, he is more likely to have committed the charged crimes. Labeling the evidence as motive or intent does not change the fact that Government requests to argue to the jury that Mr. Liberty, based on

---

[3] The only exception to this is the evidence of a witness's personal opinion that Mr. Liberty disliked Iraqis. Gov't's Opp. at 7. However, within the 302 in receipt, the witness admits to having no basis for this opinion. This is inadmissible character evidence under 404(b), and, as discussed in section II, carries significant prejudicial effect that outweighs any probative value of this evidence. As such, it should be excluded.

prior acts, had the propensity to commit the crimes. This is exactly what Rule 404(b) prohibits. *See United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998) ("properly viewed, the first sentence of Rule 404(b) bars not evidence . . . but a theory of admissibility"); *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985) ("The exclusion of bad acts evidence is founded not on a belief that evidence is irrelevant, but rather on a fear that juries will give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds.").

## II.  THE EVIDENCE SHOULD BE EXCLUDED UNDER FED. R. EVID. 403 BECAUSE IT IS MORE PREJUDICIAL THAN PROBATIVE

Even if this Court finds the evidence permissible under Rule 404(b), it should be excluded under Fed. R. Evid. 403 because it is significantly more prejudicial than probative. The Government seeks into inject racial and ethnic undercurrent through trial and overwhelm the legitimate evidence. *United States v. Doe*, 903 F.2d 16, 21-22, 25 (D.C. Cir. 1990). There is a significant risk this will prejudice Mr. Liberty, and may lead to a conviction based on character and prior acts, rather than evidence of the charged crimes. To defend against the prejudice, Mr. Liberty will be required to spend significant time presenting evidence on the circumstances and events of the prior acts. In addition to creating undue delay, there is substantial likelihood this will lead to confusion of the issues. This substantial risk of prejudice, confusion and delay outweighs any probative value of the 404(b) evidence.

## CONCLUSION

For the foregoing reasons, the Court should exclude the evidence relating to Mr. Liberty described in the Government's Notice of Intention to Introduce Evidence Pursuant to Fed. R. Evid. 404(b) at trial.

4

Dated: May 27, 2014

Respectfully submitted,

   /s/ William Coffield
William Coffield (No. 431126)
Coffield Law Group, LLP
1330 Connecticut Avenue, NW
Suite 220
Washington, DC 20036
wcoffield@coffieldlawgroup.com
202-429-4799
*Counsel for Evan Liberty*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of May, 2014, I caused the foregoing Reply to Government's Opposition to Defendant Liberty's Motion in Limine to Exclude Purported 404(b) Evidence to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

> /s/ William Coffield
> William Coffield (No. 431126)
> Coffield Law Group, LLP
> 1330 Connecticut Avenue, NW
> Suite 220
> Washington, DC 20036
> wcoffield@coffieldlawgroup.com
> 202-429-4799