**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Cr. No. 08-360 (RCL)** |
| | : | **Cr. No. 14-107 (RCL)** |
| **v.** | : | |
| | : | |
| **PAUL ALVIN SLOUGH,** | : | |
| **NICOLAS ABRAM SLATTEN,** | : | |
| **EVAN SHAWN LIBERTY, and** | : | |
| **DUSTIN LAURENT HEARD,** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS' PROFFERED EXPERT TESTIMONY**

The United States of America respectfully submits this reply to Defendants' opposition to the Government's motion in limine to preclude proffered expert testimony.

## I. Urey Patrick and Colonel Bolgiano (Defendants' Proposed Use-of-Force/Self-Defense Experts)

For all the reasons and points noted in the government's initial memorandum, the proffered expert testimony of Urey Patrick and Colonel Bolgiano should be excluded, and those arguments will not be reiterated here. However, several arguments by the defendants (or lack thereof) in their opposition merit additional attention. Specifically, in that opposition, the defendants have noted that it will seek to have Mr. Patrick testify about:

> [M]emory inconsistencies that can result from combat and how the stress of combat can affect an individual's ability to remember people, events, and actions. Mr. Patrick will offer opinion testimony that it is not uncommon for an individual who was in a combat situation not to remember parts of what may have happened or all the actions that he may have taken.

Defendants' Opposition, Attachment A at 2. However, in its initial Motion in Limine, the government specifically objected to this line of testimony—an argument which the defendants

leave wholly unanswered. Specifically, the government cited to a long line of cases questioning the validity of such "memory" testimony. See, e.g., United States v. Libby, 461 F. Supp.2d 3 (D.C.C. 2006) (excluding expert testimony regarding "memory" formation and recall as unreliable under Daubert and under Rule 403 as probative value outweighed by not only delay, but also by risk jury will be misled and confused by testimony); United States v. Carter, 410 F.3d 942, 950-51 (7th Cir. 2005) (excluding expert testimony concerning the reliability of eyewitness identifications); Robertson v. McCloskey, 676 F. Supp. 351, 354-55 (D.D.C.1988) (excluding testimony of an expert in the field of "psychodynamics of memory and perception."). The government further argued that "Mr. Patrick does not appear to have any expertise in any medical or psychological" field relating to memory formation. Government's Motion in Limine at 11-12. Again, the defendants fail to respond to this argument, presumably because they know that any attempt to do so would fail. Because Mr. Patrick does not have the expertise in this area, and the defense has otherwise failed to meet its burden, Mr. Patrick should be precluded from testifying on this point.

The defendants at least muster an attempt to respond to the government's objection to Mr. Patrick's testimony about "how the involuntary physiological effects that are brought on by combat can result in a loss of dexterity and fine motor control." Defendant's Opposition, Attachment A at 2. In the initial motion, the government objected on both (1) his absence of any expertise in any medical field, and (2) the defendants' failure to provide any specific notice as to his conclusion or bases for reaching those conclusions, as they merely assert that he will "testify about physiological realities" and that he will "explain how" certain phenomena occur. Government's Motion at 10. Now, in response, the defendants simply point to a book he once

wrote. Defendants' Opposition at 6 ("[his] knowledge and understanding of these effects is described in great detail in his book, *In Defense of Self and Others.*"). To comply with Rule 16, the defendants must provide the opinions and the bases and reasons for those opinions, not merely plug a book. They have failed to do so. The proffered testimony should be excluded on both Rule 702 and Rule 16 grounds.

With respect to Col. Bolgiano, among other points, the government specifically objected to his testimony that "the reasonable use of force in self-defense may result in a high number of rounds being fired and high rates of casualties." Government's Motion at 13. The government also specifically objected to testimony on "wound ballistics," arguing that "[f]rom the notice provided, the government is left only to speculate about what the term "wound ballistics" means, why it is relevant, and how Col. Bolgiano is qualified to testify on the subject." Government's Motion at 9. The defense offers a definition of "wound ballistics" in its opposition -- "the study of the effect weapons and ammunition have on the human body" – and beyond that, the defendants' merely direct the government back to the barebones notice they initially provided. There is insufficient Rule 16 notice as to the actual anticipated opinions and basis for them, and until the defense provides more about Col. Bolgiano's testimony on these points, the testimony should be excluded.

## II. The Defendants Flout Rule 16's Requirements and The Proposed Expert Testimony Should Be Excluded.

The defendants brush aside Rule 16, asserting that they have complied. In attempt to put meat on the bare bones of their opposition, the defendants merely regurgitate conclusory sentences from their notices. As outlined in the government's previous motion, Rule 16 requires

more. Why did Mr. Conrad conclude that damage to the exterior of the Bearcat is more consistent with bullet strikes than shrapnel damage? Why would he expect the hole in the radiator of the Bearcat to be located in the front if caused by grenade shrapnel? The reasons and bases for these conclusions, just two examples of many, the Court and the government apparently will not know until the expert testifies in Court. Again, Rule 16 requires more, and the defendants' strategic attempt to withhold these reasons and conclusions violates Rule 16. Accordingly, this testimony and all testimony for which they have withheld the conclusions, and the bases and reasons for those conclusions, should be excluded by the Court.

Last, the defendants also lump many of their experts into a group in which they seem to say "we'll get back to you later" about the experts' testimony because they are still reviewing discovery. The defendants have had complete discovery on these subjects since at least 2009, and trial has been scheduled in this matter since October 2013. There is no reason why defense requests to review evidence should have started so late such that their experts are still reviewing material. Because the defense has inexcusably failed to comply with Rule 1's expert disclosure requirements in a timely fashion, those experts should be precluded from testifying at trial altogether. To allow otherwise would ignore the very purpose for Rule 16 expert disclosure requirements – that is, to prevent one side from unfairly concealing proffered expert testimony for strategic reasons, thereby precluding the otherwise from having a meaningful opportunity to know and confront it through experts of its own. In the alternative, if the Court is inclined to grant the defense additional time to properly notice their experts, the government requests a firm date of June 2, 2014, by which the defendants should be required to provide full notice for their experts (to including the conclusions, and bases or reasons for those conclusions) that they intend

to call at trial in compliance with Rule 16.

WHEREFORE, the Government respectfully asks the Court to grant this motion in limine.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar Number 447889

By: __________/s/_______________
Anthony Asuncion
Assistant United States Attorney
D.C. Bar Number 420822
Anthony.Asuncion@usdoj.gov

__________/s/_______________
Christopher Kavanaugh
Assistant United States Attorney
VA Bar Number 73093
Christopher.Kavanaugh@usdoj.gov

__________/s/_______________
T. Patrick Martin
Assistant United States Attorney
D.C. Bar Number 471965
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Thomas.Martin@usdoj.gov