# Exhibit 2

GC



**DEPUTY SECRETARY OF DEFENSE**
1010 DEFENSE PENTAGON
WASHINGTON, DC 20301-1010

DEC 14 2007

The Honorable David Price
U. S. House of Representatives
Washington, DC 20515

Dear Representative Price:

This responds to your letter, dated September 27, 2007, requesting information regarding the Department's approach to contractor accountability under the Uniform Code of Military Justice (UCMJ). Section 552 of the John Warner National Defense Authorization Act for Fiscal Year 2007 (Public Law 109-364) amended Article 2(a)(10), UCMJ (10 U.S.C. § 802(a)(10)), effective October 17, 2006. This amendment expanded UCMJ jurisdiction over persons serving with or accompanying the armed forces in the field during periods of declared war or a contingency operation.

The UCMJ is implemented through the Manual for Courts-Martial (MCM) rules, procedures, and policies, as prescribed by the President pursuant to Article 36, UCMJ. This comprehensive body of law establishes an effective military justice system within the armed forces that is applicable to all who Congress determines should be subject to the UCMJ. Article 2, UCMJ, jurisdiction applies to numerous categories of persons, not just those who are active duty service members. The 2006 amendment to Article 2(a)(10), UCMJ, created additional categories of persons who are subject to the UCMJ. Implementing regulations are not required to give effect to its jurisdiction. In order to promote the effective and efficient application of this enhanced jurisdiction, the Department directed the Joint Service Committee on Military Justice (JSC) to review the amendment and its implications for the discipline of civilians serving with or accompanying our armed forces. The JSC recommendations are currently under review and the Department expects to issue additional guidance soon.

The amendment extends UCMJ authority during contingency operations to those persons serving with or accompanying the armed forces in the field, which would include DoD civilian employees and DoD contractors. Private contractors of other Federal agencies may or may not be subject to this jurisdiction depending on whether, at the time of a contingency operation, they were serving with or accompanying our armed forces. The UCMJ term "in the field" has been judicially construed to require that the armed forces be conducting operations with a view toward engaging the enemy or hostile forces, rather than as a reference to a specific location. As such, not all contingency operations trigger UCMJ jurisdiction. One of the hallmarks of the military justice system is that UCMJ discipline is imposed in a manner that is fair and appropriate to the circumstances. It will be applied no differently for those who are subject to this expanded jurisdiction.

OSD 15458-07

12/17/2007 11:32:36 AM

(26) 11-34-07-04 (MJ Jurisdiction "Time of War" Gs+As Cong Inquiries)

USAO_009041

==Serious misconduct constituting a felony-level Federal crime committed outside the United States also is subject to U. S. Federal criminal jurisdiction under the Military Extraterritorial Jurisdiction Act (MEJA). MEJA jurisdiction applies when the alleged offender is a DoD contractor. MEJA also applies to a contractor of another Federal agency or provisional authority, but is limited to circumstances when that contractor's employment relates to supporting the DoD mission overseas. Private contractor employment that does not relate to supporting the DoD mission, but instead supports the mission of another Federal agency or of a private company, does not invoke MEJA jurisdiction.== I am informed that the Blackwater USA private security contractors working under a Department of State contract were not engaged in employment that was in support of the DoD mission.

When a person's criminal conduct violates both the UCMJ and domestic criminal law (i.e., MEJA), Rule for Courts-Martial 202 provides that the determination of whether the Department of Justice (MEJA) or the DoD (UCMJ) will exercise jurisdiction is for those agencies to decide, not the suspect or accused. The decision as to which agency will exercise jurisdiction normally should be made through consultation or prior agreement between appropriate military and civilian officials. In this regard, DoD Instruction 5525.7, "Memorandum of Understanding Between the Departments of Justice and Defense Relating to the Investigation and Prosecution of Certain Crimes," provides factors for consideration, including the nature of the alleged offense, its location, and whether or not the person committing the offense was subject to the UCMJ.

The mandatory reporting requirements and procedures of DoD Instruction 5525.11, "Criminal Jurisdiction Over Civilians Employed By or Accompanying the Armed Forces Outside the United States, Certain Service Members, and Former Service Members," are also important guidelines for military commanders when dealing with civilians overseas who commit crimes subject to MEJA jurisdiction. Because crimes subject to MEJA jurisdiction are committed outside the United States where military officials are likely to be the first to learn of it or have to respond to the scene of the incident, the DoD Instruction requires all MEJA-related crimes to be reported, through the chain of command, to the Office of the General Counsel of the Department of Defense. The Office of the General Counsel provides notice to the Department of Justice for its potential prosecution under U. S. Federal law.

All potential MEJA cases that have been reported to the Office of the General Counsel of the Department of Defense pursuant to DoD Instruction 5525.11 have been referred to the Department of Justice for review. Several cases have been prosecuted, or are under active consideration for prosecution, under MEJA. MEJA has been successfully used for the prosecution of military dependents, DoD civilian employees, former servicemembers, and DoD contractors for crimes committed around the globe,

including Iraq and Afghanistan. Questions about the Department of Justice's exercise of MEJA jurisdiction should be addressed to that Department.

Currently, the percentage of military and DoD civilian personnel and DoD contractors who commit serious crimes is low. As such, the current level of military police, investigator, and judge advocate resources should be sufficient to address any increase in cases overseas resulting from this UCMJ amendment. Combatant commanders will be supported as necessary.

Because of the unique nature of this UCMJ jurisdiction, sound management must be exercised. This authority should be reserved for extraordinary situations such as when U. S. Federal criminal jurisdiction otherwise does not apply or is not exercised, or when the person's conduct is adverse to a significant military interest of the United States (e.g., the offense jeopardizes good order and discipline or discredits the armed forces, and thereby has a potential adverse effect on military operations). Therefore, it is important that commanders first determine whether U. S. Federal criminal jurisdiction under MEJA and other Federal laws is being pursued before exercising UCMJ authority. We are prepared for legal challenges to this expanded UCMJ jurisdiction if they arise.

Thank you for your concern regarding contractor accountability and for your continued interest and support of the members of the armed forces.

*Gordon England*

USAO_009043