**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br> v.                                                    : <br> : <br> PAUL ALVIN SLOUGH,                     : <br> EVAN SHAWN LIBERTY, and       : <br> DUSTIN LAURENT HEARD,           : <br> : <br> Defendants.                                      : | Cr. No. 08-360 (RCL) |
| UNITED STATES OF AMERICA : <br> : <br> v.                                                    : <br> : <br> NICHOLAS SLATTEN,                       : <br> : <br> Defendant.                                        : | Cr. No. 14-107 (RCL) |

**GOVERNMENT'S REPLY TO DEFENDANTS'
OPPOSITON TO GOVERNMENT'S MOTION *IN LIMINE*
TO PRECLUDE ADMISSION OF THE TOC LOG**

As set forth below, the government replies to Defendants' Opposition to Motion *In Limine* to Exclude the TOC Log [Dkt. #568]:

**I.     Introduction.**

The TOC Log is not admissible as a business record. The defendants' reliance on the principle that records derived from information compiled by employees may be admitted even if it contains multiple layers of hearsay is misplaced because here the information contained in the

TOC Log is neither reliable nor confirmable.[1]

## II.     Argument.

Despite the fact that the TOC Log is an amalgam of hearsay statements from unidentified declarants, the defendants argue that it should be admitted as a record of regularly recorded activity pursuant to Fed. R. Evid. 803(6).  In a vain attempt to justify the multiple layers of inherently unreliable hearsay incorporated into the TOC Log, the defendants rely on the principle that, in business records, double hearsay "is excepted from the hearsay rule provided 'both the source and the recorder of the information, as well as every other participant in the chain producing the record, are acting in the regular course of business . . . .'" *United States v. Gurr*, 471 F.3d 144, 152 (D.C. Cir. 2006), citing *United States v. Baker*, 693 F.2d 183, 188 (D.C. Cir. 1982).  But their reliance is misplaced.

The principle enunciated by the D.C. Circuit in *Gurr*, 471 F.3d 144, is based on the premise that records prepared by a company's employees[2] are reliable because they are precise and checked for accuracy.  As the D.C. Circuit explained in *Baker*, 693 F.2d 183: "The justification for this exception is that business records have a high degree of accuracy because the nation's business demands it, because *the records are customarily checked for correctness, and because recordkeepers are trained in habits of precision*."  *Id.*  (emphasis added).  *See, e.g.*

---

[1]     To be clear, the government is not arguing that individual Raven 23 members should be precluded from testifying regarding their personal observations of what happened in Nisur Square, including the presence of threats that they personally observed – to the extent that they observed any.  Instead, we are arguing that hearsay evidence, the reliability of which cannot be established through cross-examination, should be precluded.

[2]     As a threshold matter, it is not clear that the exemption of double hearsay applicable when one employee gives information to another employee, *Gurr*, 471 F.3d 144, 151-52 ("Double hearsay exists when a business record is prepared by one employee from information supplied by *another employee*, (emphasis added)" would even apply here as the information was supplied to Blackwater by independent contractors – not employees. *See, e.g.*, Trial Tr. July 1, 2014, A.M. at 108 (Raven 23 member Matthew Murphy's contract with Blackwater introduced).

*Palmer v. Hoffman*, 318 U.S. 109, 114 (1943) (business records typically include, "payrolls, accounts receivable, accounts payable, bills of lading and the like . . . ."). The TOC Log, however, lacks the hallmarks of reliability upon which this hearsay exception is based. Specifically, it is not the record of a core business function – such as inventory or sales records – that lends itself to precision and where the accuracy of the underlying data is confirmable.

As opposed to being the product of trained "recordkeepers" and being "checked for correctness," the entries in the TOC Log are nothing more than entries purporting to note various statements made by unidentified Blackwater contractors to another Blackwater contractor (James Watson) and then relayed to the TOC. The "recordkeepers" did not check those random comments for accuracy, nor could they. This exposes the fundamental flaw in the defendants' attempt to have the TOC Log admitted as a business record: the TOC Log is merely a collection of communications among Blackwater contractors. By defendants' logic, any internal company communications would constitute a business record admissible pursuant to Fed. R. Evid. 803(6). This, however, is not the case.

The TOC Log purports to recount random comments made by unidentified Blackwater contractors on September 16, 2007. These comments are analogous to random intracompany email communications, which would not qualify as a business record. *See, e.g., United States v. Cone,* 714 F.3d 197, 220 (4th Cir. 2013) (emphasis added) ("While properly authenticated e-mails may be admitted into evidence under the business records exception, *it would be insufficient to survive a hearsay challenge simply to say that since a business keeps and receives e-mails, then ergo all those e-mails are business records falling within the ambit of Rule 803(6)(B)*"); *Morisseau v. DLA Piper*, 532 F. Supp. 2d 595, 622 n.163 (S.D.N.Y. 2008)

(emphasis added) ("An e-mail created within a business entity does not, *for that reason alone*, satisfy the business records exception of the hearsay rule, FED. R. EVID. 803(6)); *It's My Party, Inc. v. Live Nation, Inc.*, 2012 WL 3655470 *5 (D. Md. Aug. 23, 2012) ("I decline to accept a blanket rule that emails constitute business records; more specificity is required regarding the party's recordkeeping practices to show that a particular email in fact constitutes a reliable business record."); *Brown v. West Corp.*, 2014 WL 1794870 *3 (D. Neb. May 6, 2014) ("The Court rejects the assertion that emails among West employees fall under a per se exception to the hearsay rule as business records. Rather, each email must be analyzed to determine whether it meets the elements of the business record exception and whether any additional statements within the emails require a separate exception."); *see also United States v. Ramsey*, 785 F.2d 184, 192 (7th Cir.1986) ("Occasional desk calendars, in which entries may or may not appear at the whim of the writer, do not have the sort of regularity that supports a reliable inference.")..

In *Versata Software, Inc. v. Internet Brands, Inc.*, 2012 WL 2595275 (E.D. Tex. July 5, 2012), the court explained why intracompany communications, such as those presented here, do not raise to the level of an admissible business record:

> The essence of Mr. Jacops's testimony was that e-mails reporting on events pertinent to the business would be sent at a time convenient to the sender if the sender regarded the subject matter of the e-mail as worthy of communicating to others. *That evidence reflects the use of internal communications for information-sharing purposes based on instances of perceived need and convenience, not a system for preparing and retaining business records as a regular and routine practice. In that regard, Versata failed to show that documents such as Mr. Biwer's e-mail were prepared as a matter of business routine as opposed to sporadically, subject to the judgment of the maker of the document.*

*Versata Software, Inc,* 2012 WL 2595275 *5(emphasis added).  Similarly, the TOC Log reflects "internal communications for information-sharing purposes based on instances of perceived need

4

and convenience" made at "the judgment of the [declarant] . . . ." In sum, the defendants' overly broad reading of the business record hearsay exception eviscerates the rationale for the exception: the inherent reliability of business records.

Moreover, the comments of the unidentified Raven 23 members are inherently unreliable as they had an obvious motive to justify their actions, as opposed to compiling records to be used in the normal course of business. This motivation precludes the TOC Log from being deemed a business record. In *United States v. Smith*, 521 F.2d 957 (D.C. Cir. 1975), the D.C. Circuit held that a police broadcast may not be admitted by the party associated with its creations (the government) as a business record for this very reason:

> We hasten to specify the limits of our decision. We do not hold that a police record is admissible in a criminal proceeding as a business record, either as substantive evidence or for impeachment purposes, whenever the record meets the test of trustworthiness. We hold only that such a record is so admissible when offered by a criminal defendant to support his defense. *We do not believe that such records may properly be so employed by the prosecution. While confrontation clause values figure in our reasoning, the primary basis for the distinction is the "litigation records" doctrine . . . .*

*Id.* at 965-66 (emphasis added). The TOC Log is not the government's record; instead, it is the product of an entity associated with the defendants. Therefore, pursuant to *Smith*, 521 F.2d at 965, the defendants may not admit it as a business record. S*ee also United States v. Casoni*, 950 F.2d 893, 896–897, 908–914 (3d Cir. 1991) (record not admissible as a business record, where declarant had motive to minimize codefendant's responsibility and maximize that of his potential codefendants); *Certain Underwriters at Lloyd's v. Sinkovich*, 232 F.3d 200, 205–206 (4th Cir. 2000) (marine surveyor's incident report, prepared at request of insurance company, was inadmissible because report was not written in ordinary course of business, but in anticipation of

5

litigation); *Jordan v. Binns*, 712 F.3d 1123, 1135 (7th Cir. 2013) ("It is well established, though, that documents prepared in anticipation of litigation are not admissible under FRE 803(6)."); *Scheerer v. Hardee's Food Sys., Inc.*, 92 F.3d 702, 706 (8th Cir. 1996) (incident report was inadmissible because prepared in anticipation of litigation). Along these lines, contrary to Defendants' claim [Dkt. #568 at 8], there is no evidence that Blackwater made any business decisions based on comments that its contractors made on September 16, 2007. This collection of comments, therefore, is not a business record.[3]

---

[3] The cases cited by the defendants do not support their position. As set forth above, *Smith*, 521 F.2d at 956-57, holds that, while a defendant may admit a police broadcast as a business record, the party associated with the entity that made the record may not. Here, the defendants (not the government) are associated with the party that made the record (Blackwater). In *Flythe v. D.C.*, 2014 WL 1207845 (D.D.C. Mar. 25, 2014), the court misapplied the D.C. Circuit's reasoning in *Smith*, 521 F.2d 957, by granting the District of Columbia's government's request to admit radio run transcript (prepared by the District of Columbia's police department) as a business record.

Moreover, the defendants' supplemental opposition [Dkt. # 570] is of no moment. The grand jury passage cited by the defendants simply states that the time noted at which certain radio transmissions were received by the TOC is correct: "Q. And that tells us at least what *real time observations were being made by people in the TOC* at the time? A. Correct" (Dkt. #570, Ex. A at 10 (emphasis added)). But we are not challenging the reliability of the notations regarding the time at which the TOC received certain radio transmissions. Instead, we are challenging the reliability of the substance of those transmissions, which were based on observations made by unidentified contractors.

**III.    Conclusion.**

The TOC Log is a collection of unreliable hearsay. Thus, it should not be admitted.

                          Respectfully submitted,

                          RONALD C. MACHEN JR.
                          United States Attorney
                          D.C. Bar No. 447-889

By:    _____/s/_____
            Christopher Kavanaugh
            Assistant United States Attorney
            VA Bar Number 73093

            Anthony Asuncion
            Assistant United States Attorney
            D.C. Bar Number 420822

            T. Patrick Martin
            Assistant United States Attorney
            D.C. Bar Number 471-965

            National Security Section
            U.S. Attorney's Office