UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v.                                         ) <br> ) <br> PAUL A. SLOUGH, ) <br> EVAN S. LIBERTY, and ) <br> DUSTIN L. HEARD, ) <br> ) <br> Defendants. ) | Criminal No. 08-360 (RCL) |
| UNITED STATES OF AMERICA ) <br> ) <br> v.                                         ) <br> ) <br> NICHOLAS A. SLATTEN, ) <br> ) <br> Defendant. ) | Criminal No. 14-107 (RCL) |

## MEMORANDUM & ORDER

Before the Court are the government's motion [*Slough* 550; *Slatten* 106] to preclude admission of the Tactical Operations Center ("TOC") Log, the defendants' opposition [*Slough* 568; *Slatten* 124] and supplemental oppositions [*Slough* 570, 573; *Slatten* 126, 129] thereto, the government's reply [*Slough* 572; *Slatten* 128], the defendants' surreply [*Slough* 574; *Slatten* 130], and the government's response to the defendants' surreply [*Slough* 577; *Slatten* 133]. Also before the Court is the defendants' motion [*Slough* 546; *Slatten* 104] to exclude testimony regarding the omission of Shift Leader Jimmy Watson's alleged disobedience from the TOC Log, to which, in lieu of an opposition brief, the government responded with a footnote in its motion [*Slough* 550; *Slatten* 106 at 6 n.5] to preclude admission of the TOC Log.

The Court finds that the TOC Log is admissible as an exception to the rule against hearsay for records of a regularly conducted activity. Fed. R. Evid. 803(6). As the Court of Appeals for the District of Columbia Circuit has explained within the context of police records, such reports are generally inadmissible as business records when offered by the party responsible for preparing that report due to the probability that the record was prepared "with an eye toward litigation," and that the end result could equate to submitting a written summary of that party's theory of the case to the jury. *United States v. Coleman*, 631 F.2d 908, 912 (D.C. Cir. 1980) (interpreting *United States v. Smith*, 521 F.2d 957, 965-68 (D.C. Cir. 1975)); *see also United States v. Blackwood*, 1990 WL 78160, at *4 (D.C. Cir. June 11, 1990) (same). Based on the parties' respective briefing of the issue here, the Court is not sufficiently convinced that the transmissions to the TOC resulting in the TOC Log were issued with an eye toward litigation.[1] While the government's allegation that "[Blackwater employee Juan] Mendoza was instructed to omit any reference to the TOC's order to Raven 23's Shift Leader Jimmy Watson to remain in the Green Zone," Gov't's Mot. at 2, raises a legitimate dispute as to the trustworthiness of the TOC Log, *see* Fed. R. Evid. 803(6)(E), the credibility of this particular document is a question better suited for the jury to decide. As such, the Court further finds that the government is entitled to elicit testimony regarding the purported omission from the TOC Log of the order to Watson not to depart from the Green Zone on September 16, 2007. However, consistent with the Court's prior ruling, "[a]ny mention of an order being disregarded must specifically refer to Watson;" the government may not imply that the defendants were aware of such an order. Mem.

---

[1] The TOC Log may present increased reliability issues, as compared to police radio calls, given potential uncertainty as to the specific source of each transmission to the TOC, but the process by which the transmissions occurred and were recorded is sufficiently similar to police radio calls for the considerations and concerns underlying the holding in *Smith* to apply to the TOC Log as well.

2

Op., *United States v. Slough*, No. 08 Cr. 360 (D.D.C. June 16, 2014), ECF No. 526 at 9 n.1. Thus, it is hereby

**ORDERED** that the government's motion [*Slough* 550; *Slatten* 106] to preclude admission of the TOC Log is **DENIED**; and it is further

**ORDERED** that the defendants' motion [*Slough* 546; *Slatten* 104] to exclude testimony regarding the omission of Shift Leader Jimmy Watson's alleged disobedience from the TOC Log is **DENIED**, with the exception that the government may not imply the defendants' awareness of such disobedience.

It is **SO ORDERED** this 15th day of July 2014.

ROYCE C. LAMBERTH
United States District Judge

3