# EXHIBIT B

BWT-005668



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 23, 2008

**Via U.S. Mail and Email**

William M. Sullivan, Esq.
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817

  Re: <u>Criminal Investigation of Nisur Square Shooting (September 16, 2007)</u>

Dear Mr. Sullivan:

  We are writing to confirm our discussion concerning an "off-the-record" debriefing of your client, Mr. Jeremy Ridgeway, in connection with the ongoing criminal investigation into the shooting that occurred at Nisur Square, Baghdad, Iraq, on September 16, 2007. We understand that your client is interested in meeting with us for a voluntary "off-the-record" debriefing. For purposes of this letter, the "Government" means the United States Attorney's Office for the District of Columbia, the National Security Division of the Department of Justice, and the Federal Bureau of Investigation.

  In order to ensure that there are no misunderstandings concerning the meaning of "off-the-record," we are writing to clarify the ground rules of this and any subsequent voluntary "off-the-record" debriefing with your client.

  First, no statements made by or other information provided by your client during any "off-the-record" debriefing(s) will be used directly against your client in any criminal proceeding, except as noted below or in a criminal prosecution for perjury, making a false statement, or obstruction of justice arising from statements made or information provided during any such debriefing(s).

  Second, the Government may make derivative use of and may pursue any investigative leads suggested by any statements made by or other information provided by your client during any "off-the-record" debriefing(s). Because any such debriefings are voluntary (rather than

compelled), it is understood and agreed by your client that <u>Kastigar</u> protections do not apply to any statements made by or information provided by your client during any such debriefings. This provision is necessary to eliminate any need for a <u>Kastigar</u> hearing relating to any "off-the-record" debriefing(s) pursuant to this agreement, at which the Government would have to prove that the evidence it would introduce at trial is not tainted by any statements made by or other information provided by your client during any such debriefing(s) pursuant to this agreement.

Third, in the event that your client testifies at any trial or any other proceeding or presents evidence, including through any other witnesses, and your client's testimony or the evidence presented by your client conflicts with or is inconsistent in any way with any statements made by or other information provided by your client in any prior "off-the-record" debriefing(s), the attorney for the Government may question your client and other witness(es) concerning any statements made by or other information provided by your client during any such debriefings. In addition, the Government may introduce such statements or other information in response to your client's testimony or other evidence offered.

Fourth, it is understood and intended by your client and the Government that this agreement and the "off-the-record" debriefing(s) that it covers do not constitute plea bargaining. However, if this agreement or the debriefing(s) are subsequently construed as constituting plea bargaining, your client hereby knowingly and voluntarily waives any rights he has, pursuant to Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), and D.C. Super. Ct. R. Crim. P. 11(e)(6), which would otherwise prohibit the use against him of statements made during plea discussions.

Fifth, this agreement does not obligate the Government to enter into any future plea bargain with your client or to file any motion regarding any cooperation provided by your client. In addition, your client understands that the Government has made no additional promises to your client not contained in writing herein.

Sixth, in light of your client's allegation that the Government's criminal investigation, the grand jury's investigation, and/or witnesses in this case have already been "tainted" by exposure, directly or indirectly, to oral and/or written statements made by your client to agents of the Department of State and/or any other agents of the United States Government, purportedly under administrative compulsion, this agreement contains the following additional provisions:

> (a) Your client knowingly, intelligently, and voluntarily waives any right to argue or claim that the Government's criminal investigation, the grand jury's investigation, and/or witnesses in this case were "tainted" by any such exposure to the Government in any "off-the-record" debriefing(s) conducted pursuant to this agreement.
>
> (b) Your client preserves any right that he may have to argue or claim that the Government's criminal investigation, the grand jury's investigation and/or witnesses in this case were "tainted" by any such alleged exposure that may have occurred or may occur outside of any "off-the-record" debriefing(s) conducted pursuant to this agreement.

BWT-005670

   Seventh, it is understood that your client is only willing and able to make statements and provide other information at this time to the Government in an "off-the-record" debriefing(s) from sources independent of any exposure that he may have had to statements made by other individuals to agents of the Department of State and/or any other agents of the United States Government, purportedly under administrative compulsion. It is understood that these independent sources include your client's personal observations of the events at Nisur Square. It is further understood that your client will only make statements and provide other information to the Government in any debriefing(s) under this agreement that have not been, and would not be, refreshed, supplemented, modified, or shaped in any way, by any such exposure to purportedly compelled statements of other individuals.

   I trust that you will find these ground rules fair and reasonable. If your client wishes to engage in an "off-the-record" debriefing under these ground rules, both you and your client should sign this letter where indicated below and return it to us when we meet on October 23, 2008.

                              Sincerely,

                              JEFFREY A. TAYLOR
                              United States Attorney
                              for the District of Columbia

                     By:      _____
                              KENNETH C. KOHL
                              JONATHAN M. MALIS
                              Assistant United States Attorneys
                              (202) 616-2319


                     Acceptance by Jeremy Ridgeway

   I have read and discussed this entire three-page letter with my attorney, Mr. William M. Sullivan. I fully understand it and agree to it. No agreements, promises, understandings or representations have been made other than those set forth above. No one has forced or threatened me into agreeing to be interviewed. I am entering into this agreement because it is my choice and decision to be interviewed.


23 OCT 2008                   _____
Date                          Jeremy Ridgeway

### Attorney's Acknowledgment

I have read and discussed this entire three-page letter with my client, Mr. Jeremy Ridgeway. This letter accurately and completely sets forth the entire agreement between Mr. Ridgeway and the Government.

_10/23/08_
Date

_[signature]_
William M. Sullivan, Esquire
Attorney for Jeremy Ridgeway