# EXHIBIT C



U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

**BY E-MAIL**

November 27, 2013

Brian Heberlig, Esq.                              David Schertler, Esq.
Steptoe & Johnson, LLP                            Danny C. Onorato, Esq.
1330 Connecticut Avenue, N.W.                     Schertler & Onorato, LLP
Washington, D.C. 20036                            575 7th Street, N.W.
                                                  Suite 300 South
                                                  Washington, D.C. 20004

Thomas G. Connolly, Esq.                          William F. Coffield, Esq.
Wiltshire & Grannis                               Coffield Law Group
1200 Eighteenth Street, N.W., 12th Floor          1330 Connecticut Avenue, N.W. #220
Washington, D.C. 20036                            Washington, D.C. 20036

Re:   *United States v. Slough, et al.*, Crim. No. 08-360(RCL)

Dear Counsel:

We are writing in response to your letter dated November 22, 2013, and related conversations with Mr. Heberlig.

First, you have requested notes taken by a prosecutor at an attorney proffer session conducted on behalf of Jeremy Ridgeway on October 23, 2008.  We will not be producing those notes.  They contain no information that is not also found in agent notes of the October 30, 2008 Ridgeway interview, which have previously been provided to you.  *United States v. Wilkes*, 662 F.3d 524 (9th Cir. 2011) (emphasis added) (Rejecting claim that government violated *Brady* by failing to disclose proffers by witness that preceded decision to grant immunity to witness: "Wilkes has not cited any authority, and we have found none, holding that the government must disclose all proffers irrespective of whether the proffers contain information subject to disclosure under *Brady* or *Giglio*.  While evidence that impeaches a witness's credibility falls within the

*Brady* principle when the reliability of the witness 'may well be determinative of guilt or innocence,' . . . Wilkes has failed to establish that the disclosure of the proffer sessions would have served to impeach [witness's] credibility. *He has also not demonstrated that any impeachment value would not have been cumulative*."); *United States v. Zuazo*, 243 F.3d 428, 431 (8th Cir. 2001) (noting that "when the government does not disclose a potential source of evidence but the evidence available from that source is cumulative of evidence already available to the defendant, it has committed no *Brady* violation."). Moreover, neither Rule 16 nor the Jencks Act provides a basis for disclosure of the notes. With respect to the latter, the notes are not substantially verbatim and they do not even pertain to a potential government witness.

"[T]he *Brady* rule, Rule 16 and the Jencks Act, exhaust the universe of discovery to which the defendant is entitled." *United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988); *see also Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987); *United States v. Bagley*, 473 U.S. 667, 676 (1985) ("the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial"); *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one; . . . the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded."); *United States v. Agurs*, 427 U.S. 97, 106 (1976)(the government is under "no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor"); *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988) ("Under our law, the adversary system is the primary means by which truth is uncovered. . . . We decline to extend the defendant's right to discovery beyond that required by statute or the Constitution.").

Second, you have requested a letter from Ridgeway's counsel to the government, dated August 14, 2008. We are providing to you passages from that letter, which purport to describe the Nisur Square shooting, generally, and Ridgeway's actions, specifically, since they may be deemed to be Ridgeway's statements through his agent. The balance of the letter, however, contains no discoverable materials, so it has been redacted. (The letter is Bates stamped BWT-005672-BWT-005695.)

If you have any questions, please contact us. Thank you.

Sincerely,

By:     _____/s/_____

John Crabb Jr.
David J. Mudd
Assistant United States Attorneys