UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    :
**UNITED STATES OF AMERICA**        :
                                    :
        v.                          :   Criminal No. 08-360 (RCL)
                                    :
**PAUL ALVIN SLOUGH,**              :
**EVAN SHAWN LIBERTY, and**         :
**DUSTIN LAURENT HEARD**            :
                                    :
        Defendants.                 :
                                    :
_____:
                                    :
                                    :
**UNITED STATES OF AMERICA**        :
                                    :
        v.                          :   Criminal No. 14-107 (RCL)
                                    :
**NICHOLAS ABRAM SLATTEN**          :
                                    :
        Defendant                   :
_____:

### GOVERNMENT'S MEMORANDUM OF LAW ON VENUE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum articulating the government's position on venue.

### ARGUMENT

The critical question regarding venue is: whether Jeremy Ridgeway was a joint offender who was arrested in Washington, D.C. for purposes of 18 U.S.C. § 3238, the extraterritorial venue statute. The question is a legal one, and should be decided by the Court. Venue is not an element, and accordingly, the Fifth and Sixth Amendment requirements for a jury finding beyond a reasonable doubt do not apply. In this Circuit, it is an "open question" whether venue

1

should be determined by the jury or the trial court. United States v. Nwoye, 663 F.3d 460, 466 (D.C. Cir. 2011). The Court need not resolve the open question in this case because, under any relevant precedent, there is no genuine issue of material fact as to venue and thus it can be appropriately decided by the trial court. The defendants, as demonstrated by their proposed legal instructions, believe that the jury, as the fact-finder, should make the determination of whether Jeremy Ridgeway was a "joint offender" who was "arrested" in this jurisdiction for purposes of § 3238. However, the material facts as they relate to these issues are undisputed. This Court can and should make the legal determination that Jeremy Ridgeway was a joint offender who was arrested in the District of Columbia in connection with this case, and thus, venue is proper in this District.

## I. THE COURT SHOULD DETERMINE WHETHER VENUE IS PROPER IN THIS DISTRICT.

### A. Venue is not an element of a criminal offense.

Courts of appeals have repeatedly explained that, because venue is not an element of a criminal offense, it need only be proved by a preponderance of the evidence. See e.g., United States v. Rommy, 506 F.3d 108, 119 (2d Cir. 2007); United States v. Muhammad, 502 F.3d 646, 652 (7th Cir. 2007); United States v. Lanoue, 137 F.3d 656, 661 (1st Cir. 1998); United States v. Griley, 814 F.2d 967, 973 (4th Cir. 1987). Other courts of appeals have reached the same result but employed different language, stating that although venue may be an "element in the strictest sense" or an "element more akin to jurisdiction," it falls short of a "substantive" or "essential" element of an offense that must be determined by a jury beyond a reasonable doubt. See, e.g., Perez, 280 F.3d at 330 (observing that "the term 'element' lacks its usual force in the context of venue."); United States v. Stickle, 454 F.3d 1265, 1271-72 (11th Cir. 2006); United States v.

Kaytso, 868 F.2d 1020, 1021 (9th Cir. 1988). Regardless of the label given to venue, courts universally have distinguished it from elements in the traditional sense – those that bear on guilt or innocence and thereby implicate the commands of the Fifth and Sixth Amendments that a criminal conviction "rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." See United States v. Gaudin, 515 U.S. 506, 510 (1995); In re Winship, 397 U.S. 358, 364 (1970).[1]

The reasoning behind courts' decisions not to treat venue as a traditional criminal element is sound. "[U]nlike the substantive facts which bear on guilt or innocence in the case[,] venue is wholly neutral; it is a question of procedure, more than anything else, and it does not either prove or disprove the guilt of the accused." Wilkett v. United States, 655 F.2d 1007, 1011-12 (10th Cir. 1981); accord Perez, 280 F.3d at 330; Kaytso, 868 F.2d at 1021; cf. United States v. Maldonado-Rivera, 922 F.2d 934, 969 (2d Cir. 1990) ("[V]enue provisions deal not with whether prosecution of a given charge is permissible but only with that prosecution's permissible location."). Venue is fundamentally different from the elements of an offense in additional respects. Unlike elements, venue need not be proved in every case. The issue of proper venue can be waived if not timely raised, e.g., United States v. Knox, 540 F.3d 708, 716 (7th Cir. 2008); Perez, 280 F.3d at 328; United States v. Dabbs, 134 F.3d 1071, 1078 (11th Cir. 1998), including where the defendant fails to move to dismiss the case for improper venue before

---

[1] The government is aware of no Supreme Court authority that has ever bifurcated the term "element" into a hierarchy consisting of lesser "jurisdictional elements" and more robust "substantive elements," nor any suggestion by the Supreme Court that "elements" refer to anything other than those facts upon which guilt or innocence rest and that always must be proven to a jury beyond a reasonable doubt. See Gaudin, 515 U.S. at 510; In re Winship, 397 U.S. at 364. Although perhaps only a matter of nomenclature, the government takes the position consistent with the precedents of the Supreme Court and those courts of appeals that have held that venue is not an element. Accordingly, the government will refrain here from the practice deployed by some courts of referring to venue as a mere "jurisdictional" element rather than a "substantive" element.

trial based on a defect that is apparent from the face of the indictment. E.g., United States v. Khan, 821 F.2d 90, 93 (2d Cir. 1987).  Courts have also noted that "the standard for finding a waiver of venue rights is much more relaxed than the rigorous standard for finding waivers of the right to trial by jury, the right to confront one's accusers or the privilege against compulsory self incrimination."  United States v. Winship, 724 F.2d 1116, 1124 (5th Cir. 1984); accord United States v. Miller, 111 F.3d 747, 750 (10th Cir. 1997).  Accordingly, the government submits – consistent with all courts of appeals to have addressed the issue – that venue is not an "element" in the traditional sense.

>    **B.   Because venue is not an element, and there are no material facts related to venue in dispute in this case, venue should be decided by the trial court.**

As noted above, the question of whether venue is to be decided by the judge or by the jury remains an open question in this Circuit.  In Nwoye, the Court of Appeals for the D.C. Circuit noted that "three justices concurred in [the Supreme Court's decision in United States v.] Gaudin to explain that venue remained a question to be decided by the judge by a preponderance of the evidence.  We have not decided the question, and need not resolve it here."  663 F.3d at 466.  Other cases in this jurisdiction, however, have touched on the issue.  In United States v. Haire, 371 F.3d 833 (D.C. Cir. 2004), vacated on other grounds, 543 U.S. 1109 (2005), the Circuit held that the trial court did not plainly err in failing to instruct a jury with respect to venue where the defendant made no such request.  Id. at 838-39.  However, the Court "paused for further discussion" and stated in dicta that venue may present a question for the jury only "when the following three conditions are met:  (1) the defendant objects to venue prior to or at the close of the prosecution's case-in-chief, (2) there is a genuine issue of material fact with regard to proper venue, and (3) the defendant timely requests a jury instruction."  Id. at 839-40.

Although Haire may appear to conclusively resolve the issue of when venue presents a jury question, the Court's recent opinion in Nwoye confirms that is not the case, as the Court, after citing the three conditions set forth in Haire, explicitly stated that "[w]e have not decided the issue." 663 F.3d at 466.

In light of this open question, the government observes the following two points in a review of the legal landscape discussed above. First, courts of appeals have unanimously concluded that venue need only be proved by a preponderance of the evidence.[2] Second, in reaching this conclusion, although they may have used varying language, courts of appeals have also unanimously ruled that venue falls short of being classified as a traditional element of the offense upon which guilt or innocence rests. See supra at 3-4. It logically follows that, because the propriety of venue has no bearing on guilt or innocence and because it has never been elevated to the status of an element in the traditional sense, it does not implicate the requirements under the Fifth and Sixth Amendment that a criminal conviction "rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." Gaudin, 515 U.S. at 510; see also In re Winship, 397 U.S. at 364. Accordingly, consistent with the concurring opinion of Justices Rehnquist, O'Connor and Breyer in Gaudin, the "propriety of venue . . . may be decided by the trial court." 515 U.S. at 526.

The government acknowledges that the position that venue may always be decided by the trial court may run contrary to the aforementioned dicta in Haire, which contemplates that venue

---

[2] See United States v. Salinas, 373 F.3d 161, 163 (1st Cir. 2004); United States v. Rommy, 506 F.3d 108, 119 (2d Cir. 2007); United States v. Perez, 280 F.3d 318, 329-30 (3d Cir. 2002); United States v. Robinson, 275 F.3d 371, 378 (4th Cir. 2001); United States v. Strain, 396 F.3d 689, 692 n.3 (5th Cir. 2005); United States v. Crozier, 259 F.3d 503, 519 (6th Cir. 2001); United States v. Muhammad, 502 F.3d 646, 652 (7th Cir. 2007); United States v. Johnson, 462 F.3d 815, 819 (8th Cir. 2006); United States v. Pace, 314 F.3d 344, 349 (9th Cir. 2002); United States v. Cryar, 232 F.3d 1318, 1323 (10th Cir. 2000); United States v. Stickle, 454 F.3d 1265, 1271-72 (11th Cir. 2006); United States v. Morgan, 393 F.3d 192, 195 (D.C. Cir. 2004).

may present a question for the jury under certain, limited circumstances. This Court need not resolve this open question, because the defendants cannot even satisfy those conditions under which the Haire court stated that a jury instruction is appropriate. As noted above, Haire contemplated that venue may present a jury question where "(1) the defendant objects to venue prior to or at the close of the prosecution's case-in-chief, (2) there is a genuine issue of material fact with regard to proper venue, and (3) the defendant timely requests a jury instruction." Haire, 371 F.3d at 839-40. Here, even if the defendants satisfy the first and third prongs, there is no genuine issue as to any material fact regarding where joint offender Jeremy Ridgeway was arrested in connection with this case. Attached to this brief, the Court will find the following documents:

- Warrant for Ridgeway's Arrest, entered into evidence as Government's Exhibit 497G, signed by this Court on November 18, 2008 (Attachment A).

- Ridgeway's plea agreement, signed by Ridgeway, entered into evidence as Government's Exhibit 497I (Attachment B).

- Transcript excerpt from July 31, 2014 (7/31/14 AM Tr. 60-61) from Ridgeway's direct examination regarding his arrest in Washington, D.C. (Attachment C).

- Transcript excerpt from July 31, 2014 (7/31/14 PM Tr. 11-14) from Ridgeway's cross-examination regarding his arrest in Washington, D.C. (Attachment D).

These documents, as well as Ridgeway's testimony and the testimony of other Raven 23 members, provide the universe of facts relevant to a determination of whether Jeremy Ridgeway was a "joint offender" and whether he was "arrested" in connection with this case for purposes of § 3238.

In United States v. Hong Vo, 13-cr-168 (Bates, J.), the court was faced with the question of determining whether a joint offender was arrested in the District of Columbia for purposes of

the prosecution at issue. The court ruled that the question was not for the jury, but was to be determined by the court:

> Under section 3238, venue for offenses committed entirely outside of the United States "shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought," unless no offenders are arrested or brought into the United States, a fact pattern not present here. Unlike venue under section 3237(a) on the conspiracy count, <u>this is not a jury question.</u> Determination of these issues will not require the Court to make any factual determinations based on the sufficiency of the evidence.

<u>United States v. Hong Vo</u>, No. 13-cr-168 (JDB), 2013 WL 5739339, at *12 (D.D.C. Oct. 17, 2013) (emphasis added). There, just as here, the universe of facts was known and there was no genuine issue as to any material facts relevant to the venue determination.

This same scenario presented itself in the case of <u>United States v. Ali</u>, 11-cr-106 (ESH). In that case, the government prosecuted an alleged negotiator for a team of pirates that had seized a ship off the coast of Somalia. Venue was established in the District of Columbia because a joint offender, a pirate who participated in the ship's seizure, was arrested in the District of Columbia for purposes of 18 U.S.C. 3238. Unlike in this case, the joint offender in Ali was already in custody in another district, the Eastern District of Virginia, on another matter in which he was also being prosecuted. He was transported in custody to the District of Columbia, where he was charged, pled guilty, and agreed to cooperate. At the end of the trial, the defense sought to have the jury decide whether the joint offender was "arrested" for purposes of 3238. Judge Huvelle rejected this request, ruling that it was a legal question, that there was no genuine issue of material fact regarding where the cooperator was arrested, and thus, venue did not present a jury question. See <u>United States v. Ali</u>, 11-cr-106 (ESH), November 13, 2013, Tr. p. 147-151 (Attachment E).

The defendants, as presumed from their request of a jury instruction regarding venue, believe that the question of whether Jeremy Ridgeway was a "joint offender" and whether he was "arrested" for purposes of the extraterritorial venue statute, is a jury question. Yet, the defendants have introduced no evidence to dispute a single fact that would bear on whether his arrest occurred in District of Columbia. Moreover, from their opening statements, cross-examinations, and the evidence before the Court, the defendants also do not dispute that Ridgeway was a member of Raven 23 that was firing his weapon during the incident in Nisur Square on September 16, 2007 and that he later pled guilty to offenses of Voluntary Manslaughter and Attempt to Commit Voluntary Manslaughter arising out of that same incident.

To be sure, as made clear from prior pleadings, there is a dispute between the parties regarding venue in this case. But, that dispute is legal in nature and has already been settled by the Court. Specifically, the parties disagree regarding the definition of "joint offender" and "arrest" under 18 U.S.C. § 3238. But, as the Court ruled in its Memorandum and Order of May 13, 2014,

> The defendants' argument that Jeremy Ridgeway was not a joint offender similarly fails because the defendants' conception of what constitutes a "joint offense" is too narrow. Contrary to the defendants' arguments, joint offenses under § 3238 do not require that the government charge the defendants with conspiracy. As the legislative history of § 3238 makes clear, § 3238 applies to both substantive crimes and conspiracy . . . As Judge Urbina previously found, sufficient evidence exists in the record to conclude that Jeremy Ridgeway was a joint offender – that is, that <u>he participated along with the defendants in the commission of the crimes charged in the superseding indictment</u>. . . . The Court finds it immaterial that Jeremy Ridgeway pleaded guilty to two counts, likely out of a multitude that could have been charged, instead of pleading to a lesser included offense as was the case in *Levy Auto Parts*. <u>Id.</u> The Court therefore easily concludes that Jeremy Ridgeway was a joint offender. The Court notes in support of this conclusion that, as in *Levy*, the affidavit given in support of

> Ridgeway's arrest "clearly discloses that [Ridgeway] and the present defendants were suspected of concerted criminal activity."

Court's May 13, 2014, Memorandum and Order, Dkt. No. 436, p. 7-8 (emphasis added).

Moreover, the defendants' paradigm in which a jury is tasked with making such a legal determination crumbles upon reviewing their proposed legal instruction. According to the defendants, in order to find that Ridgeway is a joint offender, the jury has to find even more than that he aided and abetted, specifically, that he engaged in conduct that was "planned, arranged, adjusted, agreed on, and settled between the parties acting together pursuant to some design or scheme." See Defendants' Proposed Jury Instructions [Dkt. No. 443] at 59-60. In so doing, they ignore this Court's prior ruling that Ridgeway was a joint offender because of the evidence that "he participated along with the defendants in the commissions of the crimes charged in the superseding indictment." Court's May 13, 2014, Memorandum and Order, Dkt. No. 436, p. 7-8.

In sum, venue is not an element of the offense, and thus, it need not be proven beyond a reasonable doubt to a jury. Because venue is not an element, it also follows logically that venue is a question for the trial court, rather than a jury. Nevertheless, the Court need not resolve the open question of whether venue is a question for the judge or the jury because there is no genuine issue of material fact relevant to the issue of where Ridgeway was "arrested" in connection with this case or whether he was a "joint offender" for purposes of 18 U.S.C. § 3238, both of which are legal questions to be determined by this Court.

## II. BECAUSE JOINT OFFENDER JEREMY RIDGEWAY WAS ARRESTED IN THIS DISTRICT, VENUE IS PROPER HERE.

Because Jeremy Ridgeway was a joint offender who was arrested in this District, and there is no genuine dispute of relevant, material facts, the District of Columbia is a proper venue for all charges in the superseding indictment.

First, there is no genuine dispute of material *fact* that Jeremy Ridgeway was arrested in the District of Columbia.  At trial, the government introduced Ridgeway's arrest warrant (Exhibit 497G), and Ridgeway testified that he was arrested and booked by the FBI on November 18, 2008 in the District of Columbia:

> Q: And do you recognize Government Exhibit 49[7]G to be a warrant for your arrest signed by then Chief Judge Royce C. Lamberth?  Do you see that?
>
> A: Yes, sir, I do.
>
> Q: And you understand that, and that was issued on November 18 of 2008?
>
> A: Yes, sir.
>
> Q: And, in fact, on that same day you were arrested by FBI Agent John Patarini, is that correct, and his name is on the bottom of this?
>
> A: Yes, sir.
>
> Q: And that occurred in the District of Columbia?
>
> A: Yes, sir.
>
> Q: So you were formally placed under arrest by those FBI agents and then formally booked; is that your memory?
>
> A: Yes, sir.
>
> Q: And that all occurred in Washington, D.C.?
>
> A: Yes, sir.

See July 31, 2014, AM Tr. 61-62 (Attachment C).  Moreover, on cross-examination, Ridgeway testified as follows:

> Q: And it's true that at the time that you pled guilty you were as a technical matter arrested, correct?
>
> A: I'm sorry.  Say again, sir?
>
> Q: You were arrested, at least as a technical matter, correct?

10

> A: Oh, sir, I couldn't' speculate. I was told I was under arrest, so that's my understanding of it. So –
>
> Q: Did that occur here in Washington, D.C.?
>
> A: Yes, sir.

See July 31, 2014, PM Tr. 11-13 (Attachment D). Moreover, Ridgeway testified that "I was told I was under arrest" and that the agent "dangled the handcuffs in front of [him] and said, If you can behave yourself I will not put these on you." Id. In their case-in-chief, the defendants elected not to provide any evidence to dispute the facts underlying Ridgeway's arrest.

There is absolutely no evidence in the record to dispute (1) that Jeremy Ridgeway was arrested in connection with this case and (2) that the arrest occurred in the District of Columbia. The defendants have filed numerous pleadings arguing that these facts are legally insufficient to establish an "arrest" for purposes of 18 U.S.C. § 3238, but these legal arguments have already been rejected by the Court. See February 17, 2009, (08-360) Tr. p. 78 (rejecting the defendants' arguments that Ridgeway was not arrested in this District for purposes of § 3238); see also Court's May 13, 2014, Memorandum and Order, Dkt. No. 436, p. 7-8 (declining to disturb Judge Urbina's prior ruling). Because there is no genuine issue of material fact as to whether Ridgeway was arrested in Washington, D.C. for purposes of the extraterritorial venue statute, the Court may decide this issue, not the jury. See United States v. Catino, 735 F.2d 718, 724 (2d Cir. 1984)724 ("Courts consistently have interpreted 'arrested' in § 3238 to mean that venue is in that district . . . where the defendant is first restrained of his liberty in connection with the offense charged.")

Second, there is also no genuine dispute of material *fact* that Jeremy Ridgeway was a joint offender for every count of the superseding indictment. It is undisputed that Ridgeway was

11

a member of Raven 23 on September 16, 2007, as the turret gunner in the follow vehicle, who fired his weapons at the White Kia and other individuals in Nisur Square and continuing north of the Circle. Moreover, it is undisputed to what offenses he pled guilty (Voluntary Manslaughter and Attempt to Commit Voluntary Manslaughter), and it is undisputed that those offenses arose out of the same incident as the allegations contained in the superseding indictment against the defendants. Accordingly, based on the evidence at trial, because the undisputed evidence at trial demonstrates that Jeremy Ridgeway "participated along with the defendants in the commission of the crimes charged in the superseding indictment," (see Court's Memorandum and Order of May 13, 2014, 7-8), there is no genuine issue of material fact as to his status as a joint offender.[3] Accordingly, the trial court may decide the issue of venue and it is not a question for the jury.

In sum, there is no genuine issue of material fact as to whether Jeremy Ridgeway was a joint offender for each count of the Indictment who was arrested in the District of Columbia for purposes of 18 U.S.C. § 3238. Accordingly, given his status as a joint offender that was arrested in the District of Columbia, the Court should decide that venue is proper in the District of Columbia.

---

[3] To be sure, the defendants have made clear that they each dispute the facts and circumstances that underlie the allegations in the indictment as to their own conduct, as they have argued that they were not "offenders" much less "joint offenders." Of course, these determinations of guilt will remain for the jury to decide. The question to be decided by the Court regarding venue is whether there is a genuine dispute of material fact as to whether Ridgeway was a joint offender with the allegations contained in the Indictment.

**WHEREFORE,** the United States respectfully submits this memorandum articulating its position on venue.

                                          Respectfully submitted,

                                          RONALD C. MACHEN JR.
                                          UNITED STATES ATTORNEY
                                          Bar. No. 447-889

                                          _____/s/_____

By:   Christopher Kavanaugh
        Assistant United States Attorney
        VA Bar 73093
        202.252.6977
        Christopher.Kavanaugh@usdoj.gov
        National Security Section
        555 4th Street, N.W. – 11th Floor
        Washington, D.C.  20530


                                      _____/s/_____
        Anthony Asuncion
        Assistant United States Attorney
        D.C. Bar Number 420822
        Anthony.Asuncion@usdoj.gov

                                      _____/s/_____
        T. Patrick Martin
        Assistant United States Attorney
        D.C. Bar Number 471965
        Thomas.Martin@usdoj.gov