# ATTACHMENT E

Case 1:08-cr-00360-RCL   Document 620-5   Filed 08/26/14   Page 2 of 7
Case 1:11-cr-00106-ESH   Document 412   Filed 02/10/14   Page 1 of 185

1

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
- - - - - - - - - - - - - x

UNITED STATES OF AMERICA,    :  Docket Number CR 11-106

         vs.                 :     Washington, D.C.

ALI MOHAMED ALI,             :  Wednesday, November 13, 2013

         Defendant.          :        10:00 A.M.

- - - - - - - - - - - - - x

              TRANSCRIPT OF TRIAL PROCEEDINGS
         BEFORE THE HONORABLE ELLEN SEGAL HUVELLE
              UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:    JULIENNE HIMELSTEIN, ESQUIRE
                       FERNANDO CAMPOAMOR-SANCHEZ, ESQUIRE
                       Assistant United States Attorneys
                       U.S. Attorney's Office
                       555 4th Street, N.W.
                       Washington, D.C.  20001-2733
                       (202) 514-8302
                       (202) 353-7262


For the Defendant:     MATTHEW J. PEED, ESQUIRE
                       TIMOTHY R. CLINTON, ESQUIRE
                       BRIAN C. BROOK, ESQUIRE
                       Clinton, Brook & Peed, PLLC
                       1455 Pennsylvania Avenue, N.W.
                       Suite 400
                       Washington, D.C.  20004
                       (202) 621-1828


Court Reporter:             Lisa Walker Griffith, RPR
                            U.S. District Courthouse
                            Room 6507
                            Washington, D.C.  20001
                            (202) 354-3247
```

Case 1:08-cr-00360-RCL   Document 620-5   Filed 08/26/14   Page 3 of 7
Case 1:11-cr-00106-ESH   Document 412   Filed 02/10/14   Page 147 of 185

147

1  to agree with the conclusion, which is that even though he
2  may have facilitated acts post them being on the high seas,
3  that he can still be prosecuted for facilitation as long as
4  they were originally taken under the piracy law on the high
5  seas. And he can aid and abet, even if he's not on the high
6  seas or the boat's not on the high seas at the time he does
7  the aiding and abetting as long as the original taking occurs
8  on the high seas by the pirates.
9       So let's talk about venue, I think is the only --
10 that's the only other issue?
11      MR. BROOK: I just want to be clear for the record,
12 Your Honor, that we did submit something in writing on the
13 Bowie issue, I believe. I'm not sure if Your Honor has had
14 the opportunity to review it.
15      THE COURT: I don't know of anything filed. Today?
16      MR. BROOK: No. May I confer?
17      THE COURT: Are you talking about ex post facto?
18      MR. BROOK: Yes, Your Honor.
19      THE COURT: Yeah, no I understand. I don't think
20 this is if it was ex post facto. If it was ex post facto, it
21 should have been in front of the Court of Appeals, ex post
22 facto. I don't think so.
23      Okay. Can I hear from the Government on their
24 position here?
25      MR. CAMPOAMOR-SANCHEZ: Yes, Your Honor. I have to

Case 1:08-cr-00360-RCL   Document 620-5   Filed 08/26/14   Page 4 of 7
Case 1:11-cr-00106-ESH   Document 412   Filed 02/10/14   Page 148 of 185
148

1  say this venue issue is one of the more frustrating things to
2  me about this case.  But be that as it may, we had
3  Mr. Ibrahim.  And we have four documents that were admitted
4  into evidence.  Those were 409, 410, 411 and 412, which set
5  out Mr. Ibrahim's plea, both in the Eastern District of
6  Virginia as well as before the Court here in Washington, D.C.
7       Mr. Ibrahim testified that he was, in fact,
8  transported, but at the time that he was transported from
9  Virginia to D.C., he was, of course, in custody in the
10 Ashland case for which he had already pled guilty to.  And it
11 was after he arrived in D.C. that he was processed and booked
12 and presented for the charge.  That's when he's arrested.
13 And he's arrested as that happens here in D.C.
14      Now, true that that was contemplated before he
15 arrived in D.C.  But the issue is, he was not in custody for
16 purposes of this case until he was brought to D.C.  The
17 witnesses establish that.  The documents that are in evidence
18 establish that.  You know, to try to avoid having to play
19 what I consider to be, frankly, a game, we submitted to the
20 Court and to the defense the record of the 302 that
21 documented how he was brought here and what transpired during
22 that trip here from Virginia to D.C., as well as the other
23 documents related to the PD-623 documenting the arrest that
24 happened in D.C.  And a whole host of other documents that
25 clearly establish that he was arrested on this charge in D.C.

Case 1:08-cr-00360-RCL   Document 620-5   Filed 08/26/14   Page 5 of 7
Case 1:11-cr-00106-ESH   Document 412   Filed 02/10/14   Page 149 of 185

149

```
 1    And the defense has known this before trial began.  There's
 2    been no factual dispute.  Venue is not an element of the
 3    crime, although we have presented it, evidence of that.
 4         And for those reasons we submit that venue has been
 5    satisfied in the District of Columbia.  And that venue
 6    certainly is not an issue that needs to go to the jury for
 7    any kind of determination because there is no factual
 8    dispute.
 9         THE COURT:  Okay.
10         I have to say I don't think there's an issue of
11    fact, but rather it's an issue of law for the Court to decide
12    if there isn't anything for me to submit to the jury, that's
13    the first question.
14         I think the D.C. Circuit is clear and the *United
15    States versus Haire*, H-A-I-R-E, page 837, the Government
16    bears the burden of establishing by a preponderance of the
17    evidence that venue is proper with respect to each count.
18    This does not mean, though, and I'm not quoting, that venue
19    is an element of the offense that must be decided by the
20    jury.  It is only a jury question if the defendant objects to
21    venue prior to at the close of the prosecution's case and
22    that there is a genuine issue of material fact and the
23    defendant requests a jury instruction.
24         The second element here, I don't see that there's
25    any material issue of fact.  It's pretty clear, the facts, he
```

Case 1:08-cr-00360-RCL   Document 620-5   Filed 08/26/14   Page 6 of 7
Case 1:11-cr-00106-ESH   Document 412   Filed 02/10/14   Page 150 of 185

150

1   comes -- he's a joined offender clearly under Section 323(a)
2   of the venue statute.  Ibrahim is brought into the United
3   States, I think in April 2010 in connection with his attempt
4   to board the USS Ashland.  And he remains restrained or
5   arrested in Virginia from that time onward.
6           He does sign a plea agreement while he's in Virginia
7   that anticipates that he's going to be charged in the
8   District of Columbia for the events relating to the CEC
9   Future.  I think he signed that on the 25th of August.  He
10  has no recollection one way or another about when he learned
11  that he was going to come to D.C. on a charge.  His testimony
12  wasn't particularly, didn't raise any particular factual
13  issues.  He was asked.
14          He then goes in front of the -- Judge Jackson in the
15  Eastern District down in Norfolk.  He takes a plea to the
16  Ashland and signs a transfer order.  He then is transferred.
17  At the time he's transferred he has already been restrained
18  in connection with the Ashland.  He can't go anywhere.  It's
19  not like the case I just cited, *United States versus Provoo*,
20  a Second Circuit case from 1954.
21          He then boards a plane accompanied by law
22  enforcement.  There's no question.  Arrives at National and
23  is taken to the jail here -- or taken, I'm sorry, to this
24  courthouse where he is charged.  He is before the magistrate
25  judge.  He at that point is arrested on this charge as far as

Case 1:08-cr-00360-RCL   Document 620-5   Filed 08/26/14   Page 7 of 7
Case 1:11-cr-00106-ESH   Document 412   Filed 02/10/14   Page 151 of 185

151

```
 1    the Court is concerned.  He then enters into a plea.
 2            Goes back to Norfolk where he is sentenced
 3    ultimately on November 29th.  And then Judge Friedman in this
 4    court sentenced him on April 7th.  But he was not tree to go
 5    on the Ashland charge at any time.  So his liberty was
 6    restrained from the moment that he landed in Norfolk or
 7    earlier than that.  But that was in connection to the USS
 8    Ashland.
 9            And the Court find as a matter of law that he was
10    not restrained in connection to this case until he was
11    transported to Washington, D.C. and appeared before the
12    magistrate judge.  The fact that he got on board in a plane
13    in Norfolk with the intent of coming here doesn't mean he was
14    restrained in that case or in this case, sorry.  He's still
15    restrained in the Virginia case.
16            So, the issue will not be submitted to the jury.  In
17    my view, the Government has done what they need to do to
18    establish venue here in this jurisdiction for the joint
19    offender.
20            Anything else at this time?
21            MR. BROOK:  No, Your Honor.
22            MR. CAMPOAMOR-SANCHEZ:  No, Your Honor.
23            THE COURT:  All right.  So these three witnesses
24    will be ready to go first thing in the morning.  And I'll
25    take a look at the various issues about -- having to do with
```