# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Cr. No. 08-360 (RCL) |
| | : | |
| v. | : | |
| | : | |
| **PAUL ALVIN SLOUGH,** | : | |
| **EVAN SHAWN LIBERTY, and** | : | |
| **DUSTIN LAURENT HEARD,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |
| | | |
| **UNITED STATES OF AMERICA** | : | Cr. No. 14-107 (RCL) |
| | : | |
| v. | : | |
| | : | |
| **NICHOLAS SLATTEN,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S SUPPLEMENTAL SUBMISSION
## REGARDING AIDING AND ABETTING INSTRUCTION

The government submits the following supplemental request regarding the aiding and abetting instruction:

Based on *Rosemond v. United States*, 134 S.Ct. 1240 (2014), the Court will be instructing the jury that a defendant must, among other things, have advance knowledge of the charged offense to be held guilty for aiding and abetting the commission of that offense. In pertinent part, the instruction will read as follows: "1. The defendant *knew in advance* that the crime charged in that Count was to be committed or was being committed." *See* Defendants' Corrected Proposed Jury Instruction No. 17 (emphasis added).

In *Rosemond*, the Supreme Court explained the defendant's "advance knowledge" does not have to exist before the underlying crime is begun. It is sufficient if the knowledge is gained in the midst of the underlying crime, so long as the defendant continues to participate in the crime and had a realistic opportunity to withdraw. *See, e.g.*, 134 S.Ct. 149 ("advance knowledge" means, "knowledge that enables [the defendant] to make the relevant legal (and indeed, moral) choice."); *id.* at 1248-49 ("We have previously found that intent requirement satisfied when a person actively participates in a criminal venture with full knowledge of the circumstances constituting the charged offense."); *id.* at 1249-50 ("For the reasons just given, we think [advance knowledge] means knowledge at a time the accomplice can do something with it – most notably, opt to walk away.") The jury, however, may mistakenly believe that "advance knowledge" requires knowing of the charged offense before it is committed.

Accordingly, we ask the Court to consider defining "advance knowledge" for the jury. Specifically, we ask that the following italicized language be added to the defendants' aiding and abetting instruction: "1. The defendant knew in advance that the crime charged in that Count was to be committed or was being committed. *Advance knowledge means that the defendant learned of the crime charged in the Count at a time when he could act on the information and chose to participate in the criminal venture with full knowledge of the circumstances constituting the crime charged in the Count.*"

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar Number 447889


_____/s/_____

Anthony Asuncion
Assistant United States Attorney
D.C. Bar Number 420822
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Anthony.Asuncion@usdoj.gov


_____/s/_____

T. Patrick Martin
Assistant United States Attorney
D.C. Bar Number 471965
Thomas.Martin@usdoj.gov


_____/s/_____

Christopher Kavanaugh
Assistant United States Attorney
VA Bar Number 73093
Christopher.Kavanaugh@usdoj.gov