## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 1:08-CR-360 (RCL)** |
| | ) | |
| **PAUL A. SLOUGH,** | ) | **Judge Royce C. Lamberth** |
| **EVAN S. LIBERTY,** | ) | |
| **DUSTIN L. HEARD,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 1:14-CR-107 (RCL)** |
| | ) | |
| **NICHOLAS A. SLATTEN,** | ) | **Judge Royce C. Lamberth** |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANTS' MEMORANDUM REGARDING
## ORDER OF CONSIDERATION OF LESSER INCLUDED OFFENSES

With respect to the lesser included offenses of Involuntary Manslaughter and Attempt to Commit Involuntary Manslaughter, the Government has proposed the following instruction on the order in which the jury should consider the greater and lesser charges:

> For Counts Two through Fourteen [Fifteen through Thirty-Two], you should first consider whether a defendant is guilty of Voluntary Manslaughter [Attempt to Commit Voluntary Manslaughter]. If you do find him guilty, do not consider the charge of Involuntary Manslaughter [Attempt to Commit Involuntary Manslaughter]. If you find him not guilty, go on to consider Involuntary Manslaughter.

Gov. Markup of Draft Jury Instrs., at 32, 36 (submitted in Court Aug. 27, 2014). The Government's proposed instruction is based on Red Book Instr. 4.202, at 4-60 ("Order of Considering the Charges").

The Defendants have proposed the following modification to the Government's proposed language:

> For Counts Two through Fourteen [Fifteen through Thirty-Two], you should first consider whether a defendant is guilty of Voluntary Manslaughter [Attempt to Commit Voluntary Manslaughter].  If you do find him guilty, **or if you find him not guilty by reason of self-defense or defense of others**, do not consider the charge of Involuntary Manslaughter [Attempt to Commit Involuntary Manslaughter].  If you find him not guilty **for some other reason**, go on to consider Involuntary Manslaughter.

Defendants' proposal is rooted in the nature of self-defense as a complete defense to all charges. Defendants respectfully submit that if the jury finds a Defendant not guilty of the greater offense by reason of self-defense or defense of others, that is a full defense to both the greater and lesser offense, and that to permit the jury to go on to re-consider the lesser offense would abrogate the full-defense effect of the self-defense finding, and present Double Jeopardy concerns by in effect directing the jury to re-consider the offense a second time after having found a full defense the first time. *See* Red Book Instr. 4.202, comment, at 4-62 ("Self-defense is a complete defense and failure to prove that the defendant did not act in self-defense results in an acquittal.").

Defendants have not found authority specifically addressing the proper instruction on order of consideration for lesser-included offenses.  We have uncovered additional authorities for the general proposition that self-defense is a complete defense, and that where self-defense is asserted, it is error to instruct the jury to consider a lesser-included offense.  *See United States v. Smith*, 521 F.2d 374, 377 (10th Cir. 1975) ("The theory of appellant's case was self-defense, and the trial court properly instructed the jury that such a defense is a complete defense.  The crime of involuntary manslaughter is inconsistent with the theory of self-defense."); *Brooks v. Commonwealth*, 486 S.W.2d 695, 696 (Ky. 1972) ("There can be no doubt from the facts contained in this record that [defendant] intended to defend herself against the acts of [her

decedent husband] and that she intended the consequences which would naturally flow from her action.  Therefore, an instruction on the offense of involuntary manslaughter was improper.").

Though not a self-defense case, the D.C. Circuit has also recognized that where an asserted defense is completely exculpatory, a lesser-included instruction should not be given. *See United States v. Thornton*, 746 F.2d 39, 47 (D.C. Cir. 1984) ("a refusal to give the lesser included offense instruction is no error when the defense is purely exculpatory, and, if believed, would lead only to acquittal"); *id.* at 48 ("It is beyond question that this sort of exculpatory defense does not lend itself to a lesser included offense instruction. 'A general denial of guilt, or purely exculpatory evidence, is insufficient to give rise to a genuine conflict over which of two or more offenses might have been committed.'") (citation omitted). Only if the evidence could rationally permit the jury to find the lesser included offense, but not the greater included offense, may a lesser included instruction be given.  *Id*.[1]

Respectfully, Defendants continue to believe that as the facts of this case have been tried and argued, it is not possible to convict Defendants of Involuntary Manslaughter but not Voluntary Manslaughter.  The only elements on which the two offenses differ are that Voluntary Manslaughter requires intent to kill or cause serious bodily injury, or conscious disregard of extreme risk of death or serious bodily injury; whereas Involuntary Manslaughter requires that "the victim was killed while defendant was committing a lawful act in an unlawful manner, or without due caution and circumspection."[2] The acts charged in this case, by which the defendants

---

[1] *Accord Carter v. United States*, 530 U.S. 255, 261 n.3 (2000) (quoting *Schmuck v. United States*, 489 U.S. 705, 716 n.8 (1989)); *United States v. Whitaker*, 447 F.2d 314, 317 (D.C. Cir. 1971), *abrogated in part on other grounds by Schmuck*, 489 U.S. at 709 n.5, 715-16.

[2] *Compare* Def. Corr. Prop. Instr. No.8, Voluntary Manslaughter, Essential Elements (Gov. Markup of Draft Instrs. at 27-28), *with* Gov. Prop. Instr.: Involuntary Manslaughter (Gov.
(Continued …)

allegedly killed or injured the victims, are that they shot them with high-powered weapons.  The

Government obtained today, without objection, addition of the "inference on use of a weapon"

charge, at 4-59, instructing that use of such weapons permits the inference of intent to kill, to

inflict serious bodily injury, or conscious disregard of extreme risk of death or bodily injury.

Red Book Instr. 4.202, at 4-59.  In these circumstances, it is difficult to fathom how a rational

jury might find that such killing was "a lawful act,"[3] other than by finding that it was self-

defense, which is a full defense.[4]

---

Markup of Draft Instrs. at  31).  Three of the other elements are identical ((1) unlawfully killing the decedent; (2) not in self-defense or defense of others; and (3) within federal jurisdiction (here, MEJA)), and the last remaining element of Involuntary Manslaughter, "knowledge or reason to know that his conduct was a threat to the lives of others," Gov. Markup at 31, is subsumed within the Voluntary Manslaughter element of intent to kill, intent to cause serious bodily injury, or conscious disregard of extreme risk of death or serious bodily injury.

A second theory of Involuntary Manslaughter, the so-called "misdemeanor manslaughter" theory, *Comber v. United States*, 584 A.2d 26, 49 (D.C. 1990), is not pressed by the Government here.  *See* 18 U.S.C. § 1112(a) ("Involuntary—In the commission of an unlawful act not amounting to a felony"); Gov. Markup of Draft Instrs., at 31 (not seeking this theory).  The misdemeanor theory would not be a prosecutable lesser included offense, both because it includes an element, the commission of a misdemeanor, that is not an element of voluntary manslaughter, *see Carter*, 530 U.S. at 260-61, and because the Government did not give notice of that theory in the Indictment, *see Schmuck*, 489 U.S. at 717-18.

[3] § 1112(a); Gov. Markup of Draft Instrs. at 31.

[4] It is not legally possible to commit self-defense "in an unlawful manner."  If the elements of self-defense are met, the defense is complete; if they are not, it is no defense (except for Slatten, for whom imperfect self-defense would be a mitigating circumstances to murder).  Nor is it possible to commit a self-defense killing "without due caution and circumspection."  If self-defense is justified, *i.e.*, if one is defending one's life from mortal threat, "due caution and circumspection" are not required.  It is not possible to defend oneself from mortal threat negligently.

The government may respond, as it argued to the jury today, that it *is* possible to use force in the *subjective* belief of self-defense, but for that belief to be unreasonable, or the force to be excessive. But such proof would not reduce the offense to Involuntary Manslaughter.  Instead, it would *defeat self-defense entirely*, making the offense voluntary manslaughter.

There is no claim in this case that any Defendant intentionally shot someone but did not intend to kill or injure them, nor that any Defendant shot by accident (*i.e.*, not intending for the gun to go off).  Instead, the Government's theory is that the Defendants opened fire intending to kill or seriously injure whomever they hit, or at least exhibiting conscious disregard of that risk.  And, as seen in Defendant Slough's closing argument today, the Defendants' theory—which is asserted count-by-count, not all-or-nothing—is either that they did not shoot those whom they are accused of shooting, or that they did shoot, in self-defense.[5]  Both defenses are completely exculpatory; *see Thornton*, 746 F.2d at 47, 48.  Neither would reduce a Defendant's liability from Voluntary to Involuntary Manslaughter.

Among a number of the cases, some already submitted, some new, a dividing line emerges.  In cases where battered wives stabbed their husbands, and defended that it was either accidental *or* self-defense, and that they didn't mean to kill, Involuntary Manslaughter instructions were proper.[6]  In cases where defendants *shot* their victims, however, intending the natural and probable consequences of shooting them, and claimed then self-defense, Involuntary Manslaughter instructions were not proper.[7]  This case is of the latter variety.  As the lead prosecutor told the jury in closing, "it's a self-defense case, after all . . . .  A self-defense case, almost inherently, necessarily—we shot, but we were legally justified in doing so."  Aug. 27,

---

[5] As the prosecutor acknowledged today, "no one is saying," with respect to the *same* victim, "well, we didn't shoot, and by the way, we were defending ourselves."  Aug. 27, 2014 AM Tr. at 51:21-22.

[6] *See United States v. Browner*, 889 F.2d 549, 554-55 (5th Cir. 1989); *United States v. Arnt*, 474 F.3d 1159, 1163-65 (9th Cir. 2007); *United States v. Iron Shield*, 697 F.2d 845, 846-48 (8th Cir. 1983).

[7] *See United States v. Skinner*, 667 F.2d 1306, 1310 (9th Cir. 1982); *Bishop v. Mazurkiewicz*, 634 F.2d 724, 726 (3d Cir. 1980); *Brooks*, 486 S.W.2d at 696.

2014 AM Tr. at 51:20-24.  Self-defense is a full defense, giving complete exoneration on *any* manslaughter offense.  *See supra* at 2-3.  Accordingly, instruction on Involuntary Manslaughter (and attempt to commit it) in this case is improper, and Defendants renew their objection to those instructions.[8]

Should the Court adhere to its earlier ruling on Involuntary Manslaughter, however, Defendants submit it is necessary to instruct the jury that if, in considering Voluntary Manslaughter, it finds a defendant not guilty based self-defense or defense of others, it should stop, and may not consider Involuntary Manslaughter.  Failing to so instruct would abrogate the nature of self-defense as a full, exculpatory defense, *see Thornton*, 746 F.2d at 47, 48; *Smith*, 521 F.2d at 377; *Brooks*, 486 S.W.2d at 696, and would threaten Double Jeopardy by instructing the jury to reconsider a charge against a Defendant after having already found a fully exculpatory defense.[9]  The more protective solution, which would prevent Defendants from running the gauntlet twice, is simply to instruct the jury, for each charge, that if they find self-defense, they should stop and acquit; otherwise, they may continue.

---

[8] Notably, although it cites D.C. common law, not cases interpreting the federal statute, the Red Book does instruct that "[i]nvoluntary manslaughter is *not* a lesser included offense of voluntary manslaughter."  Red Book Instr. 4.212, comment, at 4-88 (citing *Comber v. United States*, 584 A.2d 26, 53 n.46 (D.C. 1990)).

[9] The Government points out that self-defense is equally applicable to the lesser-included offense, so if that is the jury's finding, the result should be the same.   Juries have been known to reach inconsistent verdicts, however, and when they do, the result is generally that the conviction stands, if it is not possible to tell what the jury's rationale was.  *See United States v. Powell*, 469 U.S. 57, 64-65 (1984).  Here, the Court and the parties would never know, absent special verdict findings (which neither party requests).

Respectfully submitted,

   /s/ *Brian M. Heberlig*      
Brian M. Heberlig (No. 455381)
Michael J. Baratz (No. 480607)
Bruce C. Bishop (No. 437225)
Linda C. Bailey (No. 985081)
Scott P. Armstrong (No. 993851)
Steptoe & Johnson LLP
1330 Connecticut Ave. N.W.
Washington, D.C.  20036
(202) 429-3000
*Counsel for Defendant Paul A. Slough*

   /s/ *William Coffield*      
William Coffield (No. 431126)
Coffield Law Group LLP
1330 Connecticut Ave. N.W. Suite 220
Washington, D.C.  20036
 (202) 429-4799
*Counsel for Defendant Evan S. Liberty*


Dated:  August 28, 2014

   /s/ *Thomas G. Connolly*      
Thomas G. Connolly (No. 420416)
Steven A. Fredley (No. 484794)
Jared P. Marx (No. 1008934)
Anne K. Langer (No. 501389)
Harris Wiltshire & Grannis LLP
1200 Eighteenth Street N.W.,
Suite 1200
Washington, D.C. 20036
(202) 730-1300
*Counsel for Defendant Nicholas A. Slatten*

   /s/ *David Schertler*      
David Schertler (No. 367203)
Janet Foster (*pro hac vice*)
Schertler & Onorato, LLP
575 7th Street, N.W. – Suite 300 South
Washington, D.C.  20004
(202) 628-4199
*Counsel for Defendant Dustin L. Heard*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August 2014, I caused the foregoing to be filed

with the Clerk of the Court using the CM/ECF system, which caused the pleading to be served

electronically on the following counsel:

Anthony Asuncion, AUSA
T. Patrick Martin, AUSA
Christopher Kavanagh, AUSA
United States Attorney's Office
 for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530


                                                    /s/ Bruce C. Bishop