IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 1:08-CR-360 (RCL) |
| PAUL A. SLOUGH, EVAN S. LIBERTY, DUSTIN L. HEARD, | ) ) ) ) | Judge Royce C. Lamberth |
| Defendants. | ) ) ) | |

**DEFENDANTS' OBJECTION TO ANY INSTRUCTION
ON ATTEMPT TO COMMIT INVOLUNTARY MANSLAUGHTER**

Defendants Paul Slough, Evan Liberty, and Dustin Heard, through counsel, respectfully object to any instruction of the jury on the purported lesser-included offense of Attempt to Commit Involuntary Manslaughter, on the grounds that there is no such offense.[1]

The offense of Attempt to Commit Manslaughter under 18 U.S.C. § 1113, unlike the offense of Manslaughter under 18 U.S.C. § 1112, is not broken into separate components, voluntary and involuntary. Instead, the statute defines only a single offense: "Attempt to Commit Murder or Manslaughter." § 1113; *cf.* § 1112(a) (specifying "two kinds" of manslaughter).

---

[1] This objection does not apply to Defendant Nicholas Slatten (No. 14-CR-107), as Mr. Slatten has no manslaughter or attempt to commit manslaughter charge against him.

The Government's proposed instructions on Involuntary Manslaughter and Attempt to Commit Involuntary Manslaughter were first submitted halfway through the jury charge conference on August 26, 2014, and were accepted by the Court over defense objection on August 27, 2014. Defendants did not realize the flaw in the purported offense of Attempt to Commit Involuntary Manslaughter until finalizing revisions to the proposed Verdict Form on September 1, 2014.

Attempt to Commit Manslaughter under § 1113 requires specific intent to commit the offense of Manslaughter under § 1112—that is, to commit all of the elements of manslaughter, the first of which is to kill the decedent. *See* § 1112(a) ("Manslaughter is the unlawful killing of a human being without malice.").[2] One who has that intent, and otherwise satisfies the applicable elements of attempt, is guilty of Attempt to Commit Manslaughter (or, as it is currently referred to in the draft charge in this case, Attempt to Commit Voluntary Manslaughter), which is the only offense specified under § 1113.

Involuntary Manslaughter, on the other hand, is an *unintentional* killing: an unlawful killing of a human being, but without intent to kill.[3] It is logically impossible, however, to intend to commit an unintentional (or negligent) killing. As one U.S. District Court explained in 2013, "There is no crime of attempted voluntary manslaughter. An attempt requires a specific intent and, thus, attempted involuntary manslaughter would be a contradiction in terms." *Wooten v. Haws*, No. 1:10-cf-00717-LJO-JLT, 2013 WL 943136, at *9 (E.D. Cal. Mar. 11, 2013) (citation omitted). Another recently explained, "[A]n 'attempt' to commit involuntary manslaughter would require that the defendant intend to perpetrate an unintentional killing—a logical impossibility." *McDowell v. Biter*, No. CV 12-2457 GAF(JC), 2014 WL 3362689, at 12 n.14 (C.D. Cal. July 2, 2014) (citing California cases).[4]

---

[2] *See also United States v. Alexander*, 471 F.2d 923, 947 (D.C. Cir. 1972) (first element of manslaughter is that defendant have killed the decedent); Def. Corr. Prop. Instr. No. 8 (same), *contained in* Court's 8/28/2014 Draft Instrs. at 22.

[3] *See* Gov. Prop. Instr., Involuntary Manslaughter, first two elements (requiring unlawful killing of victim, but without intent to kill), *contained in* Court's 8/28/2014 Draft Instrs. at 31; *see also* Aug. 26, 2014 PM Tr. 78 (government arguing that involuntary manslaughter "requires the same physical act as voluntary manslaughter, but the requisite mental state is reduced to gross or criminal negligence").

[4] *See also United States v. Roa*, 12 M.J. 210, 213 (U.S. Ct. Mil. App. 1982) ("[S]ince an attempt requires a specific intent, there can be no 'attempt' to commit involuntary manslaughter

(Continued …)

In *Braxton v. United States*, 500 U.S. 344 (1991), the question was whether a defendant's plea proffer established the offense of attempting to kill U.S. marshals under 18 U.S.C. 1114, which required intent to kill them. *See id.* at 349-50, 350-51. The Supreme Court ruled that "[a]lthough a murder may be committed without an intent to kill, *an attempt to commit murder requires a specific intent to kill.*" *Id.* at 351 n.* (quoting 4 C. Torcia, Wharton's Criminal Law § 743, at 572 (4th ed. 1981) (emphasis added), and citing R. Perkins & R. Boyce, *Criminal Law* 637 (3d ed. 1982); W. LaFave & A. Scott, *Criminal Law* 428-29 (1972)).[5] The same is true of manslaughter. Indeed, the attempt statute charged here, § 1113, makes no distinction between attempt to commit murder and attempt to commit manslaughter. Because attempt to commit manslaughter under § 1113 requires intent to kill, and because it is legally and factually impossible to intend to commit an unintentional killing, it is legally and factually impossible to commit the offense of attempt to commit involuntary manslaughter.

Accordingly, for Counts Fifteen through Thirty-Two, charging Attempt to Commit Manslaughter under § 1113, the Court should instruct only on Attempt to Commit Voluntary Manslaughter. It would be legal error to instruct on Attempt to Commit Involuntary Manslaughter, a specific intent crime that does not legally exist.

---

'by culpable negligence.'"); *United States v. Locke*, 16 M.J. 763, 765 n.3 (U.S. Army Ct. Mil. Rev. 1983) (same); *People v. Jackson*, 370 N.Y.S.2d 739, 740 (N.Y. App. Div. 1975) (same); *United States v. Lakey*, 4 C.M.R. 837, 840 n.3, 1952 WL 2862 (U.S.A.F. Bd. Rev. May 21, 1952) ("[A]n attempt to commit an offense is necessarily included in an offense charged unless the offense charged is itself an attempt . . . or unless the offense charged is one *which is incapable of being intentionally committed (such as involuntary manslaughter).*") (emphasis added; citation omitted).

[5] *Accord United States v. Kwong*, 14 F.3d 189, 194-95 (2d Cir. 1994) (reversing conviction for attempt to murder prosecutor under § 1114, and remanding for new trial, where jury instruction on attempt to commit murder instructed on "reckless and wanton conduct . . . which grossly deviated from a reasonable standard of care such that he was aware of risk of death," rather than on specific "intent to kill").

\* \* \*

The legal instructions that should be deleted from the most recent iteration of the draft charge are the Government's Proposed Instruction on Attempt to Commit Involuntary Manslaughter (pages 30-31 of the Court's Aug. 28, 2014 PM draft, and pages 31-32 of Defendants' Sept. 1, 2014 markup of that draft), as well as the "Order of Considering Charges" instruction inserted on page 31 of Defendants' September 1, 2014 markup.

Respectfully submitted,

| | |
|---|---|
| /s/ *Brian M. Heberlig* | /s/ *Thomas G. Connolly* |
| Brian M. Heberlig (No. 455381) | Thomas G. Connolly (No. 420416) |
| Michael J. Baratz (No. 480607) | Steven A. Fredley (No. 484794) |
| Bruce C. Bishop (No. 437225) | Jared P. Marx (No. 1008934) |
| Linda C. Bailey (No. 985081) | Anne K. Langer (No. 501389) |
| Scott P. Armstrong (No. 993851) | Harris Wiltshire & Grannis LLP |
| Steptoe & Johnson LLP | 1200 Eighteenth Street N.W., |
| 1330 Connecticut Ave. N.W. | Suite 1200 |
| Washington, D.C.  20036 | Washington, D.C. 20036 |
| (202) 429-3000 | (202) 730-1300 |
| *Counsel for Defendant Paul A. Slough* | *Counsel for Defendant Nicholas A. Slatten* |
| | |
| /s/ *William Coffield* | /s/ *David Schertler* |
| William Coffield (No. 431126) | David Schertler (No. 367203) |
| Coffield Law Group LLP | Janet Foster (*pro hac vice*) |
| 1330 Connecticut Ave. N.W. Suite 220 | Schertler & Onorato, LLP |
| Washington, D.C.  20036 | 575 7th Street, N.W. – Suite 300 South |
| (202) 429-4799 | Washington, D.C.  20004 |
| *Counsel for Defendant Evan S. Liberty* | (202) 628-4199 |
| | *Counsel for Defendant Dustin L. Heard* |

Dated:  September 1, 2014

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of September 2014, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which caused the pleading to be served electronically on the following counsel:

Anthony Asuncion, AUSA
T. Patrick Martin, AUSA
Christopher Kavanagh, AUSA
United States Attorney's Office
 for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530


      /s/ Bruce C. Bishop