UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
OCT 21 2014
Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA

vs.  Criminal Action No. 08-360, 14-107

SLOUGH, LIBERTY, HEARD, SLATTEN

### JURY NOTES

We have read (once now over) the jury instructions p. 29-33 and need further clarification on the definition of what exactly is a "destructive device" per US Code:

Is an M-4 a "destructive device" yes or no?

Is an M203 a "destructive device" yes or no?

Is a M240 a "destructive device" yes or no?

_____
Foreperson

_____
Date

_____
Time

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 21 2014

Clerk, U S District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA

vs.  Criminal Action No.08-360, 14-107

SLOUGH, LIBERTY, HEARD, SLATTEN

## JURY NOTES

If we come to a deadlock, what do we do?

per page 12 last line:

If we are unanimous on counts, what do we do? Can we present them now?

We need clean verdict forms.

_____  Foreperson

_____
Date

_____
Time


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 21 2014
Clerk, U S District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>PAUL A. SLOUGH, )<br>EVAN S. LIBERTY, and )<br>DUSTIN L. HEARD, )<br>)<br>Defendants. ) | Criminal No. 08-360 (RCL) |
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>NICHOLAS A. SLATTEN, )<br>)<br>Defendant. ) | Criminal No. 14-107 (RCL) |

## RESPONSE TO JURY NOTES

The Court is in receipt of your two notes from today.

Your first note inquires as to whether an M4, M203 or M240 is a "destructive device" pursuant to 18 U.S.C. § 924—the statute that is outlined on pages 29-33 of the Jury Instructions. While the Court shall instruct the jury on the law governing a particular case, it is the jury that must apply the law to the facts of that case. Here, the government does not contend that the M4 or the M240 are "destructive devices." Therefore, it is up to the jury to decide if the M203 is a "destructive device" under the statutory definition. Section 921(a)(4) reads as follows:

> (4) The term "destructive device" means—
>> (A) any explosive, incendiary, or poison gas—
>>> (i) bomb,
>>> (ii) grenade,
>>> (iii) rocket having a propellant charge of more than four ounces,
>>> (iv) missile having an explosive or incendiary charge of more than one-quarter ounce,
>>> (v) mine, or
>>> (vi) device similar to any of the devices described in the preceding clauses.

Given the jury's notes of today and yesterday seeking further clarification regarding the statute underlying Count 33 of the indictment, the Court advises the jury to note that the last line on page 32 of the Jury Instructions states that the relevant provision of the statute governing the use or discharge of a firearm during a crime of violence applies to "a machine gun <u>or</u> a destructive device"—and not only to a destructive device.

As to your second note regarding the return of a verdict, if the jury is unanimous as to any count and any defendant, the jury may return a verdict as to that count and that defendant at any time, including now.  <u>If</u> the jury reaches a deadlock, the jury can so advise the Court, and the Court will provide further instruction at that time.

_____10/21/14_____
Date    3:00 p.m.

_____
ROYCE C. LAMBERTH
United States District Judge