**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Cr. No. 08-360 (RCL)**[1] |
| **v.** | : | |
| **PAUL ALVIN SLOUGH,**<br>**EVAN SHAWN LIBERTY, and**<br>**DUSTIN LAURENT HEARD,** | : | |
| **Defendants.** | : | |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Cr. No. 14-107 (RCL)** |
| **v.** | : | |
| **NICHOLAS SLATTEN,** | : | |
| **Defendant.** | : | |

## GOVERNMENT'S RESTITUTION SUBMISSION

The government hereby submits the following regarding restitution for the victims and their families in this case:

### I. Introduction.

Pursuant to the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, the government is submitting the claims for restitution that we have received from the victims and their families in this case. The underlying documentation for these claims is submitted as Exhibit 1, and information regarding relevant Iraqi cultural norms is submitted as Exhibit 2.

---

[1] On May 12, 2014, the Court granted the government's motion to join this case with *United States v. Nicholas Abram Slatten*, Crim. No. 14-107 (RCL) [Dkt #434]. This memorandum is intended to be filed in the two joined cases, and the government is filing a notice to that effect in Crim. No. 14-107.

## II. Governing Law.

Under the CVRA, a crime victim has the "right to full and timely restitution as provided in law." 18 U.S.C. § 3771(a)(6). The Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, requires the sentencing court to order restitution to the victims of defendants who are convicted of certain enumerated crimes. *See* 18 U.S.C. § 3663A(a)(1). In particular, the MVRA makes restitution a mandatory part of the sentence for a defendant convicted of a crime of violence as defined in 18 U.S.C. § 16, in which an identifiable victim or victims has suffered a physical injury or pecuniary loss. 18 U.S.C. § 3663A(c)(1)(A).

Here, the crimes of First Degree Murder, Voluntary Manslaughter, and Attempt to Commit Manslaughter are "crimes of violence," as defined by 18 U.S.C. § 16. *Compare* 18 U.S.C. § 16(a) (providing that a "crime of violence" means "an offense that has as an element the use, attempted use, or threatened use of physical force against the person . . .") *with* 18 U.S.C. §§ 1111 and 1112 (setting forth statutory language of offenses and elements). In addition, each of the First Degree Murder, Voluntary Manslaughter, and Attempt to Commit Manslaughter counts on which the defendants were convicted relates to an identifiable victim who suffered death or physical injury, and many such victims also suffered pecuniary loss as well.

The MVRA requires that "[i]n each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). In addition, "[i]n no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution." 18 U.S.C. § 3664(f)(1)(B). Under the MVRA, the Court

should consider the defendants' financial circumstances only in specifying the manner and schedule of payments. *See* 18 U.S.C. § 3664(f)(2). The purpose of the MVRA is, "to the extent possible, to make victims whole, to fully compensate victims for their losses, and to restore victims to their original state of well-being." *United States v. Smith*, 297 F. Supp. 69, 72 (D.D.C. 2003) (citing *United States v. Simmonds*, 235 F.3d 826, 831 (3d Cir. 2000)). Moreover, the MVRA instructs the Court to assess the victim's restitution based on the amount of actual loss that the defendant has caused to the victim. *Id.* (citations omitted). In calculating the amount, a sentencing court is not held to a standard of absolute precision. *United States v. Innarelli*, 524 F.3d 286, 294 (1st Cir. 2008). A "modicum of reliable evidence" will suffice. *United States v. Vaknin*, 112 F.3d 579, 587 (1st Cir. 1997).

**III. Victims and Families of Victims Requesting Restitution.**

The following victims and families of victims have requested restitution: (1) Mohamed Abbas Mahmoud and Qasim Mohamed Abbas Mahmoud – Counts 5 and 6 ($22,636.56 for funeral expenses and automotive expenses), (2) Sa'Aid Ali Abbas Alkarkh – Count 7 ($480,500 for funeral expenses, lost salary, and automotive expenses), (3) Majed Salman Abdell Kareem Al-Gharbawi – Count 15 ($35,000 for medical expenses), (4) Haydar Ahmed Rabie Hussain Al-Khafaji – Count 18 ($73,000 for lost income), (5) Jassim Mohammad Hashim – Count 30 ($65,892.92 for medical expenses), and (6) Sami Hawa Hamud Al-Sabahin – Count 32 ($44,545.49 for medical expenses).[2] We are submitting to the Court all receipts and other documentation that we have received from the victims and their families. *See* Exhibit 1.

[2] As part of the process of obtaining Victim Impact Statements, the government asked those victims and families who had suffered a financial loss to submit information and documentation regarding their losses, and those submissions are now being presented to the Court in Exhibit 1.

Additionally, we are submitting background information regarding Iraqi cultural norms regarding funerals and financial record keeping. *See* Exhibit 2.

**IV. Conclusion.**

The government submits the foregoing requests for restitution.

Respectfully submitted,

__________/s/_______________

T. Patrick Martin
Special Assistant United States Attorney
D.C. Bar Number 471965
Thomas.Martin@usdoj.gov

Anthony Asuncion
Special Assistant United States Attorney
D.C. Bar Number 420822
Anthony.Asuncion@usdoj.gov

Christopher Kavanaugh
Special Assistant United States Attorney
VA Bar Number 73093
Christopher.Kavanaugh@usdoj.gov

John Crabb Jr.
Assistant United States Attorney
N.Y. Bar No. 2367670
John.D.Crabb@usdoj.gov

David Mudd
Assistant United States Attorney
D.C. Bar No. 995154
David.Mudd2@usdoj.gov

United States Attorney's Office
National Security Section
555 4th Street, N.W., 11th Floor
Washington, D.C. 20530