IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Cr. No. 08-360 (RCL) |
| | : | |
| v. | : | |
| | : | |
| PAUL ALVIN SLOUGH | : | |
| EVAN SHAWN LIBERTY | : | |
| DUSTIN LAURENT HEARD | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION FOR SUBPOENA PURSUANT TO
FEDERAL RULE OF CRIMINAL PROCEDURE 17(c)**

Defendants Paul A. Slough, Evan S. Liberty, and Dustin L. Heard (collectively "Defendants") hereby respectfully move this Court to issue a subpoena *duces tecum* to Susan Burke, Esq. pursuant to Federal Rule of Criminal Procedure 17(c). A copy of the subpoena is attached hereto as Exhibit A.

**I.   Introduction**

At the April 13, 2015, sentencing in this case, the Court deferred a determination of restitution and ordered the parties to confer and propose a schedule for briefing the issue, which they did (Dkt. 768). On May 26 and June 23, 2015, respectively, the Government filed its Restitution Submission (Dkt. 775) and Restitution Supplement (Dkt. 778) seeking various amounts in restitution to certain victims and families of victims.

Defendants will, by July 3, 2015, file their opposition to the Government's Restitution Submission and Supplement. In their forthcoming opposition, Defendants intend to ask this Court to reduce any restitution order by subtracting any amounts already paid through civil

1

settlement to the pertinent victims for the same losses. *See* 18 U.S.C. §3664(j)(2). It is Defendants' belief and understanding that most, if not all, of the victims for whom the Government is seeking restitution received civil settlements from Blackwater for the same losses arising out of the same incident as this case. *See Estate of Himoud Saed Abtan v. Blackwater Lodge & Training Ctr., Inc.*, Case No. 1:07-CV-01831 (D.D.C.) (case includes as plaintiffs Sami Hawas Hamood and Haider Ahmad Rabe'a, and Hassan Jabar Salman); *In Re: Blackwater Alien Tort Claims Act Litigation* (E.D. Va.), Case Nos. 1:09-cv-617 and 1:09cv1048 (case includes as plaintiffs Mohamed Abbas Mahmoud, Qasim Mohamed Abbas Mahmoud, Sami Hawas Hamood, Haider Ahmad Rabe'a, Jassim Mohammad Jassim, Hassan Jabar Salman, and Sa'aidi Ali Abbas Hussein). *See also* BWTT_00259, FBI Form 302, in which Haydar Ahmad Rabie Hussain Al-Khafaji reported that he received a particular amount in civil settlement from Blackwater; BWTT_000678, FBI Form 302, in which Majed Salman Abdell Kareen Al-Gharbawi reported that he received a particular amount in civil settlement from Blackwater; BWTT_000688, FBI Form 302, in which Hassan Jabar Salman reported that he received a particular amount in civil settlement from Blackwater.

The amounts that the victims received via the Blackwater civil settlements are, however, confidential. Defendants have attempted to obtain the relevant information through out-of-court negotiation with Blackwater and Ms. Burke, the attorney who represented the victims in the civil suits.[1] Ms. Burke possesses the information and is willing to provide it, but does not believe she can do so without a subpoena. Defendants therefore seek an order from this Court issuing a subpoena pursuant to Rule 17(c) so they may obtain the confidential information that is directly

---

[1] Defendants also sought this information from the Government, which declined to provide the information.

relevant to the restitution issue. (Assuming this motion is granted, Defendants intend to maintain the confidentiality of the information, including by filing on the record only redacted versions of any documents containing the information.[2])

## II. Legal Framework

### A. The Mandatory Victim Restitution Act

The purpose of the Mandatory Victim Restitution Act ("MVRA") is to make a victim whole for his or her losses. *United States v. Fair*, 699 F.3d 508, 512 (D.C. Cir. 2012). "Its authorization is accordingly limited to the actual, provable loss suffered by the victim and caused by the offense conduct." *Id*. Restitution may not be awarded in excess of the victim's actual loss. *Id.*; *United States v. Smith*, 297 F. Supp. 2d 69, 72 (D.D.C. 2003).

By the same accord, the restitution statute does not authorize double recovery. *See, e.g., Smith*, 297 F. Supp. 2d at 72 (collecting cases from First, Second, Third, Seventh, and Eighth Circuits prohibiting double recovery).[3] "[T]o assure that the victim does not receive double damages," the federal restitution statute has long contained provisions that a civil recovery for the same loss will offset a restitution award. S. Rep. 97-291, at 32 (1982) (Judiciary Committee Report on Victim and Witness Protection Act of 1982).

The current version of this provision in the MVRA provides that "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in (A) any Federal civil proceeding. . . ." 18 U.S.C. § 3664(j)(2). "'The purpose of § 3664(j)(2) is to prevent double recovery by a

---

[2] Defendants will file complete versions of any such documents under seal.
[3] *See also United States v. Mason*, 41 Fed. Appx. 612, 621 (4th Cir. 2002); *United States v. Stanley*, 309 F.3d 611, 613 (9th Cir. 2002); *United States v. Bearden*, 274 F.3d 1031, 1041 (6th Cir. 2001); *United States v. Sheinbaum*, 136 F.3d 443, 449 (5th Cir. 1998).

victim.'" *Stanley*, 309 F.3d at 613 (citations omitted); *accord* S. Rep. 104-179, at 21 (1995) ("The purpose of this provision, like its predecessor in current law, is to ensure that the victim is not compensated twice for the same loss.").

Thus, under the MVRA, a court will order that a defendant owes restitution in the full amount of a victim's loss, §3664(f)(1)(A), but to avoid double recovery, it will then reduce that total amount by any amounts paid through civil settlement to the same victim for the same losses. *See* § 3664(j)(2); *Sheinbaum*, 136 F.3d at 449 ("Of course, to avoid double-counting, a district court must reduce the size of its restitution order by any amount received by the victim as part of a civil settlement.") (citing § 3664(j)(2)); *Stanley*, 309 F.3d at 613 ("[W]hen other parties have paid civil damages for the same loss for which a defendant is liable, the calculation of the amount of restitution remaining is a two-step process. First, the court ascertains the full amount of the victim's loss. . . . The court then subtracts the amount paid by the other parties.").[4]

---

[4] Two other judges of this Court have stated that § 3664(j)(2) applies only to compensatory damages a victim recovers after the district court enters its restitution order. *See United States v. Banks*, 62 F. Supp. 3d 125, 131 (D.D.C. 2014) (Bates, J.); *United States v. Smith*, 297 F. Supp. 2d 69, 73 (D.D.C. 2003) (Urbina, J.). Both *Banks* and *Smith* nonetheless ruled that a district court can allow the total amount of restitution to be offset by the amount of the victim's previous compensation under the general principle against double recovery. *See Banks*, 62 F. Supp. 3d at 132 ("Thomas too settled with the District of Columbia before his sentencing, but he informed the Court of that relevant detail at the time of his sentencing. As a result, the Court . . . ordered that Thomas owed restitution in an amount reflecting the District's full loss, but that his payments made under the settlement agreement prior to sentencing would be credited towards that amount."); *Smith*, 297 F. Supp. 2d at 72 (granting defendants' motion to apply the amount of a remitted forfeiture award to their restitution obligation, even where the forfeiture remittance preceded entry of the restitution order). Such offset is necessary to prevent double recovery. *See Mason*, 41 Fed. Appx. at 621 ("Although Mason's settlement payments to Gibbs occurred before rather than after the restitution order, the logic of the statute surely implies that restitution is not warranted when the victim has already been fully compensated for his loss."); *Smith*, 297 F. Supp. 2d at 72 ("If the court were to forbid the requested offset, it would essentially be ordering the defendants to pay [the victim] an amount above and beyond their monetary loss . . . .").

### B. Federal Rule of Criminal Procedure 17(c)

Federal Rule of Criminal Procedure 17(c) provides in full as follows:

(1) *In General.* A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) *Quashing or Modifying the Subpoena.* On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

(3) *Subpoena for Personal or Confidential Information About a Victim.* After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

A party requesting documents pursuant to Rule 17(c) must satisfy the standard set forth in *United States v. Nixon*, 418 U.S. 683, 700 (1974): (a) relevancy, (b) admissibility, and (c) specificity. *See United States v. Dixon*, 486 F. Supp. 2d 40, 43 (D.D.C. 2007). Rule 17 subpoenas are available for post-trial and sentencing motions so long as they are not used as a fishing expedition but are instead tailored to procure relevant, necessary information that is not otherwise obtainable through reasonable due diligence. *United States v. Winner*, 641 F.2d 825, 833 (10th Cir. 1981). *See also United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010) (same); *United States v. Reid*, 2011 U.S. Dist. LEXIS 123554, at *6-7 (E.D. Mich. Oct. 26, 2011) (same and listing cases holding same).

### III.  Argument

In this case, the subpoena (Ex. A) satisfies Rule 17(c)'s standards. As mentioned above, Defendants intend to ask this Court in their forthcoming opposition to reduce any restitution

order by subtracting from the total amount any amounts already paid through civil settlement to victims for the same losses pursuant to §3664(j)(2). Offsetting the restitution order with such amounts will avoid double recovery as set forth in the authorities cited above. The amounts paid to the pertinent victims in the Blackwater civil settlements are therefore directly relevant to the restitution issue and are admissible to help this Court determine allowable offsets under §3664(j)(2).

The subpoena is not a fishing expedition but is instead specifically tailored to seek only the amounts received via Blackwater civil settlements by the victims listed in the Government's Restitution Submission and Supplement. As mentioned, Defendants attempted to obtain the confidential information through out-of-court negotiations with Blackwater and Ms. Burke. Because the information is confidential and only in the hands of Ms. Burke and the victims, Defendants have no way to obtain the information absent a court-ordered subpoena. *See* Fed. R. Crim. P. 17(c)(3) (court may order "a subpoena requiring the production of personal or confidential information about a victim" to be served on a third party).

As set forth in the attached Certificate of Service, Defendants have given notice to the pertinent victims through their counsel, Ms. Burke, pursuant to Rule 17(c)(3).

## IV. Conclusion

For all the foregoing reasons, Defendants respectfully request this Court to grant the relief requested herein.

DATED:     June 25, 2015                                Respectfully submitted,


/s/ David Schertler                                      /s/ Brian M. Heberlig
David Schertler (No. 367203)                             Brian M. Heberlig (No. 455381)
Danny Onorato (No. 480043)                               Michael J. Baratz (No. 480607)
Lisa H. Schertler (No. 430754)                           Bruce C. Bishop (No. 437225)
Janet Foster (Admitted *Pro Hac Vice*)                   Linda C. Bailey (No. 985081)
SCHERTLER & ONORATO, L.L.P.                              Scott P. Armstrong (No. 993851)
575 7th Street, N.W., Suite 300 South                    STEPTOE & JOHNSON, LLP
Washington, D.C. 20004                                   1330 Connecticut Avenue, N.W.
Telephone: (202) 628-4199                                Washington, D.C. 20036-1795
*Counsel for Defendant Dustin L. Heard*                  Telephone: (202) 429-3000
                                                         *Counsel for Defendant Paul A. Slough*


                                                         /s/ William Coffield
                                                         William Coffield (No. 431126)
                                                         BERLINER CORCORAN & ROWE LLP
                                                         1101 17th Street NW, Suite 1100
                                                         Washington, D.C. 20036
                                                         Telephone: (202) 293-5555
                                                         *Counsel for Defendant Evan S. Liberty*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 25th day of June 2015, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which caused the pleading to be served electronically on the following counsel:

Anthony Asuncion, AUSA
Thomas Patrick Martin, AUSA
John Crabb, Jr., AUSA
United States Attorney's Office
for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530


I also certify that I served the foregoing via electronic mail and USPS First Class mail on the following individual:

  Susan L. Burke, Esq.
  Burke PLLC
  1000 Potomac Street NW, Suite 150
  Washington, DC 20007
  sburke@burkepllc.com


                /s/ William F. Coffield