## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Cr. No. 08-360 (RCL)**[1] |
| | : | |
| **v.** | : | |
| | : | |
| **PAUL ALVIN SLOUGH,** | : | |
| **EVAN SHAWN LIBERTY, and** | : | |
| **DUSTIN LAURENT HEARD,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Cr. No. 14-107 (RCL)** |
| | : | |
| **v.** | : | |
| | : | |
| **NICHOLAS SLATTEN,** | : | |
| | : | |
| | : | |
| **Defendant.** | | |

**GOVERNMENT'S REPLY TO DEFENDANTS' OPPOSITION TO RESTITUTION**

The government hereby submits the following reply to the defendants' opposition to restitution [Dkt. #781]:

**I.      Introduction.**

Pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, the government submitted claims for restitution for the victims and their families.  [Dkt. # 775].  The

---

[1]      On May 12, 2014, the Court granted the government's motion to join this case with *United States v. Nicholas Abram Slatten*, Crim. No, 14-107 (RCL) [Dkt #434].  This memorandum is intended to be filed in the two joined cases, and the government is filing a notice to that effect in Crim. No. 14-107.

We note that defendant Slatten has not filed an opposition.  To the extent he may contend that he is not obligated to pay restitution related to victims outside his count of conviction, he is wrong.  *See United States v. Brown*, 665 F.3d 1239, 1252-53 (11th Cir. 2011) ("Courts have agreed that, in light of the expanded statutory language, restitution orders for conduct closely related to the offense of conviction are appropriate under either § 3663 or § 3663A(a)(2), in addition to the specific conduct for which the defendant was convicted.").

defendants have challenged the claims on both legal and factual grounds.  First, the defendants'

legal challenges are baseless:  (1) the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), does

not apply to restitution, and (2) restitution is mandatory in this case, 18 U.S.C. § 3663A(c)(1)(A).

Second, it is not feasible to address the defendants' numerous factual challenges in the time

allotted for this reply or by the date of the restitution hearing set for July 13, 2015.   As the

defendants note [Dkt. # 781 at 16-17 n. 8], however, the Supreme Court has held that the

sentencing Court retains the power to determine the amount of restitution even after the statutory

deadline of 90 days after imposition of sentence, where, as here, the Court has made clear prior

to the deadline's expiration that it will order restitution.  Accordingly, to the extent that the Court

deems a response to the defendants' factual challenges necessary to determine the amount of

restitution, the government asks that the Court afford the government 75 additional days for a

response.

## II.    An order of restitution would not violate the rule of *Apprendi* and is mandatory in this case.

The defendants contend that *Apprendi,* 530 U.S. 466, 490, which held that, "[o]ther than

the fact of a prior conviction, any fact that increases the penalty for a crime beyond the

prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable

doubt," applies to the calculation of restitution.   [Dkt. #781 at 10-14]  Defendants argue that

*Southern Union Co. v. United States*, 132 S. Ct. 2344 (2012), which held that facts increasing a

criminal fine above the statutory maximum should be found by a jury, and *Alleyne v. United*

*States*, 133 S. Ct. 2151 (2013), which held that facts increasing a mandatory minimum sentence

should be found by a jury, indicate that *Apprendi* applies to restitution.  Defendants are incorrect.

In *Apprendi*, the Supreme Court held that any fact other than a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum must be proved beyond a reasonable doubt and found by a jury.  530 U.S. at 490; *see also United States v. Cotton*, 535 U.S. 625, 627 (2002) (making clear that, in a federal prosecution, "such facts must also be charged in the indictment").  The "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (emphasis omitted).

Here, the government is requesting that the defendants be ordered to pay restitution pursuant to the MVRA.  The MVRA provides that, "when sentencing a defendant convicted of an offense described in subsection (c)," which includes the crimes for which the defendants were convicted, "the court shall order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense." 18 U.S.C. 3663A(a)(1); *see also* 18 U.S.C. 3663A(c)(1)(A)(ii).  The MVRA requires that restitution be ordered "in the full amount of each victim's losses."  18 U.S.C. 3664(f )(1)(A); *see* 18 U.S.C. 3663A(d) ("An order of restitution under this section shall be issued and enforced in accordance with section 3664."); *see also* 18 U.S.C. 3663A(b)(1) (restitution order shall require return of property or payment of an amount equal to the value of lost or destroyed property).

By requiring restitution of a specific sum—"the full amount of each victim's losses"— rather than prescribing a maximum amount that may be ordered, the MVRA establishes an indeterminate framework.  18 U.S.C. 3664(f )(1)(A); *see, e.g.*, *United States v. Day*, 700 F.3d 713, 732 (4th Cir. 2012) ("Critically, . . . there is no prescribed statutory maximum in the

restitution context; the amount of restitution that a court may order is instead indeterminate and varies based on the amount of damage and injury caused by the offense."); *United States v. Reifler*, 446 F.3d 65, 118-120 (2d Cir. 2006) (the MVRA "is an indeterminate system") (citing cases). Thus, when a sentencing court determines the amount of the victim's loss, it "is merely giving definite shape to the restitution penalty [that is] born out of the conviction," not "imposing a punishment beyond that authorized by jury-found or admitted facts." *United States v. Leahy*, 438 F.3d 328, 337 (3d Cir. 2006) (*en banc*).

Moreover, while restitution is imposed as part of a defendant's criminal conviction, *Pasquantino v. United States*, 544 U.S. 349, 365 (2005), "[r]estitution is, at its essence, a restorative remedy that compensates victims for economic losses suffered as a result of a defendant's criminal conduct." *Leahy*, 438 F.3d at 338. "The purpose of restitution under the MVRA . . . is . . . to make the victim[] whole again by restoring to him or her the value of the losses suffered as a result of the defendant's crime." *United States v. Hunter*, 618 F.3d 1062, 1064 (9th Cir. 2010) (citation and internal quotation marks omitted; brackets in original). In that additional sense, restitution "does not transform a defendant's punishment into something more severe than that authorized by pleading to, or being convicted of, the crime charged." *Leahy*, 438 F.3d at 338.

Every court of appeals to have considered the question has held that the rule of *Apprendi* does not apply to restitution, whether ordered under the MVRA or the other primary federal restitution statute, the Victim and Witness Protection Act of 1982, 18 U.S.C. 3663. *See, e.g.*, *United States v. Rosbottom*, 763 F.3d 408, 420 (5th Cir. 2014); *Day*, 700 F.3d at 732 (4th Cir.); *United States v. Brock-Davis*, 504 F.3d 991, 994 n.1 (9th Cir. 2007); *United States v. Milkiewicz*,

470 F.3d 390, 403-404 (1st Cir. 2006); *Reifler*, 446 F.3d at 114-120 (2d Cir.); *United States v. Williams*, 445 F.3d 1302, 1310-1311 (11th Cir. 2006), abrogated on other grounds by *United States v. Lewis*, 492 F.3d 1219, 1221-1222 (11th Cir. 2007) (*en banc*); *Leahy*, 438 F.3d at 337-338 (3d Cir.); *United States v. Visinaiz*, 428 F.3d 1300, 1316 (10th Cir. 2005); *United States v. Carruth*, 418 F.3d 900, 902-904 (8th Cir. 2005); *United States v. George*, 403 F.3d 470, 473 (7th Cir.).

Those courts have relied primarily on the absence of a statutory maximum for restitution in concluding that, when the court fixes the amount of restitution based on the victim's losses, it is not increasing the punishment beyond that authorized by the conviction. *See, e.g.*, *Leahy*, 438 F.3d at 337 n.11 ("the jury's verdict automatically triggers restitution in the 'full amount of each victim's losses' ") (quoting 18 U.S.C. 3664(f)(1)(A)). Some courts have additionally reasoned that "restitution is not a penalty for a crime for *Apprendi* purposes," or that, even if restitution is criminal, its compensatory purpose distinguishes it from purely punitive measures. *United States v. LaGrou Distrib. Sys., Inc.*, 466 F.3d 585, 593 (7th Cir. 2006); *see Visinaiz*, 428 F.3d at 1316; *Carruth*, 418 F.3d at 904; *see also Leahy*, 438 F.3d at 338.

The Supreme Court's holding in *Southern Union* that "the rule of *Apprendi* applies to the imposition of criminal fines," 132 S. Ct. at 2357, does not undermine the uniform line of precedent holding that restitution is not subject to *Apprendi*. In *Southern Union*, the defendant company was charged with violating the Resource Conservation and Recovery Act of 1976 (RCRA), 42 U.S.C. 6928(d), by storing liquid mercury without a permit for 762 days. 132 S. Ct. at 2349. Violations of RCRA were punishable by a fine of up to $50,000 for each day of violation. 42 U.S.C. 6928(d)(7). Although the jury was not asked to determine the length of the

violation, the district court concluded from the verdict and the evidence that the jury had found a 762-day violation, making the statutory maximum fine $38.1 million. *Southern Union*, 132 S. Ct. at 2349. The court imposed a $6 million fine, well above the $50,000 that the defendant argued was the maximum necessarily supported by the jury's verdict. *Id.*

In holding that the fine violated the Sixth Amendment, the Supreme Court explained that criminal fines, like imprisonment or death, "are penalties inflicted by the sovereign for the commission of offenses." *Southern Union*, 132 S. Ct. at 2350. Observing that, "[i]n stating *Apprendi's* rule, [it] ha[d] never distinguished one form of punishment from another," *id.* at 2351, the Supreme Court concluded that criminal fines equally implicate "*Apprendi's* 'core concern' [of ] reserv[ing] to the jury 'the determination of facts that warrant punishment for a specific statutory offense,'" *id.* at 2350 (quoting *Oregon v. Ice*, 555 U.S. 160, 170 (2009)). The Supreme Court also examined the historical record, explaining that "the scope of the constitutional jury right must be informed by the historical role of the jury at common law." *Id.* at 2353 (quoting *Ice*, 555 U.S. at 170). Finding that "English juries were required to find facts that determined the authorized pecuniary punishment," and that "the predominant practice" in early America was for facts that determined the amount of a fine "to be alleged in the indictment and proved to the jury," the Supreme Court concluded that the historical record "support[ed] applying *Apprendi* to criminal fines." *Id.* at 2353-2354.

Contrary to the defendants' argument, *Southern Union* does not require applying *Apprendi* to restitution. In *Southern Union*, the Supreme Court considered only criminal fines, which are "undeniably" imposed as criminal penalties in order to punish illegal conduct, 132 S. Ct. at 2351, and it held only that such fines are subject to *Apprendi*. *Id.* at 2357. The Court had

no occasion to, and did not, address restitution, which has compensatory and remedial purposes that fines do not, and which is imposed pursuant to an indeterminate scheme that lacks a statutory maximum. Indeed, *Southern Union* supports distinguishing restitution under the MVRA from the type of sentences subject to *Apprendi* because, in acknowledging that many fines during the founding era were not subject to concrete caps, the Court reaffirmed that there cannot "be an *Apprendi* violation where no maximum is prescribed." *Id.* at 2353. Unlike the statute in *Southern Union*, which prescribed a $50,000 maximum fine for each day of violation, the MVRA sets no maximum amount of restitution, but rather requires that restitution be ordered in the total amount of the victims' losses. 18 U.S.C. 3663A(b)(1) and (d), 3664(f )(1)(A); *see Day*, 700 F.3d at 732 (stating that, "in *Southern Union* itself, the *Apprendi* issue was triggered by the fact that the district court imposed a fine in excess of the statutory maximum that applied in that case," and distinguishing restitution on the ground that it is not subject to a "prescribed statutory maximum") (emphasis omitted).

Since *Southern Union*, at least five other courts of appeals have addressed in published opinions whether the *Apprendi* rule should be applied to restitution. Each concluded, without dissent, that *Apprendi* does not apply. *See Day*, 700 F.3d at 732 (4th Cir.) (the "logic of *Southern Union* actually reinforces the correctness of the uniform rule adopted in the federal courts" that *Apprendi* does not apply because restitution lacks a statutory maximum); *see also United States v. Bengis*, No. 13-2543, 2015 WL 1726801, at *4-*5 (2d Cir. Apr. 16, 2015); *United States v. Green*, 722 F.3d 1146, 1148-1149 (9th Cir. 2013); *United States v. Wolfe*, 701 F.3d 1206, 1216-1217 (7th Cir. 2012); *United States v. Read*, 710 F.3d 219 (5th Cir. 2012).

Similarly, the Supreme Court's holding in *Alleyne* that *Apprendi* also applies to facts that increase a mandatory minimum because such facts "alter the prescribed range of sentences to which a defendant is exposed and do so in a manner that aggravates the punishment," 133 S. Ct. at 2158, does not undermine the uniform line of precedent holding that restitution is not subject to *Apprendi*.  Restitution under the MVRA does not set a mandatory minimum amount or even a "prescribed range" of amounts that a defendant may be ordered to pay.  Rather, the amount is based on the loss caused to the victim by the defendant.   *Alleyne* is thus inapplicable to restitution.  Since *Alleyne*, every court of appeals to consider whether the decision in *Alleyne* requires that the *Apprendi* rule extend to restitution has concluded that it does not.  *See, e.g., United States v. Roemmele*, 589 Fed. Appx. 470, 470-471 (11th Cir. 2014) (*per curiam*) (rejecting *Alleyne* challenge to restitution); *United States v. Agbebiyi*, 575 Fed. Appx. 624, 632-633 (6th Cir. 2014); *United States v. Basile*, 570 Fed. Appx. 252, 258 (3d Cir. 2014).

Last, the defendants' reliance on *Blakely,* 542 U.S. 296, [Dkt. #781 at 11, 13-14], is similarly misplaced.  In *Blakely*, the Supreme Court held that a state sentencing scheme that authorized a trial court to increase a defendant's sentence of incarceration beyond the statutory maximum on the basis of facts found by the judge violated *Apprendi*.  *Blakely*, 542 U.S. at 303.  Because *Blakely*, like *Apprendi*, involved only a maximum sentence of incarceration, it does not conflict with the court of appeals' holdings cited above as to restitution.

Since restitution does not violate the rule of *Apprendi*, the defendants' argument that restitution is discretionary in this case [Dkt. # 781 at 34] also fails.  The MVRA makes restitution a mandatory part of the sentence for a defendant convicted of a crime of violence as defined in 18 U.S.C. § 16, in which an identifiable victim or victims has suffered a physical

injury or pecuniary loss. 18 U.S.C. § 3663A(c)(1)(A).  Here, the crimes of First Degree Murder, Voluntary Manslaughter, and Attempt to Commit Manslaughter are "crimes of violence," as defined by 18 U.S.C. § 16. Compare 18 U.S.C. § 16(a) (providing that a "crime of violence" means "an offense that has as an element the use, attempted use, or threatened use of physical force against the person . . .") with 18 U.S.C. §§ 1111 and 1112 (setting forth statutory language of offenses and elements).  In addition, each of the First Degree Murder, Voluntary Manslaughter, and Attempt to Commit Manslaughter counts on which the defendants were convicted relates to an identifiable victim who suffered death or physical injury, and many such victims suffered pecuniary loss as well.  *See, e.g.*, *United States v. Fair*, 699 F.3d 508, 512 (D.C. Cir. 2012) ("Federal courts do not have inherent authority to order restitution. A product of the victims' rights movement, the MVRA 18 U.S.C. § 3663A, is unlike other restitution statutes under which the award of restitution is discretionary"); *United States v. Papagno*, 639 F.3d 1093 (D.C. Cir. 2011) (The MVRA's mandatory restitution order applies here because "[t]he subset of crimes subject to mandatory restitution includes certain violent crimes and property crimes.").

### III.     The defendants' factual challenges to restitution.

The defendants have lodged a litany of factual challenges to the government's request for restitution.  *See* Dkt. # 781 at 14-33.[2]  Due to the nature of the defendants' factual challenges and the logistics of this international case, it is not feasible for the government to address these challenges in the time allotted before the scheduled restitution hearing.  To the extent the Court

---

[2]         With respect to the defendants' assertion that the "government has refused to disclose the amounts of the civil recoveries received by the victims" [Dkt. # 781 at 15], we note that, as we explained to the defendants, the government has disclosed all information in our custody regarding civil recoveries.

deems a response to these factual challenges necessary, the government requests that the Court allow the government an additional 75 days for response to those factual challenges.

Title 18 U.S.C. 3664(d)(5) provides that "the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." In *Dolan v. United States*, the Supreme Court held that a sentencing court retains the power to order restitution after the 90-day period, where, as here, "the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." 560 U.S. 605, 620 (2010). Here the Court has made it clear that it intends to order restitution. *See, e.g.*, Sentencing Hearing Transcript dated April 13, 2015, at 148 (ordering defendant Slatten to pay "restitution in an amount to be determined"); at 155 (ordering defendant Slough to pay "restitution joint and several with the co-defendants in the case"); at 156 (ordering defendant Heard to pay "restitution join and several with the co-defendants in this case); and at 156-57 (ordering defendant Liberty to pay "restitution joint and several with the co-defendants in this case"); *see also* defendant Slatten's Judgment [Dkt. #656 at 7]; defendant Slough's Judgment [Dkt. # 759 at 8]; defendant Heard's Judgment [Dkt. # 763 at 8]; and defendant Liberty's Judgment [Dkt. # 761 at 8]. The defendants do not dispute that this Court retains the authority to determine the amount of restitution beyond the 90-day deadline. *See* Dkt. # 781 at 16-17 n. 8.[3]

---

[3] Any delay in setting a restitution amount ought not postpone defendants' appeal of their convictions and sentences. As *Dolan* recognized (though it had no need to explicitly decide the issue), "strong arguments favor the appealability of the initial judgment irrespective of the delay in determining the restitution amount." 560 U.S. at 617; *id.* at 618 (noting cases in which defendants separately appealed the entry of judgment and a later order setting forth the final amount of restitution); *see also United States v. Cheal*, 389 F.3d 35, 51 (1st Cir. 2004) (holding that a sentence that "impose[s] a restitution obligation" is a final, appealable judgment even if it does not specify the amount of restitution).

IV.    **Conclusion.**

The government asks the Court to order that the victims be compensated as appropriate.

Respectfully submitted,

_____/s/_____
T. Patrick Martin
Special Assistant United States Attorney
D.C. Bar Number 471965
Thomas.Martin@usdoj.gov

Anthony Asuncion
Special Assistant United States Attorney
D.C. Bar Number 420822
Anthony.Asuncion@usdoj.gov

Christopher Kavanaugh
Special Assistant United States Attorney
VA Bar Number 73093
Christopher.Kavanaugh@usdoj.gov

John Crabb Jr.
Assistant United States Attorney
N.Y. Bar No. 2367670
John.D.Crabb@usdoj.gov

David Mudd
Assistant United States Attorney
D.C. Bar No. 995154
David.Mudd2@usdoj.gov

United States Attorney's Office
National Security Section
555 4th Street, N.W., 11th Floor
Washington, D.C. 20530